IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) )  Chapter 11 ) |
| PES HOLDINGS, LLC, *et al.*,[1] | )  Case No. 19-11626 (KG) ) |
| Debtors. | )  (Joint Administration Requested) ) ) |
| | )  **Re: Docket No. 5** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO PAY CERTAIN PREPETITION
CLAIMS OF CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to pay certain prepetition Critical Vendor Claims in an amount not to exceed the Critical Vendors Interim Order Cap absent further order of the Court, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on *August 21* 2019, at *10:00* a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on *August 14*, 2019, and shall be served on: (a) proposed counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Steven N. Serajeddini, and Matthew C. Fagen; and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones; (b) counsel to the DIP Lenders, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E. Falk, and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney and Andrew R. Remming; (c) counsel to ICBC Standard Bank Plc; (d) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (e) the Internal Revenue Service, (f) the U.S. Trustee for the District of Delaware, and (g) any other party that has filed a request for notices with the Court. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized to pay or honor prepetition Critical Vendor Claims in an interim amount not to exceed $9.34 million (the "Critical Vendors Interim Order Cap") absent further order of the Court.

4. The Debtors are authorized, in their reasonable business judgment, to pay Critical Vendor Claims, in whole or in part, subject to the Critical Vendors Interim Order Cap, upon such terms and in the manner provided in this Interim Order; *provided* that if any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place in the 120 days immediately prior to the Petition Date, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, the Debtors reserve their right to recover such postpetition payment; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise. The Debtors shall provide a copy of this Interim Order to the applicable party prior to such party's acceptance of any payment hereunder. Any party that accepts payment from the Debtors on account of a Critical Vendor Claim shall be deemed to have agreed to the terms and provisions of this Interim Order.

5. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or in this Interim Order; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

8. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the requirements imposed on the Debtors under any order of this Court approving the debtor in possession financing facility and use of cash

collateral (the "DIP Order"). In the event of any inconsistency between the terms of this Interim Order and the DIP Order, the terms of the DIP Order shall govern.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 23, 2019  
Wilmington, Delaware

THE HONORABLE KEVIN GROSS  
UNITED STATES BANKRUPTCY JUDGE