**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: PES Holdings, LLC et al.[1] | Case No. 19-11626 (KG) |
|---|---|
| Debtors | Jointly Administered |

**INITIAL MONTHLY OPERATING REPORT**
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | Exhibit A | Exhibit A |
| **Certificates of Insurance:** | | |
| Workers Compensation | Exhibit B | |
| Property | Exhibit B | |
| General Liability | Exhibit B | |
| Vehicle | Exhibit B | |
| Other: Various - see attached | Exhibit B | |
| Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
| Tax Escrow Account | NA | |
| General Operating Account | Exhibit C | |
| Money Market Account pursuant to Local Rule 4001-3.  Refer to | NA | |
| http://www.deb.uscourts.gov/ | | |
| Other: _____ | | |
| **Retainers Paid (Form IR-2)** | Exhibit D | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_Rachel Celiberti_                                                    8/5/2019
Rachel Celiberti                                                     Date
Chief Financial Officer

**Notes:**
(1)  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157);
North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC
(0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735
Market Street, Philadelphia, Pennsylvania 19103.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: PES Holdings, LLC et al.[(1)] | **Case No. 19-11626 (KG)** |
| Debtors | Jointly Administered |

**Exhibit A**

**Cash Flow Projections with Explanation**

The Debtors did not prepare a 12-month cash flow in accordance with Form IR-1, however per the Order Authorizing the Debtors to Obtain Postpetition Financing and Use Cash Collateral dated July 23, 2019 (docket no. 85) the Debtors prepared financial projections and a budget.  The Debtors provide the financial projections and budget, as detailed on the next page, in lieu of Form IR-1

PES
13-Week Forecast - CONSOLIDATED DIP BUDGET (ICBCS + TL)
Amounts in $ millions

| DIP BUDGET | BK Filing - 7/21/19 Fcst Week 1 7/27 | Fcst Week 2 8/3 | Fcst Week 3 8/10 | Fcst Week 4 8/17 | Fcst Week 5 8/24 | Fcst Week 6 8/31 | Fcst Week 7 9/7 | Fcst Week 8 9/14 | Fcst Week 9 9/21 | Fcst Week 10 9/28 | Fcst Week 11 10/5 | Fcst Week 12 10/12 | Fcst Week 13 10/19 | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts:** | | | | | | | | | | | | | | |
| Receipts | $ 7.1 | $ 2.2 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9.3 |
| **Total Receipts** | 7.1 | 2.2 | - | - | - | - | - | - | - | - | - | - | - | 9.3 |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Product & Crude Logistics | (5.7) | (10.1) | (0.6) | (5.1) | (1.1) | - | - | - | - | - | - | - | - | (22.6) |
| Payroll | (3.4) | (6.4) | - | (5.5) | - | (2.6) | (4.0) | - | - | - | - | - | - | (21.9) |
| Utilities | (1.5) | (7.0) | - | (0.1) | (0.2) | - | - | - | - | - | - | - | - | (8.8) |
| Other - Refinery | (15.9) | - | - | - | - | (6.3) | (1.1) | (0.3) | - | (1.1) | (1.3) | (0.4) | - | (26.4) |
| G&A | (1.4) | (0.5) | (0.3) | (0.4) | (0.3) | (0.3) | (0.4) | (0.3) | (0.3) | (0.3) | (0.5) | (0.2) | (0.4) | (5.6) |
| **Total Operating Disbursements** | (27.8) | (24.0) | (0.9) | (11.1) | (1.6) | (9.2) | (5.5) | (0.6) | (0.3) | (1.4) | (1.8) | (0.6) | (0.4) | (85.3) |
| **Operating Cash Flow** | $ (20.7) | $ (21.8) | $ (0.9) | $ (11.1) | $ (1.6) | $ (9.2) | $ (5.5) | $ (0.6) | $ (0.3) | $ (1.4) | $ (1.8) | $ (0.6) | $ (0.4) | $ (76.0) |
| **Non-Operating Disbursements:** | | | | | | | | | | | | | | |
| Professional Fees | - | - | - | - | - | - | (11.8) | - | - | - | (10.5) | - | - | (22.2) |
| DIP Interest and Fees | - | (0.2) | - | - | - | - | (0.4) | - | - | - | (0.3) | - | - | (0.9) |
| Safing & Fire-Related Clean-Up Costs | (2.0) | (4.0) | (4.0) | (4.0) | (4.0) | (0.2) | - | - | - | - | - | - | - | (18.1) |
| Tank Cleaning Costs | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other | - | (2.5) | (2.5) | (2.5) | (2.5) | - | - | - | - | - | - | - | - | (10.0) |
| **Total Non-Operating Disbursements** | (2.0) | (6.7) | (6.5) | (6.5) | (6.5) | (0.2) | (12.1) | - | - | - | (10.8) | - | - | (51.2) |
| **Net Cash Flow** | $ (22.7) | $ (28.5) | $ (7.4) | $ (17.6) | $ (8.1) | $ (9.4) | $ (17.6) | $ (0.6) | $ (0.3) | $ (1.4) | $ (12.6) | $ (0.6) | $ (0.4) | $ (127.2) |
| **Cumulative Cash Flow** | $ (22.7) | $ (51.2) | $ (58.6) | $ (76.2) | $ (84.3) | $ (93.7) | $ (111.3) | $ (111.9) | $ (112.2) | $ (113.7) | $ (126.3) | $ (126.9) | $ (127.2) | $ (127.2) |
| **Cash Balances:** | | | | | | | | | | | | | | |
| Beginning Cash - Bank | $ 45.0 | $ 87.3 | $ 58.8 | $ 51.4 | $ 33.8 | $ 60.7 | $ 51.4 | $ 33.7 | $ 33.1 | $ 32.8 | $ 31.3 | $ 18.7 | $ 18.1 | $ 45.0 |
| DIP Funding / (Draw) | 65.0 | - | - | - | 35.0 | - | - | - | - | - | - | - | - | 100.0 |
| Net Cash Flow / (Deficit) | (22.7) | (28.5) | (7.4) | (17.6) | (8.1) | (9.4) | (17.6) | (0.6) | (0.3) | (1.4) | (12.6) | (0.6) | (0.4) | (127.2) |
| Ending Cash - Bank | 87.3 | 58.8 | 51.4 | 33.8 | 60.7 | 51.4 | 33.7 | 33.1 | 32.8 | 31.3 | 18.7 | 18.1 | 17.8 | 17.8 |
| (Outstanding Checks) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Ending Cash - Book** | $ 87.3 | $ 58.8 | $ 51.4 | $ 33.8 | $ 60.7 | $ 51.4 | $ 33.7 | $ 33.1 | $ 32.8 | $ 31.3 | $ 18.7 | $ 18.1 | $ 17.8 | $ 17.8 |

PES
13-Week Forecast - TERM LOAN DIP BUDGET
Amounts in $ millions

| TERM LOAN DIP BUDGET | BK Filing - 7/21/19 Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | Fcst | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | 13-Week |
| Week Ending: | 7/27 | 8/3 | 8/10 | 8/17 | 8/24 | 8/31 | 9/7 | 9/14 | 9/21 | 9/28 | 10/5 | 10/12 | 10/19 | Total |
| **Receipts:** | | | | | | | | | | | | | | |
| Receipts | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **Total Receipts** | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Product & Crude Logistics | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Payroll | (0.9) | (4.6) | - | (5.5) | - | (5.5) | - | (0.3) | - | (0.3) | - | (0.3) | - | (17.6) |
| Utilities | (0.2) | - | - | (0.1) | (0.2) | (0.6) | (0.8) | - | - | - | (0.8) | - | - | (2.7) |
| Other - Refinery | (6.2) | (3.2) | - | - | - | (1.1) | (1.1) | - | - | (0.8) | (0.5) | - | - | (12.9) |
| G&A | (0.1) | (0.1) | 0.0 | 0.0 | (0.1) | (0.1) | (0.4) | (0.3) | (0.3) | (0.3) | (0.5) | (0.2) | (0.4) | (2.8) |
| **Total Operating Disbursements** | (7.4) | (7.9) | 0.0 | (5.6) | (0.3) | (7.3) | (2.3) | (0.6) | (0.3) | (1.4) | (1.8) | (0.6) | (0.4) | (36.0) |
| **Operating Cash Flow** | $ (7.4) | $ (7.9) | $ 0.0 | $ (5.6) | $ (0.3) | $ (7.3) | $ (2.3) | $ (0.6) | $ (0.3) | $ (1.4) | $ (1.8) | $ (0.6) | $ (0.4) | $ (36.0) |
| **Non-Operating Disbursements:** | | | | | | | | | | | | | | |
| Professional Fees | - | - | - | - | - | - | (6.8) | - | - | - | (10.5) | - | - | (17.2) |
| DIP Interest and Fees | - | (0.2) | - | - | - | - | (0.4) | - | - | - | (0.4) | - | - | (0.9) |
| Safing & Fire-Related Clean-Up Costs | (2.0) | (4.0) | (4.0) | (4.0) | (4.0) | (0.2) | - | - | - | - | - | - | - | (18.1) |
| Tank Cleaning Costs | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other | - | (2.5) | (2.5) | (2.5) | (2.5) | - | - | - | - | - | - | - | - | (10.0) |
| **Total Non-Operating Disbursements** | (2.0) | (6.7) | (6.5) | (6.5) | (6.5) | (0.2) | (7.1) | - | - | - | (10.8) | - | - | (46.2) |
| **Net Cash Flow** | $ (9.4) | $ (14.6) | $ (6.5) | $ (12.1) | $ (6.8) | $ (7.5) | $ (9.4) | $ (0.6) | $ (0.3) | $ (1.4) | $ (12.6) | $ (0.6) | $ (0.4) | $ (82.2) |
| **Cumulative Cash Flow** | $ (9.4) | $ (24.0) | $ (30.4) | $ (42.5) | $ (49.3) | $ (56.8) | $ (66.3) | $ (66.9) | $ (67.2) | $ (68.7) | $ (81.3) | $ (81.9) | $ (82.2) | $ (82.2) |
| **Cash Balance:** | | | | | | | | | | | | | | |
| Beginning Cash - Bank | $ - | $ 55.6 | $ 41.0 | $ 34.6 | $ 22.5 | $ 50.7 | $ 43.2 | $ 33.7 | $ 33.1 | $ 32.8 | $ 31.3 | $ 18.7 | $ 18.1 | $ - |
| DIP Funding / (Draw) | 65.0 | - | - | - | 35.0 | - | - | - | - | - | - | - | - | 100.0 |
| Net Cash Flow / (Deficit) | (9.4) | (14.6) | (6.5) | (12.1) | (6.8) | (7.5) | (9.4) | (0.6) | (0.3) | (1.4) | (12.6) | (0.6) | (0.4) | (82.2) |
| Ending Cash - Bank | 55.6 | 41.0 | 34.6 | 22.5 | 50.7 | 43.2 | 33.7 | 33.1 | 32.8 | 31.3 | 18.7 | 18.1 | 17.8 | 17.8 |
| (Outstanding Checks) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Ending Cash - Book** | $ 55.6 | $ 41.0 | $ 34.6 | $ 22.5 | $ 50.7 | $ 43.2 | $ 33.7 | $ 33.1 | $ 32.8 | $ 31.3 | $ 18.7 | $ 18.1 | $ 17.8 | $ 17.8 |

PES
13-Week Forecast - ICBCS DIP Budget
Amounts in $ millions

| ICBCS DIP BUDGET | BK Filing 7/21/19 Fcst Week 1 7/27 | Fcst Week 2 8/3 | Fcst Week 3 8/10 | Fcst Week 4 8/17 | Fcst Week 5 8/24 | Fcst Week 6 8/31 | Fcst Week 7 9/7 | Fcst Week 8 9/14 | Fcst Week 9 9/21 | Fcst Week 10 9/28 | Fcst Week 11 10/5 | Fcst Week 12 10/12 | Fcst Week 13 10/19 | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts:** | | | | | | | | | | | | | | |
| Total Receipts | $ 7.1 | $ 2.2 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9.3 |
| **Operating Disbursements:** | | | | | | | | | | | | | | |
| Product & Crude Logistics | (5.7) | (10.1) | (0.6) | (5.1) | (1.1) | - | - | - | - | - | - | - | - | (22.6) |
| Payroll | (2.5) | (1.8) | - | - | - | - | - | - | - | - | - | - | - | (4.3) |
| Utilities | (1.3) | - | - | - | - | (1.6) | (3.2) | - | - | - | - | - | - | (6.1) |
| Other - Refinery | (9.7) | (3.8) | - | - | - | - | - | - | - | - | - | - | - | (13.5) |
| G&A | (1.3) | (0.4) | (0.3) | (0.4) | (0.2) | (0.2) | - | - | - | - | - | - | - | (2.8) |
| Total Operating Disbursements | (20.4) | (16.1) | (0.9) | (5.5) | (1.3) | (1.8) | (3.2) | - | - | - | - | - | - | (49.3) |
| Operating Cash Flow | $ (13.3) | $ (13.9) | $ (0.9) | $ (5.5) | $ (1.3) | $ (1.8) | $ (3.2) | $ - | $ - | $ - | $ - | $ - | $ - | $ (40.0) |
| **Non-Operating Disbursements:** | | | | | | | | | | | | | | |
| Professional Fees | - | - | - | - | - | - | (5.0) | - | - | - | - | - | - | (5.0) |
| DIP Interest and Fees | | | | | | | | | | | | | | |
| Safing & Fire-Related Clean-Up Costs | | | | | | | | | | | | | | |
| Tank Cleaning Costs | | | | | | | | | | | | | | |
| Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Total Non-Operating Disbursements | - | - | - | - | - | - | (5.0) | - | - | - | - | - | - | (5.0) |
| Net Cash Flow | $ (13.3) | $ (13.9) | $ (0.9) | $ (5.5) | $ (1.3) | $ (1.8) | $ (8.2) | $ - | $ - | $ - | $ - | $ - | $ - | $ (45.0) |
| Cumulative Cash Flow | $ (13.3) | $ (27.2) | $ (28.2) | $ (33.7) | $ (35.0) | $ (36.8) | $ (45.0) | $ (45.0) | $ (45.0) | $ (45.0) | $ (45.0) | $ (45.0) | $ (45.0) | $ (45.0) |
| **Cash Balance:** | | | | | | | | | | | | | | |
| Beginning Cash - Bank | $ 45.0 | 31.7 | 17.8 | 16.8 | 11.3 | 10.0 | 8.2 | - | - | - | - | - | - | $ 45.0 |
| DIP Funding / (Draw) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Net Cash Flow / (Deficit) | (13.3) | (13.9) | (0.9) | (5.5) | (1.3) | (1.8) | (8.2) | - | - | - | - | - | - | (45.0) |
| Ending Cash - Bank | 31.7 | 17.8 | 16.8 | 11.3 | 10.0 | 8.2 | - | - | - | - | - | - | - | - |
| (Outstanding Checks) | | | | | | | | | | | | | | |
| Ending Cash - Book | $ 31.7 | $ 17.8 | $ 16.8 | $ 11.3 | $ 10.0 | $ 8.2 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **PAYMENT METHOD FOR EXHIBIT A (ICBCS VENDORS)** | | | | | | | | | | | | | | |
| Paid for Directly by ICBCS | $ (22.1) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ (22.1) |
| Paid for within DIP (above) | (5.6) | (7.0) | - | - | - | - | - | - | - | - | - | - | - | (12.6) |
| Total Exhibit A Costs | $ (27.7) | $ (7.0) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ (34.7) |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re: PES Holdings, LLC et al.**[1] | **Case No. 19-11626 (KG)** |
| Debtors | Jointly Administered |

**Exhibit B**

**Certificates of Insurance**



# EVIDENCE OF PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 07/23/2019 |

THIS EVIDENCE OF PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| AGENCY | PHONE (A/C, No, Ext): 866-283-7122 | COMPANY |
|---|---|---|
| Aon Risk Services Northeast, Inc. 1600 Summer Street Stamford, CT 06905 USA | | Allianz Global Risks US Ins. Co. et. al. |
| FAX (A/C, No): 800-363-0105 | E-MAIL ADDRESS: | |
| CODE: | SUB CODE: | |
| AGENCY CUSTOMER ID #: 570000056202 | | |

| INSURED | LOAN NUMBER | | POLICY NUMBER |
|---|---|---|---|
| Philadelphia Energy Solutions Refining and Marketing, LLC 1735 Market Street, 11th Floor Philadephia, PA 19103 | | | See attached |
| | EFFECTIVE DATE | EXPIRATION DATE | CONTINUED UNTIL TERMINATED IF CHECKED |
| | 11/01/2018 | 11/01/2019 | |
| | THIS REPLACES PRIOR EVIDENCE DATED: | | |

## PROPERTY INFORMATION

**LOCATION/DESCRIPTION**
Point Breeze refinery, 3144 West Passyunk Avenue, Philadelphia, PA 19145
Girard Point refinery, 3144 West Passyunk Avenue, Philadelphia, PA 19145

Including: 3143 West Passyunk Avenue, Philadelphia, PA 19145

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION

| COVERAGE / PERILS / FORMS | AMOUNT OF INSURANCE | DEDUCTIBLE |
|---|---|---|
| Commercial Property Coverage Loss Limit | $1,000,000,000 | $10,000,000 |
| Flood | $484,500,000 | |
| Windstorm | $484,500,000 | |
| High Hazard Flood | $454,500,000 | |
| Terrorism | $500,000,000 | |

## REMARKS (Including Special Conditions)

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | | |
|---|---|---|
| U.S. Department of Justice Office of The U.S. Trustee, District of Delaware 844 King Street, Suite 2207 Wilmington, DE 19801 | MORTGAGEE | ADDITIONAL INSURED |
| | LOSS PAYEE | |
| | LOAN # | |
| | AUTHORIZED REPRESENTATIVE Aon Risk Services | |

ACORD 27 (2009/12)

© 1993-2009 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

 **ACORD**®

AGENCY CUSTOMER ID: 570000056202

# ADDITIONAL REMARKS SCHEDULE

| AGENCY Aon Risk Services Northeast, Inc. | | NAMED INSURED Philadelphia Energy Solutions |
|---|---|---|
| POLICY NUMBER Per Schedule | | |
| CARRIER Allianz Global Risk US Ins. Co. et. al. | NAIC CODE | EFFECTIVE DATE 11/1/2018 |

## ADDITIONAL REMARKS

**THIS ADDITIONAL REMARKS FORM IS A SCHEDULE TO ACORD FORM**

**FORM NUMBER:** ACORD 27      **FORM TITLE:** Certificate of Property Insurance

ACE American Insurance Company (Starr Tech) EPRN14327186
Allianz Global Risks US Insurance Company USN00016718
Ariel Re Bda Ltd on behalf of Ariel Syndicate P134707
AXA Corporate Solutions Assurance ENNMG1800253
Chubb Bermuda Insurance Ltd. PESO01360P06
General Security Indemnity Co. of AZ (GSINDA) 10F152096-2018-1
Great Lakes Insurance SE (Munich Re) ENNMG1800282
HDI-Gerling America Insurance Company (Samsung) OGD1432102
HDI-Gerling America Insurance Company OGD1368503
HDI-Gerling America Insurance Company OGXD1307804
Helvetia Swiss Insurance Company in Liechtenstein Ltd. ENNMG1800253
International Insurance Co. of Hannover SE ENNMG18000260
International Insurance Co. of Hannover SE ENNMG1800261
International Insurance Co. of Hannover SE ENNMG1800253
Ironshore Insurance, Ltd. (Bermuda) 443173918
Lancashire Insurance Company (UK) Limited ENNMG1800262
Liberty Mutual Insurance Company 1000233255-03
Lloyd's Syndicate 1036 COF (O'Farrell aka 2999 QBE) ENNMG1800283
Lloyd's Syndicate 1084 CSL (Chaucer) ENNMG1800279
Lloyd's Syndicate 1183 (TAL Talbot) AJK148822G18
Lloyd's Syndicate 1200 AMA (Argo) ENNMG1800279
Lloyd's Syndicate 1884 / 1458(Freberg) EN100070-18
Lloyd's Syndicate 1955 BAR (Barbican) ENNMG1800281
Lloyd's Syndicate 2003 (XL Catlin) ENNMG18000280
Lloyd's Syndicate 3902 NOA (Ark) ENNMG1800285
Lloyd's Syndicate 9094 PNR (Pioneer) ENNMG1800181
Lloyd's Syndicate 9551 AUM (ACT) ENNMG1800279
Lloyd's Syndicate 9551 AUM (ACT) ENNMG18000280
Lloyd's Syndicates 1221 (Navigators) 18NSRO1797-01
Mapfre Global Risks ENNMG1800181
Oil Casualty Insurance, Ltd. P-100354-118
PartnerRe Ireland Insurance ENNMG1800181
Westport Insurance Corporation (Swiss Re) OMP 2000020-04
XL Insurance America, Inc. US00064117PR18A
Zurich American Insurance Company OGR3227382-00

Terrorism: Lloyd's of London; various with Syndicate XLC 2003 CMCTR1802119
###

ACORD 101 (2008/01)                                        © 2008 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD



# CERTIFICATE OF LIABILITY INSURANCE

2/1/2020

| DATE (MM/DD/YYYY) |
| --- |
| 1/23/2019 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**IMPORTANT:**  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER LOCKTON COMPANIES 3657 BRIARPARK DRIVE, SUITE 700 HOUSTON TX 77042 866-260-3538 | CONTACT NAME: | | |
| --- | --- | --- | --- |
| | PHONE (A/C, No, Ext): | | FAX (A/C, No): |
| | E-MAIL ADDRESS: | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : ACE American Insurance Company | | 22667 |
| INSURED 1402349 PES Ultimate Holdings, LLC PES Energy Inc. 1735 Market Street, 11th Floor Philadelphia PA 19103 | INSURER B : ACE Property & Casualty Insurance Co | | 20699 |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

**COVERAGES**   USE   **CERTIFICATE NUMBER:**   15178344   **REVISION NUMBER:**   XXXXXXX

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | NOT APPLICABLE | | | EACH OCCURRENCE | $ XXXXXXX |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ XXXXXXX |
| | | | | | | | MED EXP (Any one person) | $ XXXXXXX |
| | | | | | | | PERSONAL & ADV INJURY | $ XXXXXXX |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC ☐ OTHER: | | | | | | GENERAL AGGREGATE | $ XXXXXXX |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ XXXXXXX |
| | | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** ☒ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | Y | Y | ISAH25282589 | 2/1/2019 | 2/1/2020 | COMBINED SINGLE LIMIT (Ea accident) | $ 2,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ XXXXXXX |
| | | | | | | | BODILY INJURY (Per accident) | $ XXXXXXX |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ XXXXXXX |
| | | | | | | | | $ |
| B | ☒ **UMBRELLA LIAB** ☒ OCCUR ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | Y | Y | G27833056004 | 2/1/2019 | 2/1/2020 | EACH OCCURRENCE | $ 25,000,000 |
| | | | | | | | AGGREGATE | $ 25,000,000 |
| | DED ☒ RETENTION $ 10,000,000 | | | | | | | $ XXXXXXX |
| A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? ☐ N (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | Y | WLRC65433011 | 2/1/2019 | 2/1/2020 | ☒ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 2,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 2,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 2,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
The Named Insured carries a Self Insured Retention for General Liability of $10,000,000 Per Occurrence.

| CERTIFICATE HOLDER | CANCELLATION |
| --- | --- |
| **15178344** U.S. Department of Justice Office of the U.S. Trustee District of Delaware 844 King Street, Suite 2207 Wilmington DE 19801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE *[signature]* |

© 1988-2015 ACORD CORPORATION.  All rights reserved.

**ACORD 25 (2016/03)**          The ACORD name and logo are registered marks of ACORD

CONTINUATION DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS (Use only if more space is required)

Case 19-11626-KG   Doc 156   Filed 08/05/19   Page 10 of 25

All policies (except workers' compensation/el) include a blanket automatic additional insured [provision] that confers additional insured status to the certificate holder only if there is a written contract between the named insured and the certificate holder that requires the named insured to name the certificate holder as an additional insured. In the absence of such a contractual obligation on the part of the named insured, the certificate holder is not an additional insured under the policy. All policies include a blanket automatic waiver of subrogation endorsement [provision] that provides this feature only when there is a written contract between the named insured and the certificate holder that requires it. In the absence of such a contractual obligation on the part of the named insured, the waiver of subrogation feature does not apply. All policies (except workers' compensation/el) contain a special endorsement with "primary and noncontributory" wording. All policies include a blanket notice of cancellation to certificate holders endorsement, providing for 30 days' advance notice if the policy is cancelled by the company other than for nonpayment of premium, 10 days' notice if the policy is cancelled for nonpayment of premium. Notice is sent to certificate holders with mailing addresses on file with the agent or the company. The endorsement does not provide for notice of cancellation if the named insured requests cancellation.

Certificate Holder ID: 15178344

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re: PES Holdings, LLC et al.[1]          Case No. 19-11626 (KG)

Debtors          Jointly Administered

## Exhibit C

**Evidence of Debtor in Possession Bank Accounts**

PES Holdings, LLC, et al.,
Case #19-11626
Listing of US Debtor Bank Accounts

| Banking Institution | Account Type | Debtor Entity | Account # |
|---|---|---|---|
| Bank of America Merrill Lynch | Main Concentration Account | Philadelphia Energy Solutions Refining and Marketing LLC | x3480 |
| Bank of America Merrill Lynch | Deposit Account | Philadelphia Energy Solutions Refining and Marketing LLC | x3503 |
| Bank of America Merrill Lynch | Deposit Account | Philadelphia Energy Solutions Refining and Marketing LLC | x3493 |
| Bank of America Merrill Lynch | Controlled Disbursement Account | Philadelphia Energy Solutions Refining and Marketing LLC | x8997 |
| Bank of America Merrill Lynch | P-card Account | Philadelphia Energy Solutions Refining and Marketing LLC | x2116 |
| Sun Federal Credit Union | Gift Cards Account | Philadelphia Energy Solutions Refining and Marketing LLC | x5895 |
| Bank of America Merrill Lynch | Operating Account | North Yard Logistics, L.P. | x7842 |
| Bank of America Merrill Lynch | Controlled Disbursement Account | North Yard Logistics, L.P. | x9557 |
| Bank of America Merrill Lynch | Adequate Assurance Account | Philadelphia Energy Solutions Refining and Marketing LLC | x2044 |
| Bank of America Merrill Lynch | Demand Deposit Account | PES Holdings, LLC | x7201 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | Case No. 19-11626 (KG) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. 8** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) PERFORM INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (together, the "Debtors") for entry of an order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their Cash Management System, (ii) pay any prepetition or postpetition amounts outstanding on account of the Bank Fees, (iii) maintain existing Business Forms in the ordinary course of business, and (iv) continue to perform the Intercompany Transactions consistent with historical practice, (b) granting related relief, and (c) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing

on the Motion were appropriate under the circumstances and no other notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis as set forth herein.

2.    The final hearing (the "Final Hearing") on the Motion shall be held on *August 21*

2019, at *10:00 a*m., prevailing Eastern Time.  Any objections or responses to entry of a final order

(the "Final Order") on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time,

on *August 14* 2019, and shall be served on:  (a) proposed counsel to the Debtors; (i) Kirkland &

Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C.,

Steven N. Serajeddini, and Matthew C. Fagen; and (ii) Pachulski Stang Ziehl & Jones LLP, 919

North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier

19801), Attn: Laura Davis Jones; (b) counsel to the DIP Lenders, (i) Davis Polk & Wardwell LLP,

450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E.

Falk, and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O.

Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney and Andrew R. Remming

(c) counsel to ICBC Standard Bank Plc; (d) counsel to the official committee of unsecured

creditors (if any) appointed in these chapter 11 cases; (e) the Internal Revenue Service, (f) the U.S.

Trustee for the District of Delaware, and (g) any other party that has filed a request for notices with the Court. In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.      The Debtors are authorized to continue operating the Cash Management System, as summarized in **Exhibit 1** attached hereto, honor their prepetition obligations related thereto, and maintain existing Business Forms.

4.      The Debtors are further authorized to: (a) continue to use, with the same account numbers, the Bank Accounts, as summarized in **Exhibit 2** attached hereto, in existence as of the Petition Date without the need to comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession; *provided* that once the Debtors' existing checks and Business Forms have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; *provided*, *further*, that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Interim Order; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (e) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Accounts.

5.    The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

6.    Subject to applicable bankruptcy or other law, those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.

7.    The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as it may deem necessary and appropriate in their sole discretion; *provided* that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in these chapter 11 cases; *provided*, *however*, that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

8.    The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

4

9. All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

10. The Cash Management Banks are authorized, without further order of this Court, to deduct all applicable fees from the applicable Bank Accounts consistent with historical practice.

11. Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors or (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored shall be deemed to be nor shall be liable to the Debtors or their estates on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

12. The Debtors are authorized to continue the Intercompany Transactions in the ordinary course of business.

13. All postpetition payments from a Debtor under any postpetition Intercompany Transactions authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

14. The requirements provided in section 345(b) of the Bankruptcy Code are hereby WAIVED as to the Bank Accounts maintained with SFCU for an interim period of forty-five (45) days, without prejudice to the Debtors' right to seek a further waiver.

15.     In connection with the Intercompany Transactions, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts and shall make such records available to the U.S. Trustee; provided that such records shall distinguish between prepetition and postpetition transactions.

16.     The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

17.     For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the U.S. Trustee, within fifteen (15) days of the date of entry of this Interim Order, the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case.

18.     For banks at which the Debtors hold accounts that are not party to a Uniform Depository agreement with the Office of the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within thirty (30) days of the date of this Interim Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

19.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

20.     For the avoidance of doubt, the Debtors are authorized to continue using the credit cards used by the Debtors' employees for Employee Purchases in the ordinary course of business and consistent with prepetition practices.  The Debtors are further authorized to continue operating the P-Card Account ending in 2116, which serves as a collateral account for Employee Purchases, in the ordinary course of business in accordance with paragraph 3 of this Interim Order. The P-Card Account shall continue to secure all prepetition Employee Purchases, and the P-Card Account shall also secure all Employee Purchases arising postpetition, without any additional documentation executed between the Debtors and BAML.

21.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed:  (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

22.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order of this Court approving the Proposed DIP Financing (as defined in the First Day Declaration) and use of cash collateral (the "DIP Order").  In the event of any inconsistency between the terms of this Order and the DIP Order, the terms of the DIP Order shall govern.

23.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

24.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

25.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 23, 2019
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Cash Management System Schematic**

**Philadelphia Energy Solutions Refining and Marketing LLC**



**Cash Management System Schematic**

**North Yard Logistics, L.P.**



USD Account

North Yard Logistics, L.P.
Operating Account
A/C # 4451017842
TX IDS BK # 101
ABA 111000012 (ACH)
ABA 026009593 (wires)

CDA is
manually
funded

North Yard Logistics, L.P.
Controlled Disbursement
Account
A/C # 3359999557
GA IDS BK # 172
ABA 061000052 (ACH)
ABA 061112788 (checks)

2

## Exhibit 2

### Bank Accounts

**Cash Management System Accounts**

| | Debtor | Bank Name | Last 4 Digits of Account No. | Account Type | Estimated Amount as of Petition Date |
|---|---|---|---|---|---|
| 1. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 3480 | Main Concentration Account | $44,607,133.78 |
| 2. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 3503 | Deposit Account | $0 |
| 3. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 3493 | Deposit Account | $0 |
| 4. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 8997 | Controlled Disbursement Account | $0 |
| 5. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 2116 | P-Card Account | $526,076.69 |
| 6. | Philadelphia Energy Solutions Refining and Marketing LLC | Sun Federal Credit Union | 5895 | Gift Cards Account | $5.61 |
| 7. | North Yard Logistics, L.P. | Bank of America Merrill Lynch | 7842 | Operating Account | $414,317.40 |
| 8. | North Yard Logistics, L.P. | Bank of America Merrill Lynch | 9557 | Controlled Disbursement Account | $0 |
| 9. | Philadelphia Energy Solutions Refining and Marketing LLC | Bank of America Merrill Lynch | 2044 | Adequate Assurance Account | $0 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

In re: PES Holdings, LLC et al.[1]

Debtors

Case No. 19-11626 (KG)

Jointly Administered

**Exhibit D**

**Retainers Paid**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: PES Holdings, LLC et al.[1] | Case No. 19-11626 (KG) |
| Debtors | Jointly Administered |

**SCHEDULE OF RETAINERS PAID TO PROFESSIONALS**
(This schedule is to include each Professional paid a retainer)

| Payee | Check Number | Check Date | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Kirkland & Ellis LLP | Wire | Various | Philadelphia Energy Solutions Refining and Marketing LLC | $4,600,000 | $0 | $4,600,000 |
| Pachulski Stang Ziehl & Jones LLP * | Wire | Various | Philadelphia Energy Solutions Refining and Marketing LLC | $150,000 | TBD | TBD |
| Alvarez & Marsal | Wire | Various | Philadelphia Energy Solutions Refining and Marketing LLC | $1,000,000 | $0 | $1,000,000 |
| PJT Partners, Inc. | Wire | Various | Philadelphia Energy Solutions Refining and Marketing LLC | $315,000 | $111,774 | $203,226 |
| Omni Agent Solutions | Wire | 6/28/2019 | Philadelphia Energy Solutions Refining and Marketing LLC | $20,000 | $6,778 | $13,223 |
| | | | | | | |

*   This is subject to a final true-up which Pachulski expects to complete promptly.  The retainer paid exceeded the amount incurred pre-petition.