IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 132** |

ORDER (I) ESTABLISHING PROCEDURES FOR
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR RETAINED PROFESSIONALS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to establish procedures for interim compensation and compensation and reimbursement of expenses for Professionals and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All Professionals in these cases may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

    (a) On or after the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Statement by hand or first class mail, on: (i) the Debtors, PES Holdings, LLC, 1735 Market Street, Philadelphia, Pennsylvania 19103, Attn: John B. McShane; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini and Matthew C. Fagen; (iii) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones; (iv) counsel to ICBC Standard Bank Plc, Haynes and Boone, LLP, 30 Rockefeller Plaza, 26th Floor, New York, New York 10112, Attn: Kenric D. Kattner and J. Frasher Murphy; (v) counsel to the lenders under the Debtors' prepetition first lien term loan facility, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh Ethan Falk; (vi) the Office of the U.S. Trustee for the District of Delaware (the "U.S. Trustee"), 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: David L. Buchbinder; (vii) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; and (viii) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Application Recipients").

    (b) Each Application Recipient will have until 4:00 p.m. (Prevailing Eastern Time) 21 days after service of a Monthly Fee Statement to review the request. Upon the expiration of such 21-day period, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement

2

(the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (c) below.

(c) If any Application Recipient objects to a Monthly Fee Statement, the objecting party shall, within 21 days of service of the Monthly Fee Statement, serve a written notice upon the respective Professional and each of the Application Recipients (the "Notice of Objection to Monthly Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(d) On or after the 20th day of each month following the month for which compensation is sought, each Professional seeking compensation may submit its first Monthly Fee Statement. This initial Monthly Fee Statement will cover the period from the Petition Date through August 31, 2019. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

(e) Beginning with the period ending on September 30, 2019 and at three-month intervals thereafter (the "Interim Fee Period"), each of the Professionals may file and serve on the Application Recipients an interim fee application (each an "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on all parties that have entered their appearance pursuant to Bankruptcy Rule 2002. Application Recipients will have 21 days after service of an Interim Fee Application to object thereto. The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including September 30, 2019.

(f) The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the

Professional's filing of a CNO. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(g) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3. Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

4. In each Interim Fee Application and Final Fee Application all attorneys who have been or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to the *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* (collectively, the "Required Professionals") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with

any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

5. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients, and (b) notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 20th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**