## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 128, 218** |

### AMENDED ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Governmental Bar Date, (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (d) approving the proposed Proof of Claim Form, (e) approving proposed Bar Date Notice, (f) approving the proposed form of Publication Notice, and (g) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

## I.   The Bar Dates and Procedures for Filing Proofs of Claim.

2. Each person or entity[3] that asserts a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4] Specifically, the following bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

    a.    Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all Proofs of Claim must be filed **so that they are actually received on or before 5:00 p.m.,**

---

[3]  Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]  Copies of Official Form 410 may be obtained by: (a) calling the Debtors' restructuring hotline at (866) 989-6147 (toll free) or (818) 906-8300 (international); (b) visiting the Debtors' restructuring website at: https://www.omnimgt.com/PESHoldings2019; (c) writing to the Debtors' Claims Processing Center, PES Holdings, LLC, et al. Claims Processing, c/o Omni Management Group, 5955 DeSoto Ave., Suite 100, Woodland Hills, CA 91367; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

**prevailing Eastern Time, on the date that is 45 days from the date the Debtors file the Schedules (the "Claims Bar Date"), at the addresses and in the form set forth herein.** The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates, as set forth in this Order.

b.    All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim **so they are actually received on or before January 17, 2020, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.**

c.    If the Debtors amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any amendment or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (i) the Claims Bar Date or the Governmental Bar Date, as applicable; and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is 21 days from the date the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by this Court) (the "Amended Schedules Bar Date"); *provided* that if a claimant has previously filed a Proof of Claim, such claimant is not required to file a new Proof of Claim if the claim is subject to an amendment in the Schedules.

d.    Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of:  (i) the Claims Bar Date; (ii) 5:00 p.m. prevailing Eastern time on the date that is 21 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or the effective date of such rejection if rejected pursuant to any rejection procedures approved by Court order in these cases; and (iii) any date that this Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

3.    All Proofs of Claim must be filed so as to be actually received by Omni

Management Group, Inc., ("Omni"), the notice and claims agent retained in these chapter 11 cases,

on or before the applicable Bar Date.  If Proofs of Claim are not received by Omni on or before

the applicable Bar Date, except in the case of certain exceptions explicitly set forth herein, the

holders of the underlying claims shall be barred from asserting such claims against the Debtors

and precluded from voting on any chapter 11 plans filed in these chapter 11 cases and/or receiving

distributions from the Debtors on account of such claims in these chapter 11 cases.

## II.    Parties Exempted from the Bar Date.

4.    The following categories of claimants shall not be required to file a Proof of Claim

by the applicable Bar Date:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of this Court or with Omni in a form substantially similar to Official Form 410;

b.    any person or entity whose claim is listed on the Schedules if: (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any person or entity whose claim has previously been allowed by order of the Court;

d.    any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.    any Debtor or non-Debtor subsidiary having a claim against another Debtor;

f.    any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.    any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at

4

this time; *provided* however, that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a Proof of Claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

h.   any current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a employee must submit a Proof of Claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.   any present or former employees of a Debtor whose employment is or was, as applicable, subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, spouses and beneficiaries of such employees) or any labor union representing such employees (collectively, "CBA Parties") with respect to prepetition claims based solely on the payment of wages, salaries, employee medical benefits, insurance benefits, or other benefits the Court has authorized the Debtors to honor in the ordinary course of business. CBA Parties need not submit Claims for such amounts unless the Debtors have provided written notice to certain CBA Parties and their unions, where applicable, that the Debtors do not intend to pay such Claims with respect to those certain CBA Parties, in which case those CBA Parties will have until the later of (i) the General Claims Bar Date and (ii) 35 days after the date of written notice to submit Proofs of Claim. Notwithstanding the foregoing, employees (present or former) or the labor unions must submit claims relating to grievances prior to the General Claims Bar Date to the extent the grounds for such grievances arose on or before the Petition Date, *provided* that labor unions may submit a claim itemizing such grievances on behalf of their respective members;

j.   any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;

k.   any person or entity holding a claim for which a separate deadline is fixed by this Court;

l.   claims for fees and expenses of professionals retained in these chapter 11 cases;

m.   any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration

incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a Proof of Claim on or prior to the Claims Bar Date;

n.    the SOA Secured Parties and the Existing Term Loan Secured Parties (each, as defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(B), 364(C)(1), 364(C)(2), 364(C)(3), 364(D)(1), and 364(E) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364, and 507(B), and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 40001(b) and (c)* (the "Interim DIP Order") [Docket No. 85], for claims arising from or relating to the applicable Prepetition Debt Documents (as defined in the Interim DIP Order), *provided* that each of the SOA Agent and the Existing Term Loan Agent (each as defined in the Interim DIP Order), on behalf of the SOA Secured Parties and the Existing Term Loan Secured Parties, as applicable, is authorized and entitled, in its sole discretion, but not required, to file (and amend and/or supplement, as it sees fit) a single, master consolidated proof of claim in respect of the applicable Prepetition Secured Obligations in the manner described in paragraph 27 of the Interim DIP Order or any analogous provision of the Final Order (as defined in the Interim DIP Order) upon entry thereof. In the event of any inconsistency between this Order, on the one hand, and the Interim DIP Order or the Final Order (as defined in the Interim DIP Order), upon entry thereof, on the other hand, the latter shall control.

## III.   Substantive Requirements of Proofs of Claim.

5.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty 20 days prior to the Petition

Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    ***Original Signatures Required***.  Only ***original*** Proofs of Claim or claims filed electronically through the interface available at https://www.omnimgt.com/PESHoldings2019 may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    ***Identification of the Debtor Entity***.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number (No. 19-11626 (KG)) or otherwise without identifying a specific Debtor, will be deemed as filed only against PES Holdings, LLC.

e.    ***Claim Against Multiple Debtor Entities***.  Unless otherwise ordered by this Court, each Proof of Claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than 10 days from the date of such request.

g.    ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by the Claims and Notice Agent on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either: (i) electronically through the interface available at https://www.omnimgt.com/PESHoldings2019 or (ii) by first class U.S. mail, by overnight U.S. mail, or other hand delivery system at the following address:

PES Holdings, LLC, et al. Claims Processing
c/o Omni Management Group
5955 DeSoto Ave., Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    ***Receipt of Service.***  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Omni); and (ii) a self-addressed, stamped envelope to Omni.

## IV.    Identification of Known Creditors.

6.    The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## V.    Procedures for Providing Notice of the Bar Date.

### A.    Mailing of Bar Date Notices.

7.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form annexed as **Exhibit 2** hereto (the "Bar Date Notice", and together a Proof of Claim Form, collectively, the "Bar Date Package") to be mailed via first class mail, no later than 3 business days after the the filing of the Schedules, to the following parties:

a.    the U.S. Trustee for the District of Delaware;

b.    the entities listed as holding the 50 largest unsecured claims against the Debtors (on a consolidated basis);

c.    counsel to the administrative agent and the lenders under the Debtors' postpetition debtor-in-possession financing facility;

d.    the administrative agent and lenders under the Debtors' prepetition term loan facility and counsel thereto

e.      party to the Debtors' prepetition intermediation facility and counsel thereto;

f.      all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

g.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

h.      all entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

i.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

j.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

k.      all known entities who are party to active litigation with the Debtors;

l.      all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

m.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

n.      the Office of the Attorney General for each state in which the Debtors maintain or conduct business;

o.      the United States Internal Revenue Service; and

p.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

8.      The Debtors shall provide all known creditors listed in the Debtors' Schedules and, upon any amendment to the Debtors' Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any;

(c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

9.      After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

**B.      Publication of the Bar Date Notice.**

10.      The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors. Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form annexed hereto as **Exhibit 3** (the "Publication Notice"), on one occasion in *The New York Times* (national edition), *USA Today* (national edition), and *The Wall Street Journal* (national

edition) on or before September 30, 2019, thus satisfying the requirements of Bankruptcy Rule 2002(a)(7) that such notice be published at least 21 days before the Claims Bar Date.

11.    Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VI.    Consequences of Failure to File a Proof of Claim.

12.    Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim) and shall not be treated as a creditor for purposes of voting and distribution; *however*, this does not limit any rights a person or entity may or may not have under Rule 3003(c)(2).  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified in the Schedules as not contingent, not disputed, and not liquidated.

13.    Any person or entity who is required, but fails, to file a Proof of Claim or an in accordance with this Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

14.    Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental

notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VII.    Miscellaneous.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16.    Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 23rd, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**