# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PES HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 19-11626 (KG) <br> ) (Jointly Administered) <br> ) Objection Deadline: September 11, 2019 at 4:00 p.m. |

### DECLARATION OF DISINTERESTEDNESS OF BUCHANAN INGERSOLL & ROONEY PC PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

I, ALAN MICHAEL SELTZER, declare under penalty of perjury:

1. I am an Attorney of Buchanan Ingersoll & Rooney PC located at 50 S. 16th Street, Philadelphia, PA 19102-2555 (the "Firm").

2. PES Holdings, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal and regulatory services to the Debtors. Specifically, the Debtors have requested that the Firm continue to represent them as real estate counsel, in relation to certain local law matters, as well as in regulatory proceedings at the state and local level with respect to issues arising from modifications to the operation of certain counterparties' pipeline facilities in Pennsylvania. The Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

persons that are parties in interest in the Debtors' chapter 11 cases. The Firm, however, does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates. Notwithstanding the foregoing, others in the Firm represent The Huntington National Bank in connection with its status as a participant in the Debtor's debtor-in-possession financing facility. However, the Firm does not represent the Agent of that facility.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, shareholder, director, officer, etc. of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, officer, of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. The Debtors owe the Firm $23,380.00 for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

8. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not a party to an agreement for indemnification with certain of the Debtors.

9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: August 28, 2019

_____
ALAN MICHAEL SELTZER