# EXHIBIT 1

**Stipulation**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## STIPULATION BETWEEN PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC, ICBC STANDARD BANK PLC, AND PHILLIPS 66 PARTNERS HOLDINGS LLC RELATING TO THE TERMINAL SERVICES AND CONSENT AGREEMENTS

This stipulation (the "Stipulation") is entered into this 30th day of August, 2019 by and between Philadelphia Energy Solutions Refining and Marketing LLC ("PESRM"), ICBC Standard Bank Plc ("ICBCS"), and Phillips 66 Partners Holdings LLC ("Phillips 66," and together with PESRM and ICBCS, the "Parties"). The Parties hereby stipulate as follows:

**WHEREAS**, PESRM and Phillips 66 are parties to the *Terminal Services Agreement* dated as of February 1, 2019 (the "Terminal Services Agreement"); and

**WHEREAS**, the Parties are parties to the *Third Party Consent and Access Agreement* dated as of June 3, 2019 (the "Third Party Consent Agreement"); and

**WHEREAS**, PESRM provided Phillips 66, prior to the Petition Date (as defined below), with Performance Assurance (as defined in the Terminal Services Agreement) in the form of cash collateral, in the amount of $224,112 (the "Cash Collateral Amount"); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

**WHEREAS**, approximately $237,680.45 is due to Phillips 66 under the Terminal Services Agreement as of the date herein (the "Overdue Balance Amount"), comprised of (i) June 2019 storage services fee of $58,285.36; (ii) July 2019 storage services fee of $56,028.00; (iii) transmix storage fee for the months of February through July 2019 of $10,029.36; (iv) August 2019 storage fee of $56,028.00; (v) August 2019 transmix storage fee of $2,514.30; and (vi) tank cleaning expenses of $54,795.43; and

**WHEREAS**, Phillips 66 Company, an affiliate of Phillips 66, wishes to purchase the transmix product from ICBCS in Phillips 66's tanks (the "Transmix") on a date (the "Transaction Date") before or as soon as practicable after the execution of this Stipulation; and

**WHEREAS**, the Parties wish to terminate the Terminal Services Agreement and the Third Party Consent Agreement; and

**WHEREAS**, on July 21, 2019, the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court").

**NOW THEREFORE, upon consent and agreement of the Parties by their attorneys and authorized officials, it is hereby agreed as follows:**

1. The Terminal Services Agreement and the Third Party Consent Agreement shall be deemed terminated and rejected on the later of the execution of this Stipulation or the Transaction Date.

2. Within five (5) days of the entry of the Order approving the Stipulation: (a) Phillips 66 shall recoup the Overdue Balance Amount against the Cash Collateral Amount; and (b) PESRM shall pay Phillips 66 in the amount of $13,568.45, which reflects the Overdue Balance Amount *minus* the Cash Collateral Amount.

3. In the period of time, if any, following the execution of the Stipulation through and including the Transaction Date (the "Transition Period"), PESRM shall not incur any fees, costs, or charges in connection with the Terminal Services Agreement, with the exception of transmix storage fees accrued during and on account of the Transition Period (the "Transition Storage Fees"), if any. Phillips 66 is authorized, effective upon execution of this Stipulation, to contract with third parties for the use of any capacity not used for the benefit of PESRM during the Transition Period (such benefits, if any, are being paid for by the Transition Storage Fees).

4. Any and all of PESRM's existing obligations under the Terminal Services Agreement shall be forever released and deemed satisfied upon payment in full of the Overdue Balance Amount to and any Transition Storage Fees, if any. PESRM shall pay the Transition Storage Fees, if any, to Phillips 66 within five (5) days after receiving an invoice from Phillips 66.

5. Notwithstanding anything to the contrary herein, if the Transaction Date occurs at any time after September 1, 2019, the Third Party Consent Agreement shall not be deemed terminated until payment in full of the Transition Storage Fees.

6. This Stipulation resolves any and all disputes the Parties had or have with regard to the Terminal Services Agreement and the Third Party Consent Agreement, and the Parties agree to release each other from any and all actions, claims, causes of action, complaints, grievances, controversies, demands, rights, liens, indemnities, interests, guaranties, suits, obligations, liabilities, damages, judgments, accounts, defenses, or offsets, of any kind or character whatsoever, whether known, unknown, contingent or noncontingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, assertable directly or derivatively, whether arising in contract or in tort, in law or in equity, or pursuant to any other theory of law that such person or

entity would have been legally entitled to assert (whether individually or collectively), resulting from or attributable to the Terminal Services Agreement and the Third Party Consent Agreement.

7. This Stipulation shall be immediately binding on the Parties upon its execution but shall not become effective until entry of an order approving this Stipulation.

8. The Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

*[Remainder of page intentionally left blank.]*

Dated: August 30, 2019

| | |
|---|---|
| /s/ Candace S. Schiffman | /s/ Nacif Taousse |
| Candace S. Schiffman | Nacif Taousse |
| Senior Counsel | **KIRKLAND & ELLIS LLP** |
| **PHILLIPS 66 COMPANY** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 2331 City West Blvd. | 601 Lexington Avenue |
| Houston, TX 77042 | New York, New York 10022 |
| Telephone: (832) 765-1241 | Telephone: (212) 446-4800 |
| Facsimile: (832) 765-9875 | Facsimile: (212) 446-4900 |
| Email: candace.schiffman@p66.com | Email: nacif.taousse@kirkland.com |
| *Counsel to Phillips 66 Partners Holdings LLC and Phillips 66 Company* | *Counsel to the Debtors and Debtors in Possession* |

/s/ Bryan R. Podzius
Ray C. Schrock, P.C.
David N. Griffiths
Bryan R. Podzius
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: ray.schrock@weil.com
      david.griffiths@weil.com
      bryan.podzius@weil.com

*Counsel for ICBC Standard Bank Plc*