## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PES HOLDINGS, LLC., *et al.*,[1] | ) | Case No. 19-11626 (KG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

PES Holdings, LLC ("Holdings") and its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases, (the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Rachel Celiberti has signed each set of the Schedules and Statements.  Ms. Celiberti serves as the Chief Financial Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Ms. Celiberti has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors.  Ms. Celiberti has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

<h3 style="text-align:center">Global Notes and Overview of Methodology</h3>

1.  **Description of Cases.**  On July 21, 2019, (the "<u>Petition Date</u>"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the July 23, 2019, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 72].  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The liability information provided herein represents the liability data of the Debtors as of the Petition Date and the asset information provided herein represents the asset data of the Debtors as of July 31, 2019, except as otherwise noted.

2.  **Global Notes Control.**  These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.  In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3.  **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to (a) amend and supplement the Schedules and Statements as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("<u>Claim</u>")[2] description, designation, or Debtor against which the Claim is asserted;

---

[2]  For purposes of these Global Notes, the term "Claim" shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

(b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority or avoidability of any Claim (regardless of whether or not any such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)    **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)    **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

(c)    **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract, or to setoff of such Claims, as appropriate.

(d) **Claims Description.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e) **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f) **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action"), and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g) **Intellectual Property Rights.** Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be

construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)    **Insiders.**    In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.    **Methodology.Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)    **Comprehensive Enterprise.**    The Debtors operate their business as a comprehensive enterprise and their financial affairs are complex.    Before the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System").  Disbursements under the Cash Management System were controlled primarily by personnel located at the Debtors' headquarters.  As described in further detail in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion"), certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the operation of the Cash Management System or otherwise as a result of the Debtors' operations.  Further, due to the nature of the Debtors' operations, certain Claims set forth in one legal entity's Schedules and Statements may more appropriately be an obligation of another legal entity.  Although diligent efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors

reserve the right to modify or amend the Schedules and Statements to attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

(c) **Confidential Information.** There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information, or concerns for the privacy of an individual. In addition, the very existence of certain agreements is (by the terms of such agreements) confidential. These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable. The alterations or redactions are limited only to what the Debtors believe is necessary.

(d) **Umbrella or Master Agreements.** Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement. Other Debtors, however, may be liable instead of, or together with, such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(e) **Executory Contracts.** Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease.

(f) **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

(g) **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date. Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets. The Debtors believe that it would be an

inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined, and nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(h)     **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(i)     **Allocation of Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

(j)     **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(k)     **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(l)     **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(m)     **Paid Claims.** The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied,

they are not listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.  Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(n)    **Intercompany Claims.**  As described in the Cash Management Motion, Holdings does substantial business with its indirect parent, PES Energy, Inc., as well as with its affiliates and subsidiaries.  Prepetition receivables and payables among the Debtors in these chapter 11 cases are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records.  Intercompany Claims are listed as of July 31, 2019.  Certain types of expenses are allocated among the Debtors utilizing a comprehensive allocation methodology in connection with the monthly accounting close.  Additionally, there are certain expenses (e.g., debt service obligations) whose costs historically have been borne by Holdings or PES Energy Inc. alone, without regard to the allocation methodology.  As such, intercompany liabilities listed on Schedule E/F are marked as "contingent" and "unliquidated."  For additional information about the Debtors' intercompany transactions and related cash management protocols, see the Cash Management Motion.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts or notes would be allowed as a Claim, an Interest, or not allowed at all.  Although diligent efforts have been made to set forth all, or all material, intercompany transactions, on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to include additional intercompany transactions or to attribute intercompany transactions to a different legal entity, if necessary or appropriate.

(o)    **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements.  Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(p)    **Excluded Assets and Liabilities.**  The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements, including,

without limitation:  certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued taxes, accrued salaries and employee benefits.  The Debtors also have excluded worker's compensation Claims to maintain the privacy of the claimants.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist.  Other immaterial assets and liabilities may also have been excluded.  The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis.  As discussed herein, prepetition liabilities that the Debtors have paid postpetition or those which the Debtors plan to pay according to Bankruptcy Court authorization may not be listed in the Schedules and Statements.

(q)    **Liens.** The property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(r)    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(s)    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the oil and gas manufacturing industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    <u>**Specific Schedules Disclosures.**</u>

(a)    **Schedules Summary**.  Except as otherwise noted, the asset information provided herein represents the Debtors' data as of July 31, 2019 and the liability information provided herein represents the Debtors' data as of the Petition Date.

(b)    For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements.  Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated.  Accordingly, the totals listed in the Schedules will likely differ, at times materially,

from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

(c)     The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

(d)     **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Cash on hand is presented in accordance with the Debtors' books and records as of the Petition Date. Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion.

Additionally, the Bankruptcy Court, pursuant to the *Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief* [Docket No. 232], has authorized the debtors to provide adequate assurance of payment for future utility services in an aggregate amount of approximately $1 million. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

Pursuant to the *Interim Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(3), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 85], the Debtors have access to the $100,000,000 DIP Term Loan (as defined therein).

(e)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ

significantly from their net book value. As for question 15, equity interests in subsidiaries and affiliates primarily arise from stockholder or member interests. For purposes of the Schedules, the Debtors have listed an undetermined value for the equity interests.

(f)   **Schedule A/B, Part 5 – Inventory, excluding Agricultural Assets.** The Debtors include in their books and records certain inventory of which they hold but are not the owners. This inclusion by the Debtors is merely for tracking purposes. Such inventory has been excluded from Schedule A/B, Part 5, but has been noted in the Statements, part 13, question 27.

(g)   **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

(h)   **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.* In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

*Interests in Insurance Policies or Annuities.* A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase and Finance Insurance Policies, and (C) Continued and Renew Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 11] (the "Insurance Motion"), and in the rider attached to part 11, question 73. The value of each insurance policy is included in the Insurance Motion, and the current value of the Debtors' interest in each insurance policy is yet to be determined.[3]

(i)   **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered

---

[3]   On August 7, 2019, the Debtors commenced an adversary proceeding by filing a complaint against ICBC Standard Bank PLC ("ICBCS") seeking declaratory judgment that the Debtors' insurance proceeds for business interruption losses resulting from the Girard Point Incident constitute Term Loan Priority Collateral as defined in the August 7, 2018 intercreditor agreement between ICBCS, the Term Loan Agent, and certain of the Debtors.

by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, subject to the exception set forth above, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any inter-creditor or intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien.  Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, perfection and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In response to "Describe debtor's property that is subject to lien," and "Describe the lien," any description of the creditor's liens or their priority herein is qualified in its entirety by reference to the operative documents, agreements, schedules, any amendments and exhibits to the preceding and any documents evidencing perfection of such lien.  The Debtor is taking no position on the extent or priority of a particular creditor's lien in this document.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.  Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents have been listed for purposes of Schedule D.  The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

(j)    **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 219] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon

prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E/F.

Furthermore, pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 221] (the "Wages Order"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been satisfied. Such satisfied amounts are not listed in Schedule E/F. Schedule E/F does not include entries related to Workers Compensation Claims, the disclosure of which may be a violation of HIPAA laws. These creditors have been included in the creditor matrix and will receive proofs of claim forms to be filed if they believe they have a Claim against a Debtor

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such claims. The Debtors take no position in these Schedules and Statements as to whether such claims would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such claims.

The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor. To the extent the debt could not be attributed to a specific Debtor, the liability has been listed on Schedule E/F, Part 2, of Philadelphia Energy Solutions Refining and Marketing LLC ("PESRM").

Schedule E/F, Part 2, contains information regarding certain compensation-related claims of insiders of the Debtors. In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed

as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 222] (the "Critical Vendor Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for Critical Vendors (as defined therein). The Debtors have not listed on Schedule E/F any critical vendor obligations which the Debtors believe they have satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Critical Vendor Order.

(k)    **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Additionally, in certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature, but can be made available to the U.S. Trustee on a confidential basis. The Debtors may have entered into various other

types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G.    Additionally, relationships between the Debtors and certain counterparties are often governed by a master services agreement, under such counterparties also place work and purchase orders, which may be considered executory contracts.  Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome.  Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder have been omitted.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status, effectiveness, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

In some cases, the same supplier or provider may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Insurance policies are not listed on Schedule G.  Refer to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase and Finance Insurance*

*Policies, and (C) Continued and Renew Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 11] for a list of the Debtors' insurance policies.

(l)    **Schedule H – Co-Debtors.**  For purposes of Schedule H, counterparties that are subject to a guaranty are listed as Co-Debtors on Schedule H.  The Debtors have not listed any litigation-related Co-Debtors on Schedule H.  Instead, all such listings can be found on the Debtors' Schedule E/F.

6.    <u>**Specific Statements Disclosures.**</u>

(a)    **Statements, Part 2, Question 1.**  The Debtors' gross revenues from business are presented from the beginning of the fiscal year through July 31, 2019.

(b)    **Statements, Part 2, Question 2.**  The Debtors' non-business revenues are presented from the beginning of the fiscal year through July 31, 2019.

(c)    **Statements, Part 2, Question 3 and 4 – Payments to Certain Creditors.**  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which PESRM and certain of its Debtor affiliates made certain payments on behalf of other entities.  Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by PESRM or one of its Debtor affiliates from operating bank accounts (the "<u>Operating Accounts</u>"), on behalf of the corresponding debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.  For the sake of completeness and out of an abundance of caution, the Debtors have listed transfers valued at less than $6,825 in their response to Question 3.  In addition, payments listed in Statements, Part 2, Question 4 are net payments as of actual invoices and include credits and inter-company liabilities.

(d)    **Statements, Part 2, Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(s) of these Global Notes.

(e)    **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**  The attachment to Question 11 reflects payments to professionals made from the Debtors' Main Concentration Account, which is owned by PESRM, on behalf of the eight Debtors on a consolidated basis.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis.  The response to Question 11 in each of the Debtors' Statements thus refers to the attachment to Question 11 of PESRM's Statement.

(f)    **Statements, Part 11, Question 21 – Property Held for Another.**  The Debtors are obligated under various agreements to remit certain funds held for third parties to those parties, and have received authorization to do so under the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 222].  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not

constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

(g) **Statements, Part 12, Questions 22-24 – Details About Environmental Information.** The Debtors have operated over a substantial period of time and, as a result, may no longer possess the relevant records, or the records may no longer be complete or reasonably accessible. In addition, certain statutory document retention periods may have lapsed. Furthermore, certain individuals who once possessed responsive information may no longer be employed by the Debtors. As a result, it may not be reasonably possible to identify and supply the requested information for every "notice" responsive to Statements or every "proceeding" responsive to Statements. Nonetheless, the Debtors have devoted substantial internal and external resources to identify and provide the requested information for as many responsive notices as reasonably possible. The Debtors reserve the right to supplement or amend their response in the future if additional information becomes available.

(h) **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided lists of these parties in their Responses to Statement Question 26.

(i) **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders.** The Debtors incorporate by reference the *(I) List of Equity Security Holders and (II) Corporate Ownership Statement* attached to each Debtor's Voluntary Petition. *See, e.g.*, *Voluntary Petition for Non-Individuals Filing for Bankruptcy* in Case No. 19-11626 (KG) [Docket No. 1].

(j) **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 3 and 4. Certain directors and executive officers of PES Energy Inc. are also executive officers of certain Debtor subsidiaries. To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor subsidiaries, they did not receive payment for their services as directors or executive officers of these entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

\*      \*      \*      \*      \*

17

**Fill in this information to identify the case:**

Debtor name  North Yard GP, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  19-11627

☐ Check if this is an
amended filing

## Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

---

### Part 1:   Summary of Assets

1. *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ...........................................................................................................

   $ _____ 0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* .........................................................................................................

   $ _____ 0.00
   + undetermined amounts

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* ...........................................................................................................

   $ _____ 0.00
   + undetermined amounts

---

### Part 2:   Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ............

   $  1,015,626,159.00
   + undetermined amounts

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* .........................................................

   $ _____ 0.00

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ...............................

   **+** $ _____ 0.00

4. **Total liabilities** .................................................................................................................................
   Lines 2 + 3a + 3b

   $  1,015,626,159.00
   + undetermined amounts

---

**Fill in this information to identify the case:**

Debtor name  North Yard GP, LLC

United States Bankruptcy Court for the:_____ District of Delaware

Case number (If known):  19-11627_____

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**
   - ☒ No. Go to Part 2.
   - ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand**                                                                                                    $_____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. _____ | _____ | ___ ___ ___ ___ | $_____ |
| 3.2. _____ | _____ | ___ ___ ___ ___ | $_____ |

4. **Other cash equivalents** *(Identify all)*

   4.1. _____    $_____

   4.2. _____    $_____

5. **Total of Part 1**                                                                                           $_____ 0.00
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**
   - ☒ No. Go to Part 3.
   - ☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1. _____    $_____

   7.2. _____    $_____

Debtor    North Yard GP, LLC
_____
Name

Case number (*if known*) 19-11627
_____

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1. _____    $_____

   8.2. _____    $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.    $_____ 0.00

## Part 3:  Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☒ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    | | Current value of debtor's interest |
    |---|---|

11. **Accounts receivable**

    11a. 90 days old or less:  _____  –  _____  = ......➔    $_____
    face amount                  doubtful or uncollectible accounts

    11b. Over 90 days old:  _____  –  _____  = ......➔    $_____
    face amount                  doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____ 0.00

## Part 4:  Investments

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    | | Valuation method used for current value | Current value of debtor's interest |
    |---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1. _____    _____    $_____

    14.2. _____    _____    $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                    % of ownership:

    15.1. _____    _____%    _____    $_____

    15.2. _____    _____%    _____    $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1. _____    _____    $_____

    16.2. _____    _____    $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.    $_____ 0.00

---

| Debtor | North Yard GP, LLC | Case number *(if known)*  19-11627 |
|---|---|---|
| | Name | |

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ☒ No. Go to Part 6.

   ☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 20. **Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

   Add lines 19 through 22. Copy the total to line 84.

   | $_____ 0.00 |
   |---|

24. **Is any of the property listed in Part 5 perishable?**

   ☐ No

   ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

   ☐ No

   ☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

   ☐ No

   ☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ☒ No. Go to Part 7.

   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor    North Yard GP, LLC_____     Case number (if known) __19-11627_____
          Name

33. **Total of Part 6.**

   Add lines 28 through 32. Copy the total to line 85.                          $_____0.00

34. **Is the debtor a member of an agricultural cooperative?**

   ☐ No

   ☐ Yes. Is any of the debtor's property stored at the cooperative?

      ☐ No
      ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

   ☐ No

   ☐ Yes. Book value $_____    Valuation method _____    Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

   ☐ No
   ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

   ☐ No
   ☐ Yes

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

   ☑ No. Go to Part 8.
   ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $_____ | _____ | $_____ |
| 42.2 _____ | $_____ | _____ | $_____ |
| 42.3 _____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

   Add lines 39 through 42. Copy the total to line 86.                          $_____0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

   ☐ No
   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

   ☐ No
   ☐ Yes

| Debtor | North Yard GP, LLC | Case number (if known) | 19-11627 |
|---|---|---|---|
| | Name | | |

**Part 8:** **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |
| **49. Aircraft and accessories** | | | |
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  North Yard GP, LLC
_____
        Name

Case number (if known)  19-11627
_____

---

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

    ☒ No. Go to Part 10.

    ☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as<br>Assessor Parcel Number (APN), and type of property<br>(for example, acreage, factory, warehouse, apartment<br>or office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1_____ | _____ | $_____ | _____ | $_____ |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

    $_____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

    ☐ No

    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

**Part 10:    Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☒ No. Go to Part 11.

    ☐ Yes. Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br> | $_____ | _____ | $_____ |

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

    $_____ 0.00

---

Debtor    North Yard GP, LLC
          Name

Case number (*if known*)    19-11627

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
- ☐ No
- ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
- ☐ No
- ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
- ☐ No
- ☐ Yes

## Part 11:    All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

- ☐ No. Go to Part 12.
- ☒ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**

Description (include name of obligor)

None _____ Total face amount _____ − doubtful or uncollectible amount _____ = ➔ $_____ 0.00

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

None _____
_____    Tax year _____    $_____ 0.00
_____    Tax year _____    $_____
_____    Tax year _____    $_____

73. **Interests in insurance policies or annuities**

See Attached Rider _____    $_____ 0.00
        + undetermined amounts

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

None _____    $_____ 0.00

**Nature of claim** _____

**Amount requested** $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None _____    $_____ 0.00

**Nature of claim** _____

**Amount requested** $_____

76. **Trusts, equitable or future interests in property**

None _____    $_____ 0.00

77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

None _____    $_____ 0.00
_____    $_____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $_____ 0.00
        + undetermined amounts

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
- ☒ No
- ☐ Yes

Debtor    North Yard GP, LLC
_____
          Name

Case number (*if known*)____ 19-11627 _____

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $_____ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $_____ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $_____ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $_____ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $_____ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $_____ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $_____ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $_____ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ...........................➜ | | $_____ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $_____ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $_____ 0.00  + undetermined amounts | |
| 91. **Total.** Add lines 80 through 90 for each column. ...........................91a. | $_____ 0.00  + undetermined amounts   + 91b. | $_____ 0.00 |

| | |
|---|---|
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................ | $_____ 0.00  + undetermined amounts |

Debtor Name: North Yard GP, LLC                                      Case Number: 19-11627

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| CHUBB / ACE AMERICAN INSURANCE COMPANY INC. | EXCESS DIRECTORS & OFFICERS 7TH | G71166909 001 | Undetermined |
| CHUBB / ACE AMERICAN INSURANCE COMPANY INC. | EXCESS DIRECTORS & OFFICERS 8TH | G31329814 001 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY INC. | AUTO LIABILITY | ISA H09053517 | Undetermined |
| ACE AMERICAN INSURANCE COMPANY INC. | WORKER'S COMPENSATION/EL | WLR C49107912 | Undetermined |
| ACE PROPERTY & CASUALTY COMPANY, INC. | UMBRELLA LIABILITY | G27833056 004 | Undetermined |
| ARCH INSURANCE CO. | EXCESS DIRECTORS & OFFICERS 2ND | PCX1000005 | Undetermined |
| ARCH REINSURANCE LTD (BERMUDA) | EXCESS LIABILITY | URP0056196-00 | Undetermined |
| ARGO RE LTD | EXCESS LIABILITY | ARGO-CAS-OR-000618 | Undetermined |
| AXA | EXCESS LIABILITY | XLUMB-1233613 | Undetermined |
| AXIS SURPLUS INSURANCE COMPANY | EXCESS LIABILITY | P-001-000083481-01 | Undetermined |
| BEAZLEY INSURANCE COMPANY | EXCESS DIRECTORS & OFFICERS 5TH | V2414A180101 | Undetermined |
| BERKSHIRE HATHAWAY | EXCESS DIRECTORS & OFFICERS 4TH | 47-EMC-305869-01 | Undetermined |
| BERKSHIRE HATHAWAY | EXCESS DIRECTORS & OFFICERS 9TH | 47-EMC-305873-01 | Undetermined |
| CHUBB BERMUDA INSURANCE LTD. | EXCESS LIABILITY | PES-1643/XL004 | Undetermined |
| ENDURANCE AMERICAN INSURANCE COMPANY | EXCESS DIRECTORS & OFFICERS 3RD | DOX10013565100 | Undetermined |
| ENDURANCE SPECIALTY INSURANCE LTD | EXCESS LIABILITY | EXC10003755500 | Undetermined |
| EVANSTON INSURANCE CO. | RAILROAD PROPERTY | RRP1641-3 | Undetermined |
| EVEREST NATIONAL INSURANCE CO. | COMMERCIAL EXCESS LIABILITY | XC9EX00060-191 | Undetermined |
| GENERAL SECURITY NATIONAL INSURANCE CO. | EXCESS LIABILITY | FA0038510-2019-1 | Undetermined |
| HAMILTON RE, LTD. | EXCESS LIABILITY | CX18-5994 | Undetermined |
| INDIAN HARBOR INSURANCE COMPANY | EXCESS LIABILITY | US00073774LI19A | Undetermined |
| IRONSHORE SPECIALTY INSURANCE COMPANY | EXCESS LIABILITY | 1452906 | Undetermined |
| LEX-LONDON | EXCESS LIABILITY | 62785411 | Undetermined |
| LIBERTY SPECIALTY MARKETS | EXCESS LIABILITY | IS0001063 | Undetermined |
| LLOYD'S OF LONDON | EXCESS LIABILITY | ENGLO1900260 | Undetermined |
| LLOYD'S SYNDICATE NO. 1414 (SLIP LEADER) AND VARIOUS UNDERWRITERS AT LLOYDS OF LONDON | MARINE CARGO STORAGE | MACAR1800076 | Undetermined |
| LLOYD'S SYNDICATE XLC NO. 2003 (SLIP LEADER) AND VARIOUS UNDERWRITERS AT LLOYDS OF LONDON | TERRORISM ($500M QUOTA SHARE) | CMCTR1802119 | Undetermined |

Debtor Name: North Yard GP, LLC                                                                    Case Number: 19-11627

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Description | Policy type | Policy number | Current value of debtor's interest |
|---|---|---|---|
| MARKEL | POLLUTION LIABILITY | MKLV4ENV101831 | Undetermined |
| MARKEL BERMUDA LTD | UMBRELLA LIABILITY | 1389241-10125-UMB-2019 | Undetermined |
| NATIONAL UNION FIRE INS CO (34%) STONINGTON INS CO(33%) NAVIGATORS INS CO(33%) | PRIMARY MARINE TERMINAL OPERATORS | 45779282 SF19MLLM11600 HO19LIA15088201 | Undetermined |
| NATIONAL UNION FIRE INS CO(50%) NAVIGATORS INS CO(50%) | EXCESS MARINE TERMINAL OPERATORS | 045779293 HO17LIA15088202 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH PA. | DIRECTORS & OFFICERS/EPLI/FID/CRIME/EMPLOYED LAWYERS | 01-778-79-74 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH PA. | EXCESS DIRECTORS & OFFICERS 6TH | 01-773-90-54 | Undetermined |
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH PA. | EXCESS DIRECTORS & OFFICERS 11TH | 01-778-79-75 | Undetermined |
| OIL CASUALTY INSURANCE LTD (BERMUDA) | EXCESS LIABILITY | U920270-0812 | Undetermined |
| QBE INSURANCE CORPORATION | EXCESS DIRECTORS & OFFICERS 10TH | 100003196 | Undetermined |
| SELF-INSURED | GENERAL LIABILITY | SELF-INSURED | Undetermined |
| STARR SURPLUS LINES INSURANCE COMPANY | COMMERCIAL EXCESS LIABILITY | 1000030838191 | Undetermined |
| STARR SURPLUS LINES INSURANCE COMPANY | EXCESS LIABILITY | 1000030714191 | Undetermined |
| STARR SURPLUS LINES INSURANCE COMPANY | EXCESS LIABILITY | 1000030715191 | Undetermined |
| STEADFAST INSURANCE COMPANY | EXCESS POLLUTION LIABILITY | AEC0117876-03 | Undetermined |
| THE STANDARD CLUB | CHARTERERS LIABILITY | TRD26791/26792/18 | Undetermined |
| U.S. SPECIALTY INSURANCE CO. | EXCESS DIRECTORS & OFFICERS 1ST | 14-MGU-17-A39860 | Undetermined |
| VARIOUS | COMMERCIAL PROPERTY COVERAGE | VARIOUS | Undetermined |
| WESTCHESTER FIRE INSURANCE COMPANY | EXCESS LIABILITY | G24317092 007 | Undetermined |
| | | **TOTAL** | **$0.00 + undetermined amounts** |

---

**Fill in this information to identify the case:**

Debtor name __North Yard GP, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__

Case number (If known): __19-11627_____

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**
☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☒ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | **Column A**<br>Amount of claim<br>Do not deduct the value<br>of collateral. | **Column B**<br>Value of collateral<br>that supports this<br>claim |
| --- | --- | --- | --- |

**2.1** **Creditor's name**
CORTLAND CAPITAL MARKET SERVICES LLC

**Describe debtor's property that is subject to a lien**
SEE SCHEDULE D DISCLOSURES

$ 123,727,240.00          $ Undetermined

**Creditor's mailing address**
225 W. WASHINGTON ST.
9TH FLOOR
ATTN: FRANCES REAL AND LEGAL DEPT
CHICAGO, IL 60606

**Describe the lien**
GUARANTOR OF TERM LOAN TRANCHE A

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**  Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☒ Contingent
☒ Unliquidated
☐ Disputed

**2.2** **Creditor's name**
CORTLAND CAPITAL MARKET SERVICES LLC

**Describe debtor's property that is subject to a lien**
SEE SCHEDULE D DISCLOSURES

$ 60,544,385.00          $ Undetermined

**Creditor's mailing address**
225 W. WASHINGTON ST.
9TH FLOOR
ATTN: FRANCES REAL AND LEGAL DEPT
CHICAGO, IL 60606

**Describe the lien**
GUARANTOR OF TERM LOAN TRANCHE A-2

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Date debt was incurred**  Undetermined

**Last 4 digits of account number**

**Is anyone else liable on this claim?**
☐ No
☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.

  ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☒ Unliquidated
☐ Disputed

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ 1,015,626,159.00
+ undetermined amounts

| Debtor | North Yard GP, LLC | | Case number *(if known)* | 19-11627 |
|---|---|---|---|---|
| | Name | | | |

| **Part 1:** | **Additional Page** | Column A<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially
from the previous page.

| | | | |
|---|---|---|---|
| 2.3 | **Creditor's name**<br>CORTLAND CAPITAL MARKET SERVICES LLC | **Describe debtor's property that is subject to a lien**<br>SEE SCHEDULE D DISCLOSURES | $79,465,136.00 | $ Undetermined |

**Creditor's mailing address**
225 W. WASHINGTON ST.
9TH FLOOR
ATTN: FRANCES REAL AND LEGAL DEPT
CHICAGO, IL 60606

**Describe the lien**
GUARANTOR OF TERM LOAN TRANCHE B

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
[X] No
[ ] Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account
number**

**Is anyone else liable on this claim?**
[ ] No
[X] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the
same property?**
[X] No
[ ] Yes. Have you already specified the
relative priority?

    [ ] No. Specify each creditor, including
this creditor, and its relative priority.

    [ ] Yes. The relative priority of creditors is
specified on lines

**As of the petition date, the claim is:**
Check all that apply.
[X] Contingent
[X] Unliquidated
[ ] Disputed

| | | | |
|---|---|---|---|
| 2.4 | **Creditor's name**<br>CORTLAND CAPITAL MARKET SERVICES LLC | **Describe debtor's property that is subject to a lien**<br>SEE SCHEDULE D DISCLOSURES | $448,812,238.00 | $ Undetermined |

**Creditor's mailing address**
225 W. WASHINGTON ST.
9TH FLOOR
ATTN: FRANCES REAL AND LEGAL DEPT
CHICAGO, IL 60606

**Describe the lien**
GUARANTOR OF TERM LOAN TRANCHE C

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
[X] No
[ ] Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account
number**

**Is anyone else liable on this claim?**
[ ] No
[X] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the
same property?**
[X] No
[ ] Yes. Have you already specified the
relative priority?

    [ ] No. Specify each creditor, including
this creditor, and its relative priority.

    [ ] Yes. The relative priority of creditors is
specified on lines

**As of the petition date, the claim is:**
Check all that apply.
[X] Contingent
[X] Unliquidated
[ ] Disputed

Debtor ____North Yard GP, LLC_____    Case number (if known) __19-11627_____
     Name

| **Part 1:** | **Additional Page** | *Column A*<br>**Amount of claim**<br>Do not deduct the<br>value of collateral | *Column B*<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially
from the previous page.

| 2.5 | **Creditor's name**<br>ICBC STANDARD BANK PLC | **Describe debtor's property that is subject to a lien**<br>SEE SCHEDULE D DISCLOSURES | $303,077,160.00 | $ Undetermined |

**Creditor's mailing address**
20 GRESHAM STREET
ATTN: HEAD OF ENERGY
LONDON EC2V 7JE
UNITED KINGDOM

**Describe the lien**
GUARANTOR OF SIXTH AMENDED AND RESTATED SUPPLY
AND OFFTAKE AGREEMENT

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
[X] No
[ ] Yes

**Date debt was incurred**   Undetermined
**Last 4 digits of account
number**

**Is anyone else liable on this claim?**
[ ] No
[X] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the
same property?**
[X] No
[ ] Yes. Have you already specified the
    relative priority?

**As of the petition date, the claim is:**
Check all that apply.
[X] Contingent
[X] Unliquidated
[X] Disputed

    [ ] No. Specify each creditor, including
    this creditor, and its relative priority.

    [ ] Yes. The relative priority of creditors is
    specified on lines

| 2.6 | **Creditor's name**<br>MERRILL LYNCH COMMODITIES, INC. | **Describe debtor's property that is subject to a lien** | $ Undetermined | $ Undetermined |

**Creditor's mailing address**
20 E GREENWAY PLAZA
SUITE 700
HOUSTON, TX 77046

**Describe the lien**
UCC - Lien Claim - As provided in UCC File Number
20194246885
Filed on: 6/20/2019

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
[X] No
[ ] Yes

**Date debt was incurred**   06/20/2019
**Last 4 digits of account
number**

**Is anyone else liable on this claim?**
[X] No
[ ] Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the
same property?**
[X] No
[ ] Yes. Have you already specified the
    relative priority?

**As of the petition date, the claim is:**
Check all that apply.
[X] Contingent
[X] Unliquidated
[ ] Disputed

    [ ] No. Specify each creditor, including
    this creditor, and its relative priority.

    [ ] Yes. The relative priority of creditors is
    specified on lines

Debtor    North Yard GP, LLC
_____
          Name

Case number *(if known)*    19-11627
_____

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no other need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| None | | |

**Fill in this information to identify the case:**

Debtor _____North Yard GP, LLC_____

United States Bankruptcy Court for the: _____ District of Delaware

Case number __19-11627_____
(If known)

☐ Check if this is an
amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☒ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number   ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

**2.2** Priority creditor's name and mailing address

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number   ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

**2.3** Priority creditor's name and mailing address

As of the petition filing date, the claim is: $_____   $_____
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
_____

_____

Last 4 digits of account
number   ___ ___ ___ ___

Is the claim subject to offset?
☐ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (____)

| Debtor | North Yard GP, LLC | Case number *(if known)* | 19-11627 |
|---|---|---|---|
| | Name | | |

---

**Part 2:**  **List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

**3.2** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

**3.3** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

**3.4** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

**3.5** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

**3.6** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ _____

**Basis for the claim:** 0.00

| Date or dates debt was incurred | _____ |
| Last 4 digits of account number | __ __ __ __ |

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

---

Debtor      North Yard GP, LLC
            _____
            Name

Case number *(if known)* ___19-11627___

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

**4.  List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

| Debtor | North Yard GP, LLC | Case number *(if known)* 19-11627 |
|---|---|---|
| | Name | |

**Part 4:**     **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5.  **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $_____ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $_____ 0.00 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $_____ 0.00 |

**Fill in this information to identify the case:**

Debtor name  North Yard GP, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  19-11627 _____  Chapter  11

☐ Check if this is an
amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☒ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |
| **2.5** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br>List the contract number of any government contract | |

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">Debtor name  North Yard GP, LLC</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:_____ District of Delaware</td></tr>
<tr><td colspan="2">Case number (If known):  19-11627</td></tr>
</table>

☐ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☒ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 | PES Holdings, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.2 | PES Holdings, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.3 | PES Holdings, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.4 | PES Holdings, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.5 | PES Holdings, LLC | | ICBC STANDARD BANK PLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.6 | North Yard Logistics, L.P. | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | North Yard GP, LLC | Case number *(if known)* | 19-11627 |
|--------|-------------------|--------------------------|----------|
|        | Name              |                          |          |

## Additional Page if Debtor Has More Codebtors

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.7 | North Yard Logistics, L.P. | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.8 | North Yard Logistics, L.P. | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.9 | North Yard Logistics, L.P. | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.10 | North Yard Logistics, L.P. | | ICBC STANDARD BANK PLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.11 | PES Administrative Services, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.12 | PES Administrative Services, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.13 | PES Administrative Services, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.14 | PES Administrative Services, LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.15 | PES Administrative Services, LLC | | ICBC STANDARD BANK PLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.16 | Philadelphia Energy Solutions Refining and Marketing LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.17 | Philadelphia Energy Solutions Refining and Marketing LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |

| Debtor | North Yard GP, LLC | Case number (if known) | 19-11627 |
|---|---|---|---|
| | Name | | |

| | **Additional Page if Debtor Has More Codebtors** |
|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.18 | Philadelphia Energy Solutions Refining and Marketing LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.19 | Philadelphia Energy Solutions Refining and Marketing LLC | | CORTLAND CAPITAL MARKET SERVICES LLC | ☒ D<br>☐ E/F<br>☐ G |
| 2.20 | Philadelphia Energy Solutions Refining and Marketing LLC | | ICBC STANDARD BANK PLC | ☒ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name   North Yard GP, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (*If known*):   19-11627 _____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/06/2019
      MM / DD / YYYY

✗ /s/ Rachel Celiberti
Signature of individual signing on behalf of debtor

Rachel Celiberti
Printed name

Chief Financial Officer
Position or relationship to debtor