## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC., *et al.*,[1] | ) | Case No. 19-11626 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

PES Holdings, LLC ("Holdings") and its affiliates and subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases, (the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Rachel Celiberti has signed each set of the Schedules and Statements. Ms. Celiberti serves as the Chief Financial Officer of the Debtors. In reviewing and signing the Schedules and Statements, Ms. Celiberti has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' legal and financial advisors. Ms. Celiberti has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

### Global Notes and Overview of Methodology

1. **Description of Cases.** On July 21, 2019, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the July 23, 2019, an order was entered directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 72]. Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. The liability information provided herein represents the liability data of the Debtors as of the Petition Date and the asset information provided herein represents the asset data of the Debtors as of July 31, 2019, except as otherwise noted.

2. **Global Notes Control.** These Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements conflict these Global Notes, these Global Notes shall control.

3. **Reservations and Limitations.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist. The Debtors reserve all rights to (a) amend and supplement the Schedules and Statements as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("Claim")[2] description, designation, or Debtor against which the Claim is asserted;

---

[2]  For purposes of these Global Notes, the term "Claim" shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

(b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority or avoidability of any Claim (regardless of whether or not any such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)     **No Admission.** Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)     **Recharacterization.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition. Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

(c)     **Classifications.** Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract, or to setoff of such Claims, as appropriate.

(d)    **Claims Description.** Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim. Moreover, listing a claim does not constitute an admission of liability by the Debtor against which the claim is listed or by any of the Debtors. The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)    **Estimates and Assumptions.** The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods. Actual results could differ from such estimates.

(f)    **Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action"), and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(g)    **Intellectual Property Rights.** Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be

construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(h)  **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders" the Debtors have included information with respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods.  Such individuals may no longer serve in such capacities.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for the purposes of determining control of the Debtors, the extent to which any individual exercised management responsibilities or functions, corporate decision-making authority over the Debtors, or whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or any other purpose.

4.  **Methodology.Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)  **Comprehensive Enterprise.**  The Debtors operate their business as a comprehensive enterprise and their financial affairs are complex.  Before the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System"). Disbursements under the Cash Management System were controlled primarily by personnel located at the Debtors' headquarters.  As described in further detail in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions, and (II) Granting Related Relief* [Docket No. 8] (the "Cash Management Motion"), certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the operation of the Cash Management System or otherwise as a result of the Debtors' operations.  Further, due to the nature of the Debtors' operations, certain Claims set forth in one legal entity's Schedules and Statements may more appropriately be an obligation of another legal entity. Although diligent efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors

reserve the right to modify or amend the Schedules and Statements to attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

(c)     **Confidential Information.**    There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality and protection of sensitive commercial information, or concerns for the privacy of an individual.  In addition, the very existence of certain agreements is (by the terms of such agreements) confidential. These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable.  The alterations or redactions are limited only to what the Debtors believe is necessary.

(d)     **Umbrella or Master Agreements.**    Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  Other Debtors, however, may be liable instead of, or together with, such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(e)     **Executory Contracts.**    Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease.

(f)     **Duplication.**    Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities and prepetition payments once.

(g)     **Net Book Value.**    In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date.  Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets and may differ materially from the actual value and/or performance of the underlying assets.  The Debtors believe that it would be an

inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined, and nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(h)    **Property and Equipment.** Unless otherwise indicated, owned property and equipment are valued at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(i)    **Allocation of Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate. The liabilities listed on the Schedules do not reflect any analysis of Claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

(j)    **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(k)    **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(l)    **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(m)    **Paid Claims.** The Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied,

they are not listed in the Schedules and Statements. To the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Bankruptcy Court where such order preserves the right to contest.

(n)    **Intercompany Claims.** As described in the Cash Management Motion, Holdings does substantial business with its indirect parent, PES Energy, Inc., as well as with its affiliates and subsidiaries. Prepetition receivables and payables among the Debtors in these chapter 11 cases are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records. Intercompany Claims are listed as of July 31, 2019. Certain types of expenses are allocated among the Debtors utilizing a comprehensive allocation methodology in connection with the monthly accounting close. Additionally, there are certain expenses (e.g., debt service obligations) whose costs historically have been borne by Holdings or PES Energy Inc. alone, without regard to the allocation methodology. As such, intercompany liabilities listed on Schedule E/F are marked as "contingent" and "unliquidated." For additional information about the Debtors' intercompany transactions and related cash management protocols, see the Cash Management Motion. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts or notes would be allowed as a Claim, an Interest, or not allowed at all. Although diligent efforts have been made to set forth all, or all material, intercompany transactions, on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to include additional intercompany transactions or to attribute intercompany transactions to a different legal entity, if necessary or appropriate.

(o)    **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor or Debtors. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(p)    **Excluded Assets and Liabilities.** The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements, including,

without limitation: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued taxes, accrued salaries and employee benefits. The Debtors also have excluded worker's compensation Claims to maintain the privacy of the claimants. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage Claims exist. Other immaterial assets and liabilities may also have been excluded. The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. As discussed herein, prepetition liabilities that the Debtors have paid postpetition or those which the Debtors plan to pay according to Bankruptcy Court authorization may not be listed in the Schedules and Statements.

(q)    **Liens.** The property and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(r)    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(s)    **Setoffs.** The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers. These normal, ordinary course setoffs and nettings are common to the oil and gas manufacturing industry. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

5.    **Specific Schedules Disclosures.**

(a)    **Schedules Summary.** Except as otherwise noted, the asset information provided herein represents the Debtors' data as of July 31, 2019 and the liability information provided herein represents the Debtors' data as of the Petition Date.

(b)    For financial reporting purposes, the Debtors and certain of their non-Debtor affiliates ordinarily prepare consolidated financial statements. Unlike the consolidated financial statements, the Schedules reflect the assets and liabilities of each Debtor on a nonconsolidated basis, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially,

9

from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

(c)     The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor. Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

(d)     **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Cash on hand is presented in accordance with the Debtors' books and records as of the Petition Date. Details with respect to the Debtors' cash management system and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court granting the Cash Management Motion.

Additionally, the Bankruptcy Court, pursuant to the *Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief* [Docket No. 232], has authorized the debtors to provide adequate assurance of payment for future utility services in an aggregate amount of approximately $1 million. Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Petition Date.

Pursuant to the *Interim Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(3), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 85], the Debtors have access to the $100,000,000 DIP Term Loan (as defined therein).

(e)     **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.** Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ

significantly from their net book value. As for question 15, equity interests in subsidiaries and affiliates primarily arise from stockholder or member interests. For purposes of the Schedules, the Debtors have listed an undetermined value for the equity interests.

(f)    **Schedule A/B, Part 5 – Inventory, excluding Agricultural Assets.** The Debtors include in their books and records certain inventory of which they hold but are not the owners. This inclusion by the Debtors is merely for tracking purposes. Such inventory has been excluded from Schedule A/B, Part 5, but has been noted in the Statements, part 13, question 27.

(g)    **Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles.** Dollar amounts are presented net of accumulated depreciation and other adjustments.

(h)    **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments.

*Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.* In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B, Part 11.

*Interests in Insurance Policies or Annuities.* A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase and Finance Insurance Policies, and (C) Continued and Renew Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 11] (the "Insurance Motion"), and in the rider attached to part 11, question 73. The value of each insurance policy is included in the Insurance Motion, and the current value of the Debtors' interest in each insurance policy is yet to be determined.[3]

(i)    **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered

---

[3]    On August 7, 2019, the Debtors commenced an adversary proceeding by filing a complaint against ICBC Standard Bank PLC ("ICBCS") seeking declaratory judgment that the Debtors' insurance proceeds for business interruption losses resulting from the Girard Point Incident constitute Term Loan Priority Collateral as defined in the August 7, 2018 intercreditor agreement between ICBCS, the Term Loan Agent, and certain of the Debtors.

by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the extent, validity, priority, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor. Moreover, subject to the exception set forth above, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any inter-creditor or intercompany agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, perfection and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

In response to "Describe debtor's property that is subject to lien," and "Describe the lien," any description of the creditor's liens or their priority herein is qualified in its entirety by reference to the operative documents, agreements, schedules, any amendments and exhibits to the preceding and any documents evidencing perfection of such lien. The Debtor is taking no position on the extent or priority of a particular creditor's lien in this document.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured credit facility and other funded secured indebtedness, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition funded indebtedness reflect approximate amounts as of the Petition Date.

(j)    **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 - Creditors with Priority Unsecured Claims.* Pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition and Postpetition Taxes and Fees and (II) Granting Related Relief* [Docket No. 219] (the "Taxes Order"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition. Accordingly, any unsecured priority claims based upon

prepetition tax accruals that have been paid pursuant to the Taxes Order are not listed in Schedule E/F.

Furthermore, pursuant to the *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 221] (the "Wages Order"), the Debtors received authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business. The Debtors believe that all such claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order. The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been satisfied. Such satisfied amounts are not listed in Schedule E/F. Schedule E/F does not include entries related to Workers Compensation Claims, the disclosure of which may be a violation of HIPAA laws. These creditors have been included in the creditor matrix and will receive proofs of claim forms to be filed if they believe they have a Claim against a Debtor

**Part 2 - Creditors with Nonpriority Unsecured Claims.** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such claims. The Debtors take no position in these Schedules and Statements as to whether such claims would be allowed as a Claim, an Interest, or not allowed at all. The Debtors and all parties in interest reserve all rights with respect to such claims.

The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Debtors generally allocate individual liabilities to particular Debtors. However, in certain cases, it would be a time-consuming and inefficient use of estate resources, or impracticable, to assign a given liability to a particular Debtor. To the extent the debt could not be attributed to a specific Debtor, the liability has been listed on Schedule E/F, Part 2, of Philadelphia Energy Solutions Refining and Marketing LLC ("PESRM").

Schedule E/F, Part 2, contains information regarding certain compensation-related claims of insiders of the Debtors. In scheduling such claims, the Debtors make no representation or assertion as to the validity of such claims, and the Debtors reserve all rights, claims, and defenses in connection therewith.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed

13

as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 222] (the "Critical Vendor Order"), the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for Critical Vendors (as defined therein). The Debtors have not listed on Schedule E/F any critical vendor obligations which the Debtors believe they have satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Critical Vendor Order.

(k)     **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.

The Debtors hereby expressly reserve the right to assert that any instrument listed on Schedule G is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code. In addition, the Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditor's claim.

Additionally, in certain instances, executory contracts and unexpired leases may be omitted due to their confidential nature, but can be made available to the U.S. Trustee on a confidential basis. The Debtors may have entered into various other

types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. Additionally, relationships between the Debtors and certain counterparties are often governed by a master services agreement, under such counterparties also place work and purchase orders, which may be considered executory contracts. Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements in Schedule G, purchase and work orders placed thereunder have been omitted.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, it is the Debtors' intent that each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, effectiveness, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Insurance policies are not listed on Schedule G. Refer to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to (A) Continue Insurance Coverage Entered into Prepetition and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase and Finance Insurance*

15

*Policies, and (C) Continued and Renew Their Surety Bond Program and (II) Granting Related Relief* [Docket No. 11] for a list of the Debtors' insurance policies.

(l)   **Schedule H – Co-Debtors.**  For purposes of Schedule H, counterparties that are subject to a guaranty are listed as Co-Debtors on Schedule H.  The Debtors have not listed any litigation-related Co-Debtors on Schedule H.  Instead, all such listings can be found on the Debtors' Schedule E/F.

6.   **Specific Statements Disclosures.**

(a)   **Statements, Part 2, Question 1.**  The Debtors' gross revenues from business are presented from the beginning of the fiscal year through July 31, 2019.

(b)   **Statements, Part 2, Question 2.**   The Debtors' non-business revenues are presented from the beginning of the fiscal year through July 31, 2019.

(c)   **Statements, Part 2, Question 3 and 4 – Payments to Certain Creditors.**  Prior to the Petition Date, the Debtors maintained a centralized cash management system through which PESRM and certain of its Debtor affiliates made certain payments on behalf of other entities.  Consequently, all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by PESRM or one of its Debtor affiliates from operating bank accounts (the "Operating Accounts"), on behalf of the corresponding debtor, pursuant to the Debtors' cash management system described in the Cash Management Motion.  For the sake of completeness and out of an abundance of caution, the Debtors have listed transfers valued at less than $6,825 in their response to Question 3.  In addition, payments listed in Statements, Part 2, Question 4 are net payments as of actual invoices and include credits and inter-company liabilities.

(d)   **Statements, Part 2, Question 6 – Setoffs.**  For a discussion of setoffs and nettings incurred by the Debtors, refer to paragraph 4(s) of these Global Notes.

(e)   **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**  The attachment to Question 11 reflects payments to professionals made from the Debtors' Main Concentration Account, which is owned by PESRM, on behalf of the eight Debtors on a consolidated basis.  The Debtors believe that it would be an inefficient use of the assets of the Debtors' estates for the Debtors to allocate these payments on a Debtor-by-Debtor basis.  The response to Question 11 in each of the Debtors' Statements thus refers to the attachment to Question 11 of PESRM's Statement.

(f)   **Statements, Part 11, Question 21 – Property Held for Another.**  The Debtors are obligated under various agreements to remit certain funds held for third parties to those parties, and have received authorization to do so under the *Final Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors and (II) Granting Related Relief* [Docket No. 222].  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not

constitute property of the Debtors' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

(g)  **Statements, Part 12, Questions 22-24 – Details About Environmental Information.** The Debtors have operated over a substantial period of time and, as a result, may no longer possess the relevant records, or the records may no longer be complete or reasonably accessible. In addition, certain statutory document retention periods may have lapsed. Furthermore, certain individuals who once possessed responsive information may no longer be employed by the Debtors. As a result, it may not be reasonably possible to identify and supply the requested information for every "notice" responsive to Statements or every "proceeding" responsive to Statements. Nonetheless, the Debtors have devoted substantial internal and external resources to identify and provide the requested information for as many responsive notices as reasonably possible. The Debtors reserve the right to supplement or amend their response in the future if additional information becomes available.

(h)  **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided lists of these parties in their Responses to Statement Question 26.

(i)  **Statements, Part 13, Question 28 – Current Partners, Officers, Directors, and Shareholders.** The Debtors incorporate by reference the *(I) List of Equity Security Holders and (II) Corporate Ownership Statement* attached to each Debtor's Voluntary Petition. *See, e.g.*, *Voluntary Petition for Non-Individuals Filing for Bankruptcy* in Case No. 19-11626 (KG) [Docket No. 1].

(j)  **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Distributions by the Debtors to their directors and officers are listed on the attachment to Questions 3 and 4. Certain directors and executive officers of PES Energy Inc. are also executive officers of certain Debtor subsidiaries. To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor subsidiaries, they did not receive payment for their services as directors or executive officers of these entities. Certain of the Debtors' directors and executive officers received distributions net of tax withholdings in the year preceding the Petition Date. The amounts listed under Questions 3 and 4 reflect the gross amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax withholdings.

*     *     *     *     *

**Fill in this information to identify the case:**

Debtor name PES Holdings, LLC

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known): 19-11626 _____

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☒ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other _____ | $_____ |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____<br>MM / DD / YYYY | to   Filing date | _____ | $_____ |
| **For prior year:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $_____ |
| **For the year before that:** | From _____<br>MM / DD / YYYY | to _____<br>MM / DD / YYYY | _____ | $_____ |

Debtor    PES Holdings, LLC                      Case number (if known) 19-11626
               Name

**Part 2:**    **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | _____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |
| 3.2. | _____<br>Creditor's name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code | _____<br>_____<br>_____ | $_____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See Attached Rider<br>Insider's name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code<br><br>Relationship to debtor<br>_____ | _____<br>_____<br>_____ | $_____ | _____<br>_____<br>_____ |
| 4.2. | _____<br>Insider's name<br>_____<br>Street<br>_____<br>_____<br>City    State    ZIP Code<br><br>Relationship to debtor<br>_____ | _____<br>_____<br>_____ | $_____ | _____<br>_____<br>_____ |

Debtor    PES Holdings, LLC                                          Case number (if known) 19-11626
          Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| 5.2. | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

---

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. | | | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |
| 7.2. Case title | | Court or agency's name and address | ☐ Pending |
| | | Name | ☐ On appeal |
| Case number | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |

Debtor    PES Holdings, LLC _____    Case number *(if known)* 19-11626 _____
          Name

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $ _____ |
| Custodian's name | Case title | Court name and address |
| Street | _____ | Name |
| | Case number | Street |
| City        State        ZIP Code | _____ | |
| | Date of order or assignment | City        State        ZIP Code |
| | _____ | |

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | _____ | _____ | $ _____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| 9.2. Recipient's name | _____ | _____ | $ _____ |
| Street | _____ | | |
| City        State        ZIP Code | | | |
| Recipient's relationship to debtor | | | |

---

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | _____ | _____ | $ _____ |

---

Debtor    PES Holdings, LLC _____    Case number *(if known)* 19-11626 _____
          Name

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | _____ | | | |
| | City      State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | _____ | | | |
| | City      State      ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| | _____ | _____ | _____ | $ _____ |
| | **Trustee** | _____ | | |
| | _____ | | | |

Debtor    PES Holdings, LLC _____          Case number (if known) 19-11626 _____
          Name

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

13.1. _____    _____    _____    $ _____

Address

Street _____    _____

_____

City          State    ZIP Code

Relationship to debtor

_____

| Who received transfer? | | Date transfer was made | Total amount or value |

13.2. _____    _____    _____    $ _____

Address

Street _____    _____

_____

City          State    ZIP Code

Relationship to debtor

_____

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☒ Does not apply

| Address | Dates of occupancy |
|---|---|

14.1. _____    From _____    To _____
      Street

_____

City          State    ZIP Code

14.2. _____    From _____    To _____
      Street

_____

City          State    ZIP Code

---

Debtor    PES Holdings, LLC _____    Case number (if known) 19-11626 _____
          Name

## Part 8:    Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1.

| Facility name | | |
|---|---|---|
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | Check all that apply: |
| City    State    ZIP Code | | ☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.2.

| Facility name | | |
|---|---|---|
| Street | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept? |
| | | Check all that apply: |
| City    State    ZIP Code | | ☐ Electronically<br>☐ Paper |

## Part 9:    Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

| Debtor | PES Holdings, LLC | Case number (if known) 19-11626 |
|---|---|---|
| | Name | |

---

**Part 10:**  **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | _____ Name _____ Street _____ City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |
| 18.2. | _____ Name _____ Street _____ City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City   State   ZIP Code | _____ _____ Address _____ _____ | _____ _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ Name _____ Street _____ City   State   ZIP Code | _____ _____ Address _____ _____ | _____ _____ _____ | ☐ No ☐ Yes |

Debtor   PES Holdings, LLC _____      Case number (if known) 19-11626 _____
          Name

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name _____ | _____ | _____ | |
| Street _____ | _____ | _____ | |
| _____ | | | |
| City        State        ZIP Code | | | |

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

▪ *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

▪ *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

▪ *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | _____ | ☐ Pending |
| Case number | Name _____ | _____ | ☐ On appeal |
| _____ | Street _____ | _____ | ☐ Concluded |
| | City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name _____ | Name _____ | _____ | _____ |
| Street _____ | Street _____ | _____ | |
| City        State        ZIP Code | City        State        ZIP Code | | |

| Debtor | PES Holdings, LLC | Case number (if known) 19-11626 |
|---|---|---|
| | Name | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

**Part 13:     Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See Attached Rider<br>Name<br><br>Street<br><br><br>City          State          ZIP Code | | EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____  To _____ |
| 25.2. | Business name and address<br>Name<br><br>Street<br><br><br>City          State          ZIP Code | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____  To _____ |
| 25.3. | Business name and address<br>Name<br><br>Street<br><br><br>City          State          ZIP Code | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN: __ __ – __ __ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____  To _____ |

Debtor    PES Holdings, LLC_____     Case number (if known)_19-11626_____
          Name

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1.    See Attached Rider | From _____   To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____   To _____ |
| Name | |
| Street | |
| City                         State                ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1.    KPMG LLP<br>1601 MARKET ST.<br>PHILADELPHIA, PA 19103 | From 07/18/2012   To  PRESENT |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____   To _____ |
| Name | |
| Street | |
| City                         State                ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.    See Attached Rider | _____<br>_____<br>_____ |

Debtor    PES Holdings, LLC                                           Case number (if known) 19-11626
          Name

|  | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.2. | _____ | _____ |
|  | Name | _____ |
|  | Street | _____ |
|  | _____ | _____ |
|  | City          State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

|  | Name and address |
|---|---|
| 26d.1. | See Attached Rider |

|  | Name and address |
|---|---|
| 26d.2. | _____ |
|  | Name |
|  | Street |
|  | _____ |
|  | City          State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

Name and address of the person who has possession of inventory records

|  | |
|---|---|
| 27.1. | _____ |
|  | Name |
|  | Street |
|  | _____ |
|  | City          State          ZIP Code |

Debtor    PES Holdings, LLC _____    Case number (if known) 19-11626 _____
          Name

---

Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory

_____    _____    $_____

Name and address of the person who has possession of inventory records

27.2.
Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|------|---------|-------------------------------------|-----------------------|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|------|---------|-------------------------------------|---------------------------------------------------|
| See Attached Rider | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|-------------------------------|------------------------------------------------------|-------|-------------------------------|
| 30.1. See response to SOFA 4. | | | |
| Name | | | |
| Street | | | |
| City _____ State ____ ZIP Code ____ | | | |
| Relationship to debtor | | | |

---

Debtor   PES Holdings, LLC _____     Case number (if known) 19-11626
         Name

| | **Name and address of recipient** | | | |
|---|---|---|---|---|
| 30.2 | | _____ | _____ | _____ |
| | Name | | | |
| | _____ | _____ | | |
| | Street | | | |
| | _____ | _____ | | |
| | City                    State          ZIP Code | _____ | | |
| | **Relationship to debtor** | | | |
| | _____ | _____ | | |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| See Attached Rider | EIN: __ __ – __ __ __ __ __ __ |

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: __ __ – __ __ __ __ __ __ |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   09/06/2019
              MM / DD / YYYY

✗ /s/ Rachel Celiberti                              Printed name  Rachel Celiberti
Signature of individual signing on behalf of the debtor

Position or relationship to debtor  Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☒ Yes

Debtor Name:      PES Holdings, LLC                                        Case Number:        19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4:** Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's name and address | Relationship to debtor | Total amount or value | Dates | Reasons for payment or transfer |
|---|---|---|---|---|
| See Attached Rider | | | | |

Debtor Name: PES Holdings, LLC                                                                                              Case Number:  19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4: Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

| Debtor | Trading Partner | Month | Beginning Balance | Ending Balance | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | July-18 | | -$1,875,589.00 | $ (1,875,589.00) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | August-18 | -$1,875,589.00 | -$1,875,589.00 | $ - |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | September-18 | -$1,875,589.00 | -$7,745,899.53 | $ (5,870,310.53) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | October-18 | -$7,745,899.53 | -$7,745,899.53 | $ - |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | November-18 | -$7,745,899.53 | -$7,745,899.53 | $ - |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | December-18 | -$7,745,899.53 | -$13,608,019.04 | $ (5,862,119.51) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | January-19 | -$13,608,019.04 | -$13,608,019.04 | $ - |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | February-18 | -$13,608,019.04 | $43,995,114.00 | $ 57,603,133.04 |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | March-18 | $43,995,114.00 | -$20,294,072.67 | $ (64,289,186.67) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | April-19 | -$20,294,072.67 | -$20,437,220.15 | $ (143,147.48) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | May-19 | -$20,437,220.15 | -$20,437,220.15 | $ - |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | June-19 | -$20,437,220.15 | -$21,687,220.05 | $ (1,250,000.00) |
| PES Holdings, LLC | Philadelphia Energy Solutions Refining and Marketing LLC | July-19 | -$21,687,220.15 | -$21,687,220.05 | $ 0.10 |
| PES Holdings, LLC | North Yard Logistics, L.P. | July-18 | | -$999.90 | $ (999.90) |
| PES Holdings, LLC | North Yard Logistics, L.P. | August-18 | -$999.90 | -$0.10 | $ 999.80 |
| PES Holdings, LLC | North Yard Logistics, L.P. | September-18 | -$0.10 | -$796,317.05 | $ (796,316.95) |
| PES Holdings, LLC | North Yard Logistics, L.P. | October-18 | -$796,317.05 | -$796,317.05 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | November-18 | -$796,317.05 | -$796,317.05 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | December-18 | -$796,317.05 | -$4,779,704.22 | $ (3,983,387.17) |
| PES Holdings, LLC | North Yard Logistics, L.P. | January-19 | -$4,779,704.22 | -$4,779,704.22 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | February-18 | -$4,779,704.22 | -$4,779,704.22 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | March-18 | -$4,779,704.22 | -$7,457,846.44 | $ (2,678,142.22) |
| PES Holdings, LLC | North Yard Logistics, L.P. | April-19 | -$7,457,846.44 | -$7,457,846.44 | $ 0.00 |
| PES Holdings, LLC | North Yard Logistics, L.P. | May-19 | -$7,457,846.44 | -$7,457,846.44 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | June-19 | -$7,457,846.44 | -$7,457,846.44 | $ - |
| PES Holdings, LLC | North Yard Logistics, L.P. | July-19 | -$7,457,846.44 | -$7,457,846.44 | $ - |

Debtor Name:        PES Holdings, LLC                                    Case Number:        19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 25:** Other businesses in which the debtor has or has had an interest

| Business Name & Address | Describe the nature of the business | Employer identification number | Date business existed From | Date business existed To |
|---|---|---|---|---|
| NORTH YARD GP, LLC 1735 MARKET ST. 11TH FLOOR PHILADELPHIA, PA 19103 | HOLDING COMPANY | 47-1145458 | 06/14/2014 | PRESENT |
| NORTH YARD LOGISTICS, L.P. 1735 MARKET ST. 11TH FLOOR PHILADELPHIA, PA 19103 | PROVIDES RAIL-UNLOADING SERVICES TO PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC | 47-1135952 | 06/14/2014 | PRESENT |
| PES LOGISTICS GP, LLC | HOLDING COMPANY | 47-1039202 | 06/14/2014 | 08/06/2018 |
| PES LOGISTICS PARTNERS, L.P. | HOLDING COMPANY | 30-0831288 | 06/14/2014 | 08/06/2018 |
| PESRM HOLDINGS, LLC | HOLDING COMPANY | 80-0872107 | 11/30/2012 | 08/06/2018 |
| PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC 1735 MARKET ST. 11TH FLOOR PHILADELPHIA, PA 19103 | OPERATES A REFINING COMPLEX THAT PRODUCES A FULL RANGE OF TRANSPORTATION FUELS | 61-1689574 | 07/02/2012 | PRESENT |

Debtor Name: PES Holdings, LLC                                      Case Number:   19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
| --- | --- | --- |
| BLAISE CONA<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | 07/18/2012 | PRESENT |
| JAMES LICHT<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19146 | 07/18/2012 | PRESENT |
| JAMES TIM RENS<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | 07/18/2012 | 09/01/2018 |
| RACHEL CELIBERTI<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | 07/18/2012 | PRESENT |

Debtor Name:     PES Holdings, LLC                                                    Case Number:          19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

**Name and Address**

**If any books of account and records are unavailable explain why**

BLAISE CONA
1735 MARKET STREET
11TH FLOOR
PHILADELPHIA, PA 19103

RACHEL CELIBERTI
1735 MARKET STREET
11TH FLOOR
PHILADELPHIA, PA 19103

| Debtor Name: | PES Holdings, LLC | Case Number: | 19-11626 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

**Name & Address**

AMERICAN RAILCAR LEASING, LLC
PO BOX 952359
ST. LOUIS, MO 63195-2359

AON RISK SERVICES NORTHEAST
8044 MONTGOMERY ROAD
SUITE 405
CINCINNATI, OH 45236

CENTENNIAL ENERGY LLC
PO BOX 844673
DALLAS, TX 75284

CHUBB
436 WALNUT STREET
PHILADELPHIA, PA 19103

COLONIAL GAS
40 SYLVAN ROAD
WALTHAM, MA 02451

CONSTELLATION NEW ENERGY INC
14217 COLLECTIONS CENTER DRIVE
CHICAGO, IL 60693

CORTLAND CAPITAL MARKET SERVICES
225 W. WASHINGTON ST., 9TH FLOOR
CHICAGO, IL 60606

FIRST FUNDING CORPORATION
1910 PACIFIC AVE
SUITE 16500
DALLAS, TX 75201

ICBC STANDARD BANK PLC
20 GRESHAM STREET
LONDON EC2V 7JE
UNITED KINGDOM

LOCKTON COMPANIES LLC
444 W. 47TH STREET
SUITE 900
KANSAS CITY, MO 64112

MERRILL LYNCH COMMODITIES, INC.
20 EAST GREENWAY PLAZA,   SUITE 700
HOUSTON, TX 77046

MOODY'S INVESTORS SERVICE
250 GREENWICH STREET
NEW YORK, NY 10007

MUREX LLC
5057 KELLER SPRINGS ROAD
ADDISON, TX 75001

NGL ENERGY PARTNERS LP
3773 CHERRY CREEK NORTH DR.
SUITE 1000
ATTN: GREG BLAIS
DENVER, CO 80209

SHELL TRADING (US) COMPANY
1000 MAIN STREET
LEVEL 12
HOUSTON, TX 77002-6336

STANDARD & POORS FINANCIAL SVCS
2542 COLLECTION CENTER DRIVE
CHICAGO, IL 60693

| Debtor Name: | PES Holdings, LLC | | Case Number: | 19-11626 |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

**Name & Address**

SUNOCO LOGISTICS PARTNERS L.P.
1818  MARKET STREET SUITE 1500
PHILADELPHIA, PA 19103-3615

TRINITY INDUSTRIES LEASING COMPANY
2525 STEMMONS FREEWAY
DALLAS, TX 75207

UNION TANK CAR COMPANY
PO BOX 91793
CHICAGO, IN 60693

WESTERN SURETY COMPANY
CNA SURETY
151 N FRANKLIN STREET
17TH FLOOR
CHICAGO, IL 60606

Debtor Name: PES Holdings, LLC                                    Case Number:   19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
| --- | --- | --- |
| ANTHONY LAGRECA<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT, DEPUTY GENERAL COUNSEL AND ASSISTANT SECRETARY | |
| BRAD GALANTE<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT, SUPPLY AND TRADING | |
| DANIEL STATILE<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT AND GENERAL MANAGER, PHILADELPHIA REFINING COMPLEX | |
| JEFFREY STEIN<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | CHIEF RESTRUCTURING OFFICER | |
| JOHN MCSHANE<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | EXECUTIVE VICE PRESIDENT, GENERAL COUNSEL AND SECRETARY | |
| MARK BRANDON<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT, STRATEGY AND BUSINESS DEVELOPMENT | |
| MARK SMITH<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | CHIEF EXECUTIVE OFFICER | |
| RACHEL CELIBERTI<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | CHIEF FINANCIAL OFFICER | |
| RONALD OPPERMAN<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT, TAX | |
| STEPHANIE EGGERT<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | VICE PRESIDENT, BUSINESS PLANNING | |
| WILLIAM GOODHART<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | INTERIM SENIOR VICE PRESIDENT, HUMAN RESOURCES | |
| PES INTERMEDIATE, LLC<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | SHAREHOLDER | 0.01% |
| PES ULTIMATE HOLDINGS, LLC<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | SHAREHOLDER | 99.99% |

Debtor Name: PES Holdings, LLC

Case Number: 19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name and address | Position and nature of any interest | Period during which position or interest was held From | Period during which position or interest was held To |
|---|---|---|---|
| THOMAS SCARGLE<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | PRESIDENT, CHIEF OPERATING OFFICER | 04/01/2017 | 04/01/2019 |
| JOHN SADLOWSKI<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | CHIEF COMMERCIAL OFFICER | 12/10/2018 | 03/20/2019 |
| NITHIA THAVER<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | SENIOR VICE PRESIDENT, STRATEGY AND BUSINESS DEVELOPMENT | 04/01/2017 | 11/26/2018 |
| VALENTINE STEVE HERZOG<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | SENIOR VICE PRESIDENT, HUMAN RESOURCES | 04/01/2017 | 09/26/2018 |
| JAMES TIM RENS<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | EXECUTIVE VICE PRESIDENT, CHIEF FINANCIAL OFFICER | 09/07/2015 | 09/01/2018 |
| GREGORY GATTA<br>1735 MARKET STREET<br>11TH FLOOR<br>PHILADELPHIA, PA 19103 | CHIEF EXECUTIVE OFFICER | 04/01/2017 | 08/10/2018 |
| PHILADELPHIA ENERGY SOLUTIONS LLC<br>1735 MARKET ST<br>PHILADELPHIA, PA 19103 | SHAREHOLDER - 100% | 7/18/2012 | 08/07/2018 |

Debtor Name:        PES Holdings, LLC                                    Case Number:        19-11626

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 31:** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

| Name of the parent corporation | Employer identification number of the parent corporation |
| --- | --- |
| PES Energy Inc. | 83-1160661 |
| Philadelphia Energy Solutions LLC | 61-1688740 |