## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 19-11626 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### STIPULATION AND AGREED ORDER REGARDING
### ADVANCE OF JUNE 21 PD INSURANCE PROCEEDS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), ICBC Standard Bank PLC ("ICBCS"), and the members of ad hoc group of lenders under the Existing Term Loan Credit Agreement and the DIP Credit Agreement that constitute, respectively the Required Lenders and the Required DIP Lenders under the DIP Credit Agreement (the "Ad Hoc Term Loan Lenders" and, together with the Debtors and ICBCS, the "Parties"), through their undersigned counsel, hereby enter into this stipulation and agreed order (this "Stipulation and Order").[2]

**WHEREAS**, on July 21, 2019 (the "Petition Date"), each of the Debtors filed a petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 23, 2019, the Court entered an

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

[2]  Capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the DIP Motion or DIP Orders (each as defined herein), as applicable.

order [Docket No. 72] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On August 5, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 152].

**WHEREAS**, on July 22, 2019, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 37] (the "DIP Motion").

**WHEREAS**, on July 23, 2019, the Court entered an order approving the DIP Motion on an interim basis [Docket No. 85] (the "Interim DIP Order").

**WHEREAS**, a hearing (the "Final DIP Hearing") to consider approval of the DIP Motion on a final basis is currently scheduled to be held on September 24, 2019.

**WHEREAS**, the Debtors are seeking recovery of proceeds of any claim under the Debtors' property damage and business interruption insurance policies relating directly or indirectly to the incident that occurred at the Debtors' refinery complex on June 21, 2019 (such proceeds, with respect to coverage for property damage, the "June 21 PD Insurance Proceeds," and with respect to coverage for business interruption, the "June 21 BI Insurance Proceeds"), including, without limitation, the 2018PESPROP policy form with effective dates of November 1, 2018 through

2

November 1, 2019 (each a "Commercial Property Coverage Policy" and together, the "Commercial Property Coverage Policies") to insure a portion of the Debtors' coverage for property damage and business interruption losses during such period.

**WHEREAS**, certain insurers, each of which subscribed to the Commercial Property Coverage Policies (the "Insurers"), have expressed willingness to make an initial advance payment of $50 million against the June 21 PD Insurance Proceeds (the "June 21 PD Insurance Proceeds Advance").

**WHEREAS**, the Parties desire to facilitate the payment of such June 21 PD Insurance Proceeds Advance by entering into this Stipulation and Order in advance of the Final DIP Hearing.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties, which agreement, upon approval and entry by the Court, shall constitute an order of the Court, as follows:

1.  Notwithstanding any provision to the contrary in any Commercial Property Coverage Policy, the Interim DIP Order, the order of the Court granting the DIP Motion on a final basis (the "Final DIP Order," and together with the Interim DIP Order, as applicable, the "DIP Orders"), or any other agreement, document, or applicable law, any payment of the June 21 PD Insurance Proceeds Advance under the Commercial Property Coverage Policies, which for the avoidance of doubt may be disbursed to the Debtors in multiple installments, shall (a) be paid directly and solely to the Debtor(s) named as an insured under the applicable Commercial Property Coverage Policy, and (b) be treated and used solely in accordance with the DIP Orders and the Approved Budget. All rights are expressly reserved in full by all Parties concerning any further advance against the Commercial Property Coverage Policies.

3

2.      Any payment of the June 21 PD Insurance Proceeds Advance shall serve to erode the available coverage limits under the applicable Commercial Property Coverage Policies to the extent of such payment. The insurers under the applicable Commercial Property Coverage Policies shall not have duplicate liability to the Debtors or any other person or entity with respect to all or any portion of the June 21 PD Insurance Proceeds Advance actually made once it is made.

3.      Nothing herein or in the DIP Orders shall be construed to require any advance, payment, or distribution under any of the Commercial Property Coverage Policies, and except as expressly set forth herein, nothing in the DIP Orders or this Stipulation and Order alters or modifies the terms and conditions of any Commercial Property Coverage Policies or related agreements. Notwithstanding any contrary provision of the DIP Orders or this Stipulation and Order, except as expressly set forth herein, the rights, claims, and defenses of the parties to the Commercial Property Coverage Policies are expressly preserved in full.

4.      ICBCS and the Ad Hoc Term Loan Lenders expressly consent to the entry of this Stipulation and Order; *provided* that nothing in this Stipulation and Order shall constitute or be deemed to constitute a consent, waiver or other modification of any of the DIP Secured Parties', Existing Term Loan Secured Parties', or ICBCS's rights under the DIP Documents, the Existing Term Loan Documents, the DIP Orders, the SOA Transaction Documents, or under bankruptcy or applicable law, including without limitation, with respect to diminution in value of any Collateral, Prepetition Term Loan Collateral, SOA Priority Collateral, or Prepetition SOA Collateral resulting from the use or other disposition of the Initial June 21 PD Insurance Proceeds Advance and all of the DIP Secured Parties', Existing Term Loan Secured Parties', and ICBCS's rights in connection therewith are hereby expressly preserved; *provided, further,* that nothing in the Stipulation and

4

Order shall in any way impair the Debtors' rights as provided in the DIP Orders or under bankruptcy or applicable law.

5.    This Stipulation and Order shall have no effect on the June 21 BI Insurance Proceeds or advance payments thereof, or on any advance, payment, or disbursement of the June 21 PD Insurance Proceeds other than the June 21 PD Insurance Proceeds Advance, and all rights of the Parties with respect thereto are expressly preserved in full.

6.    This Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

7.    The Parties are authorized to take all actions necessary to effectuate the relief provided by this Stipulation and Order.

8.    The terms and conditions of this Stipulation and Order shall be immediately effective and enforceable upon its approval and entry by the Court.

9.    This Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of all Parties hereto.  Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

10.    The undersigned counsel hereby represent and warrant that they have full authority to execute this Stipulation and Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Order.

11.    This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

12.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Order, and

KE 63915770.19

the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from

or related to this Stipulation and Order.

**SO ORDERED** this 6th day of

Sept, 2019

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

*[Remainder of page left intentionally blank]*

6

**AGREED AND SUBMITTED BY:**

Dated: September 13, 2019          */s/ Laura Davis Jones*
Wilmington, Delaware          Laura Davis Jones (DE Bar No. 2436)
                                             James E. O'Neill (DE Bar No. 4042)
                                             Peter J. Keane (DE Bar No. 5503)
                                             **PACHULSKI STANG ZIEHL & JONES LLP**
                                             919 North Market Street, 17th Floor
                                             P.O. Box 8705
                                             Wilmington, Delaware 19899-8705 (Courier 19801)
                                             Telephone:     (302) 652-4100
                                             Facsimile:     (302) 652-4400
                                             Email:          ljones@pszjlaw.com
                                                                pkeane@pszjlaw.com
                                                                joneill@pszjlaw.com

                                             - and -

                                             Edward O. Sassower, P.C.
                                             Steven N. Serajeddini (admitted *pro hac vice*)
                                             Matthew C. Fagen (admitted *pro hac vice*)
                                             **KIRKLAND & ELLIS LLP**
                                             **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                             601 Lexington Avenue
                                             New York, New York 10022
                                             Telephone:     (212) 446-4800
                                             Facsimile:     (212) 446-4900
                                             Email:          edward.sassower@kirkland.com
                                                                steven.serajeddini@kirkland.com
                                                                matthew.fagen@kirkland.com

                                             *Co-Counsel to the Debtors and Debtors in Possession*

**AGREED AND SUBMITTED BY:**

Dated: September 13, 2019
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**
By */s/ William P. Bowden*
_____
William P. Bowden (#2553)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Telephone: (302) 654-1888

- and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
By */s/ Deborah Newman*
_____
Richard I. Werder, Jr. (*pro hac vice*)
Jane M. Byrne (*pro hac vice*)
Deborah Newman (*pro hac vice*)
Eric Kay (*pro hac vice*)
Zachary Russell (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010

- and -

*/s/ David N. Griffiths*
_____
Ray C. Schrock, P.C.
David N. Griffiths
Bryan R. Podzius
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone:   (212) 310-8000
Facsimile:   (212) 310-8007
Email: ray.schrock@weil.com
              david.griffiths@weil.com
              bryan.podzius@weil.com

- and -

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square

920 North King Street
Wilmington, DE 19801
Telephone:       (302) 651-7700
Facsimile:       (302) 651-7701
Email:    collins@rlf.com
          defranceschi@rlf.com
          shapiro@rlf.com
          schlauch@rlf.com

*Co-Counsel to ICBC Standard Bank, Plc*

9

**AGREED AND SUBMITTED BY:**

Dated: September 13, 2019       */s/ Aryeh Ethan Falk*
New York, New York       Damian S. Schaible
     James I. McClammy
     David B. Toscano
     Aryeh Ethan Falk
     Jonah A. Peppiatt
     **DAVIS POLK & WARDWELL LLP**
     450 Lexington Avenue
     New York, NY 10017
     Telephone:     (212) 450-4000
     Facsimile:     (212) 701-5800
     Email: damian.schaible@davispolk.com
           james.mcclammy@davispolk.com
           david.toscano@davispolk.com
           aryeh.falk@davispolk.com
           jonah.peppiatt@davispolk.com


     *Counsel to the Ad Hoc Term Loan Lenders*