## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | § | |
| | § | Case No. 19-11626 (KG) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | | **Re: Docket Nos. 127, 164** |

### STIPULATION AND AGREED ORDER RESOLVING KINDER MORGAN LIQUIDS TERMINALS LLC'S MOTION FOR RELIEF FROM STAY TO ENFORCE LIENS AND TO TERMINATE AGREEMENT

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), Kinder Morgan Liquid Terminals LLC, ("KMLT"), and ICBC Standard Bank Plc ("ICBCS" and together with the Debtors and KMLT, each a "Party" and, collectively, the "Parties"), by and through their respective counsel, hereby enter into this stipulation and agreed order (the "Stipulation") in connection with *Kinder Morgan Liquids Terminals LLC's Motion to for Relief from Stay to Enforce Liens and to Terminate Agreement* [Docket No. 127] (the "Stay Relief Motion"), and represent and agree as follows:

WHEREAS, on July 21, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

WHEREAS, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

WHEREAS, Debtor Philadelphia Energy Solutions Refining and Marketing, LLC (the "Debtor PESRM") is party to a *Master Service Agreement No. 123*, dated as of January 1, 1996, by and between KMLT and Sunoco, Inc. (R&M), which was assumed by Debtor PESRM from Sunoco, Inc. (R&M) on September 8, 2012 (as amended or modified, the "Master Service Agreement"), pursuant to which, KMLT provides Debtor PESRM with services and storage related to ultra-low diesel fuel and other commodities stored at KMLT's terminal located in Carteret, New Jersey (the "Terminal");

WHEREAS, Debtor PESRM failed to timely pay various invoices arising under the Agreements (as defined below) and on July 15, 2019, KMLT sent Debtor PESRM acceleration notices due under (i) Schedule No. 90-0092 (Revision 1) to Master Service Agreement, dated November 20, 2012 and (ii) Schedule No. 80-0099 to Master Service Agreement, dated as of

- 2 -

May 1, 2019 (collectively, as amended or modified, the "Schedules" and together with the Master Service Agreement and any other related schedules, the "Agreements");

WHEREAS, the term of each of the Agreements is through December 31, 2019 (the "Termination Date");

WHEREAS, as of the Petition Date, Debtor PESRM was indebted to KMLT in the amount of $1,489,085.38, plus accruing interest, late charges, charges, expenses, cost, and fees, including, without limitation, reasonable attorneys' fees and expenses accruing from the Petition Date and any other amounts that may be due or become due under the Agreements (collectively, the "PESRM Indebtedness");

WHEREAS, KMLT represents that it neither holds nor asserts that it holds any additional claims under the Agreements against the Debtors, their estates, or ICBCS;

WHEREAS, KMLT currently holds, pursuant to the Agreements, approximately 20,000 barrels of ultra-low diesel fuel (the "Fuel") in "Tanks" (as defined in the Agreements) stored at the Terminal;

WHEREAS, KMLT has asserted a warehouse lien and an Article 9 security interest in the Fuel, each in the amount of PESRM Indebtedness (collectively, the "Liens");

WHEREAS, on July 31, 2019, KMLT filed the Stay Relief Motion, seeking to lift or modify the automatic stay against Debtor PESRM to enforce the Liens;

WHEREAS, subject to the Liens, ICBCS asserts that it owns the Fuel and no other party other than KMLT has asserted a security interest in the Fuel;

WHEREAS, ICBCS and Debtor PESRM are each a party to various agreements, including, but not limited to (i) the Sixth Amended and Restated Supply and Offtake Agreement, dated June 18, 2019 (the "SOA"); (ii) the Amended and Restated Pledge and Security Agreement, dated June 18, 2019; and (iii) the Intercreditor Agreement, dated August 7, 2018, by and among Merrill Lynch Commodities, Inc., as the initial SOA collateral agent, ICBCS, as the successor SOA collateral agent, Cortland Market Services LLC, as the term loan agent, Debtor PES Holdings, LLC, Debtor PESRM, and other grantor parties (together with all other related documents, collectively, the "SOA Transaction Documents");

WHEREAS, ICBCS desires to discharge the Liens and extract its Fuel from the Tanks;

WHEREAS, on August 9, 2019, KMLT filed *Kinder Morgan Liquids Terminals LLC's Objection to Debtors' Motion for Post-Petition Debtor in Possession Financing* [Docket No. 164] (the "KMLT DIP Objection"), objecting to *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 37] (the "DIP Motion") to preclude the Liens from being primed by the Debtors' proposed debtor in possession financing;

WHEREAS, on July 23, 2019, the Court entered an order granting the relief requested in the DIP Motion on an interim basis; and

- 4 -

WHEREAS, the Parties have agreed to make certain clarifications and representations regarding the PESRM Indebtedness and the Liens as set forth herein, which fully resolves the Stay Relief Motion and KMLT DIP Objection.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1.      This Stipulation shall have no force or effect unless and until this Stipulation is approved by the Court and becomes a final, non-appealable order (the "Effective Date").

2.      Within three (3) business days from the Effective Date (the "Payment Date"), ICBCS shall remit payment to KMLT in the amount of the PESRM Indebtedness.

3.      Upon KMLT's receipt of ICBCS's payment of the PESRM Indebtedness, KMLT shall be deemed to have transferred KMLT's rights to assert any and all claims that KMLT holds on account of the PESRM Indebtedness arising under or related to the Agreements against any of the Debtors or their estates (collectively, the "Transferred Claims") to ICBCS.  Upon transfer of the Transferred Claims, KMLT shall have no obligation to, prove, defend, or take any affirmative action with respect to proving the validity of the Transferred Claims.

4.      Within thirty (30) days of the Payment Date, ICBCS shall remove the Fuel at the Terminal.  KMLT agrees to use commercially reasonable efforts and to work cooperatively to assist ICBCS in removing the Fuel.

5.      KMLT shall discharge their Article 9 statutory lien and remit proof of same to ICBCS and the Debtors within five (5) days from the later of removal by ICBCS of all of the Fuel at the Terminal, the Payment Date, or the Effective Date.

WEIL:\97154894\15\75973.0011

6.     KMLT shall use commercially reasonable efforts to mitigate the PESRM Indebtedness, including, but not limited to, engaging a third-party lessee to lease some or all of the Tanks for a term beginning prior to the Termination Date (including on terms extending past the Termination Date, but for the sake of clarity, ICBCS shall only receive credit for a lease of the Tanks for the period up to the Termination Date).  To the extent ICBCS or the Debtors identify a third-party lessee as set forth herein, KMLT shall not unreasonably refuse to re-lease the Tanks to the third-party lessee.

7.     To the extent that any or all of the Tanks are re-leased on or before the Termination Date, KMLT will credit and refund ICBCS for any monthly Warehousing charges (as defined in the Agreements) KMLT receives from any third-party lessee(s) (such monthly charges hereinafter referred to as the "Credits"), and the aggregate amount of the Transferred Claims that ICBCS may assert against the Debtors shall be correspondingly reduced by the amount of the Credits.  Upon request by ICBCS or the Debtors, KMLT shall provide documents and/or information to demonstrate its efforts to mitigate the PESRM Indebtedness.

8.     Notwithstanding anything to the contrary herein, any claims by ICBCS against the Debtors or against the Debtors' insurance policy (Policy No.: US00064117PR18A, provided by XL Insurance America, Inc., in the amount of $1,250,000,000.00, for the policy term November 1, 2018 to November 1, 2019 (the "XL Policy")) in connection with this Stipulation, the Transferred Claims, or amounts paid pursuant to or in relation to this Stipulation, including without limitation for the PESRM Indebtedness and any costs related to removal of the Fuel at the Terminal (collectively, the "ICBCS Claims"), are not being allowed, disallowed, or otherwise

- 6 -

modified in this Stipulation, and ICBCS's and the Debtors' respective rights regarding any and all such ICBCS Claims are hereby expressly reserved, including, without limitation, any right of ICBCS to assert the ICBCS Claims against the Debtors and/or against the XL Policy pursuant to the SOA Transaction Documents, ICBCS' indemnification rights, subrogation or otherwise, and the Debtors' right to bring an objection to the ICBCS Claims.  For the avoidance of doubt, nothing in this paragraph or this Stipulation shall be construed or is intended as an admission by the Debtors of the validity of any claim against them or their estates.

9.      Notwithstanding anything to the contrary herein, any claims by KMLT against the Debtors in connection with agreements other than the Agreements, including, without limitation, the Physical Refined Product Trade Confirmation, dated January 30, 2019, by and between Debtor PESRM, as buyer, and KMLT, as seller, and the Physical Refined Product Trade Confirmation, dated March 5, 2019, by and between Debtor PESRM, as buyer, and KMLT, as seller (collectively, the "Other KMLT Claims"), are not being allowed, disallowed, or otherwise modified in this Stipulation, and each of the Parties' respective rights regarding any and all such Other KMLT Claims are hereby expressly reserved, including, without limitation, any right of KMLT to assert the Other KMLT Claims against the Debtors and the Debtors' right to bring an objection to the Other KMLT Claims.  For the avoidance of doubt, nothing in this paragraph or this Stipulation shall be construed or is intended as an admission by the Debtors of the validity of any claim against them or their estates.

10.      Notwithstanding the relief granted in this Stipulation and any actions taken pursuant to such relief, nothing in this Stipulation should be deemed an admission, waiver, or

- 7 -

finding with respect to any of the Parties' respective rights, claims, and defenses, including, without limitation, with respect to this Stipulation, the PESRM Indebtedness.  Any and all other issues are hereby expressly reserved.

11.    The Agreements are hereby deemed fully terminated and rejected *nunc pro tunc* to the later of the Effective Date or the Payment Date.

12.    The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified, as of Effective Date, to the extent necessary to permit the relief provided herein.

13.    Upon the Effective Date, the Stay Relief Motion and KMLT DIP Objection shall be deemed withdrawn with prejudice.

14.    The Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Stipulation.

15.    This Stipulation may not be modified, altered, amended, or vacated other than by a signed writing executed by the Parties.

16.    Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

17.    This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior discussions, agreements, and undertakings between the Parties relating thereto.

18.    This Stipulation shall be governed by, and construed and enforced in accordance with the laws of the State of New York, without regard to principles of conflict of laws.

WEIL:\97154894\15\75973.0011

19.     This Stipulation shall be binding upon the Parties hereto and upon all their affiliates, successors, and assigns.

20.     The terms and conditions of this Stipulation shall be immediately effective and enforceable upon the Effective Date.

21.     Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, any stay imposed by Bankruptcy Rule 4001(a)(3) or otherwise, to the extent applicable, is hereby waived.

22.     This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Evidence of execution of this Stipulation may be exchanged by fax or by electronic transmission of a scanned copy of the signature pages or by exchange of an originally signed document, each of which shall be as fully binding on the Party as a signed original.

23.     This Court shall retain jurisdiction over any matter, dispute, or controversy arising from or related to the interpretation, implementation, or enforcement of this Stipulation, and the Parties consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

WEIL:\97154894\15\75973.0011

**DATED: SEPTEMBER 17, 2019**

/s/ Laura Davis Jones

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
         pkeane@pszjlaw.com
         joneill@pszjlaw.com

- and –

Edward O. Sassower, P.C.
Steven N. Serajeddini (admitted pro hac vice)
Matthew C. Fagen (admitted pro hac vice)
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
         steven.serajeddini@kirkland.com
         matthew.fagen@kirkland.com

Co-Counsel to the Debtors and Debtors in Possession

/s/ Brett D. Fallon

Brett D. Fallon (DE Bar No. 2480)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: bfallon@morrisjames.com

- and -

Patricia Williams Prewitt
Law Offices of Patricia Williams Prewitt
10953 Vista Lake Ct.
Navasota, TX 77868
Telephone: (936) 825-8705
Facsimile: (713) 583-2833
E-mail: pwp@pattiprewittlaw.com

Counsel for Kinder Morgan Liquids
Terminals LLC

- 10 -

*/s/ Zachary I. Shapiro*
_____

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
E-Mail: collins@rlf.com
         defranceschi@rlf.com
         shapiro@rlf.com
         schlauch@rlf.com

-and-

Ray C. Schrock, P.C.
David N. Griffiths
Bryan R. Podzius
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
E-Mail: ray.schrock@weil.com
         david.griffiths@weil.com
         bryan.podzius@weil.com

*Counsel to ICBC Standard Bank Plc*

WEIL:\97154894\15\75973.0011
11173721/1

**Dated: September 18th, 2019**
**Wilmington, Delaware**

- 1

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**