# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) ) | Case No. 19-11626 (KG) |
| Debtors. | ) ) ) | (Jointly Administered) **Objection Deadline: November 7, 2019 @ 4:00p.m.** **Hearing Date: November 14, 2019 @ 10:00 a.m.** |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) ESTABLISHING BIDDING PROCEDURES, (B) APPROVING BID PROTECTIONS, AND (C) GRANTING RELATED RELIEF (D.E. 514, "Motion")**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his counsel, objects to Debtors' Motion for Entry of an Order (A) Establishing Bidding Procedures, (B) Approving Bid Protections, and (C) Granting Related Relief (D.E. 514, "Motion")[2], and respectfully represents as follows:

## I.    SUMMARY OF ARGUMENT

1.    The Motion proposes an unreasonable deadline for the designation of a proposed stalking horse. The Motion does not provide a formula for any potential alternative bidder to make an initial qualifying overbid. The Motion does not comply with Bankruptcy Local Rule 6004-1 (c) (ii) with respect to proposed auction procedures. The result of these deficiencies will tend to discourage rather than encourage potential bids.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2]    Capitalized terms shall have the same meaning given to them in the Motion unless otherwise indicated.

## II.     JURISDICTION

2. The Court has jurisdiction to hear this Objection.

3. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is generally charged with overseeing the administration of chapter 11 cases filed in this District. 28 U.S.C. § 586. Under Section 586 and Section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad responsibilities in chapter 11 cases and the standing to rise and be heard on any issue in any case or proceeding. 11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## III.    BACKGROUND

4. On July 21, 2019 (the "Petition Date"), the Debtors commenced these voluntary chapter 11 cases (D.E. 1). The cases are being jointly administered (D.E. 72). On August 5, 2019, the U.S. Trustee appointed a committee of unsecured creditors (D.E 152).

5. The Debtors filed the Motion on October 24, 2019. The Debtors are currently conducting a marketing process as is set forth in the Motion. There is not at the present time a proposed stalking horse bidder

6. Paragraph 15 of the Motion, and Part C of the Bidding Procedures (page 18 of 30) proposes that the Debtors will have until January 9, 2020 to designate a Stalking Horse, just one day prior to the proposed Bid Deadline of January 10, 2020.[3] Paragraph 15 of the Motion indicates

---

[3] The last sentence of Part C of the proposed Bidding Procedures reads: "No later than one business day after the selection of a Stalking Horse Bidder, the Debtors shall file a notice with the Bankruptcy Court of such selection that includes a copy of an executed and binding Stalking Horse Agreement." The proposed Bid Deadline of January 10, 2020 at 12:00 p.m means that the Debtor is proposing to not make a Stalking Horse designation public until after

that the Debtor will have the sole discretion to determine which bid protections to extend to a proposed Stalking Horse. Paragraph 17 of Motion and of the Proposed Bidding Procedures Order (D.E. 514-2) provide that limited parties in interest must file any objection to a stalking horse designation by the Stalking Horse Objection Deadline. As proposed, this deadline is January 16, 2020, six days after the Bid Deadline. If there is an objection then the stalking horse designation and proposed Bid Protections will be in abeyance until resolution of the objection by agreement or court order.

7. Paragraph 22 (h) of the Motion, entitled "Initial Minimum Overbid" and Part E of the Bidding Procedures, entitled "Evaluation of Qualified Bids" are essentially the same and each identifies a list of factors for the Debtors to consider in determining to accept or reject a bid. These provisions appear to characterize a Qualified Bid as an Initial Minimum Overbid. Neither these nor any other provisions in the Motion or Proposed Bidding Procedures provide a potential bidder with the minimum financial components of an acceptable initial minimum overbid.

8. The Motion contains no proposed auction procedures except to note in the proposed timeline that if there is an Auction, it will be at: "A date and time to be determined in consultation with the Consultation Parties and announced no later than one business day prior to the Auction." (Motion at page 10 and paragraph 3 of the Proposed Order).

### IV. ARGUMENT

9. Proposing a Stalking Horse Designation Deadline that is one day prior to the Bid Deadline will create confusion, delay and may tend to discourage bidders since they will not know where to start the bidding.

---

the Bid Deadline because filing the notice at 11:59 p.m. on January 10 would comply with the proposed procedures. January 10, 2020 is a Friday.

10. For example, as proposed, assume the Debtors do not designate a stalking horse until January 9. Any other qualified bidder will not know the amount until after the Bid Deadline. If all bids are below the amount bid by the designated Stalking Horse, the Debtors can reject them all, accept the Stalking Horse bid and seek its approval. In this scenario, there is no alternative bidding and no auction. This will not aid in achieving the goal of providing maximum returns to creditors.

11. The Stalking Horse Designation Deadline should be sufficiently in advance of the Bid Deadline so that any issues raised by the designation can be resolved prior to the Bid Deadline. Proceeding in this way will allow any issues to be resolved without delaying the proposed confirmation hearing date. Proceeding in this way will aid in judicial economy because it will lessen the risk of emergent hearings to resolve these issues. Proceeding in this way will also provide other qualified bidders with a baseline upon which to base an overbid. If instead, as is contemplated in the Motion, a party objects to a proposed stalking horse designation six days after the Bid Deadline, then it is highly likely that no auction would proceed prior to the proposed confirmation hearing date of January 22, 2020.[4] Confusion will exist because no potential bidder will know what the amounts of any Initial Minimum Overbid should be.

12. The various factors listed in paragraph 22(h) of the Motion and in Part E of the Bidding Procedures are all factors to consider in evaluating the merits of any bid, but provide no guidance to a potential alternative bidder as to what the amount of any initial overbid should be. The amounts to include for an acceptable minimum overbid have not been provided. Typically,

---

[4] If a party were to object to a proposed Stalking Horse Designation on January 16, 2020, this is a Friday followed by the Martin Luther King weekend. The next court day is January 21, 2020, one day prior to the proposed Confirmation Hearing in this case.

4

this would be the sum of any Stalking Horse Bid, Bid Protections, and any proposed initial overbid increment. The Motion proposes bidding increments after the first round of $5 million. The Motion does not provide what this amount should be for the first overbid. The Bidding Procedures should contain the elements of an overbid.

13. Local Bankruptcy Rule 6004-1(c)(ii) provides that a Sales Procedure Order shall specify the date time and place at which the auction will be conducted. The Motion does not provide this information but rather provides that it will be at a date and time to be determined no later than one business day prior to the auction. While this may arguably provide nominal compliance with the local rule, the rule contemplates certainty, not ambiguity. Further, providing only one-day notice of an auction will make it difficult for alternative bidders who will have twenty-four hours or less to travel to a presently unknown location.

14. Local Bankruptcy Rule 6004-1(c)(ii) also requires that any auction must be open and all creditors may attend. The Motion does not so provide.

## V. CONCLUSION

15. The effect of proposing a Stalking Horse Designation Deadline that is the day before the proposed Bid Deadline will act to discourage bidders. The proposed schedule providing for an objection period after the Bid Deadline will most certainly delay any auction, sale or Confirmation Hearing given the proposed dates when superimposed on the calendar. Combined with the lack of disclosing the components to include in an overbid will also tend to discourage bidders since they will not know what to bid. The schedule also creates a situation where the Debtor could designate a Stalking Horse and reject all other bids as lower than the Stalking Horse. Finally, the Motion fails to comply with Local Bankruptcy Rule 6004-1 to the extent that it fails to provide any meaningful information with respect to any auction.

WHEREFORE, for the reasons stated above, the U.S. Trustee respectfully requests that this Court deny the Motion, and such other relief as the Court deems just, fair, and equitable.

Dated: November 7, 2019
       Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By: /s/ David Buchbinder
David Buchbinder
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Phone: (302) 573-6491
Fax:    (302) 573-6497