IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) RE: D.I. 514 |

ORDER (A) ESTABLISHING
BIDDING PROCEDURES, (B) APPROVING
BID PROTECTIONS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving bidding procedures, attached hereto as **Exhibit 1** (the "Bidding Procedures"), by which the Debtors will solicit and select the highest or otherwise best offer(s) for the sale (the "Sale"), of all of the equity interests in Debtor PES Holdings, LLC (the "Interests") or some or all of the Debtors' assets (the "Assets"), in each case potentially at an auction if held (the "Auction"), (b) approving the Bid Protections, (c) establishing certain dates and deadlines in connection with the Bidding Procedures; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion or the Bidding Procedures, as applicable.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and on the record developed at the hearing to consider the relief requested in the Motion (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to hear and determine the Motion and to grant the relief requested therein with respect to the Bidding Procedures pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The bases for the relief requested in the Motion are sections 105, 363, 365, 503, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014, and Local Rule 6004-1.

D. Good and sufficient notice of the Motion, the Bidding Procedures, and the relief sought in the Motion has been given under the circumstances, and no other or further notice is required except as set forth herein and in the Bidding Procedures. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

E. The Bidding Procedures are fair, reasonable, and appropriate and are designed to promote participation and active bidding and ensure that the highest or otherwise best value is

generated for the Interests or the Assets.

F.   The Debtors and their advisors engaged in a robust and extensive marketing and sale process after the Petition Date to solicit and develop the highest or otherwise best offer for the Interests or Assets. The Bidding Procedures are designed to continue that robust and extensive marketing and sale process following entry of this Order.

G.   The Debtors have articulated good and sufficient business reasons for this Court to grant the relief requested in the Motion, including, without limitation, to approve the Bidding Procedures and the Bid Protections (to the extent payable under the Stalking Horse Agreement (if any)). Such compelling and sound business justification, which was set forth in the Motion and on the record at the Hearing, are incorporated herein by reference and, *inter alia*, form the basis for the Court's findings of fact and conclusions of law herein.

H.   The Bid Protections provided to the Stalking Horse Bidder (if any is selected) (i) are an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) are commensurate to the real and material benefits conferred upon the Debtors' estates by the Stalking Horse Bidder, (iii) are fair, reasonable, and appropriate, including in light of the size and nature of the proposed Sale, the commitments that have been made, and the efforts that have been and will be expended by the Stalking Horse Bidder. The Bid Protections are necessary to induce the Stalking Horse Bidder to pursue the Sale and to be bound by the Stalking Horse Agreement.

**IT IS HEREBY ORDERED THAT:**

1.   The Motion is granted to the extent set forth herein.

2.   All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, are overruled and denied on the merits with prejudice.

I.   **Important Dates and Deadlines**

3.   The following timeline of the Sale is hereby approved:

| Event | Date |
|---|---|
| Acceptable Bidder Qualification Deadline | November 22, 2019, at 9:00 a.m. (prevailing Eastern Time) |
| Determination of Acceptable Bidders | Within seven business days after a Potential Bidder delivers the Preliminary Qualification Documents |
| Bid Deadline | January 10, 2020, at 12:00 p.m. (prevailing Eastern Time) |
| Deadline for Debtors to provide Bids to the Consultation Parties | No later than ~~three business~~ two (2) calendar days after the Bid Deadline |
| Determination of Qualified Bidders | Within five business days after the Bid Deadline |
| Deadline to designate a Stalking Horse Bidder | Up until the day that is four (4) calendar days prior to the Auction |
| Auction (if applicable) | If any, the Auction will be held on January 17, 2020 at 11:00 a.m. (prevailing Eastern Time), in the New York City offices of Kirkland & Ellis LLP, at 601 Lexington Avenue, 51st floor, New York, NY, 10022 |
| Deadline to file notification of election not to conduct an Auction with the Bankruptcy Court (if applicable) | Within two business days of the determination by the Debtors not to conduct an Auction |
| Sale Objection Deadline | Two business days following the completion of an Auction, or, if the Debtors elect not to proceed with an Auction, two business days following the notification filed with the Bankruptcy Court of such election not to proceed with an Auction |
| Confirmation Hearing | January 22, 2019, at 10:00 a.m. (prevailing Eastern Time) |

4.   ***Bid Deadline***.  The deadline by which all Bids for the Debtors' Assets must be ***actually received*** by the parties specified in the Bidding Procedures is 12:00 p.m. (prevailing Eastern Time), on January 10, 2020 (the "Bid Deadline").

5. ***Winning Bidder(s)***. The Debtors shall present the results of the Auction(s) (if any) or otherwise present the Winning Bidder(s) (as defined in the Bidding Procedures) to the Bankruptcy Court at the Confirmation Hearing.

**II.    Auction, Bidding Procedures, and Related Relief**

6. The Bidding Procedures are fully incorporated herein and approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all Bids relating to the proposed sale of the Assets. Any party desiring to bid on the Interests or the Assets shall comply with the Bidding Procedures and this Order. The Debtors are authorized to take all actions as are necessary or appropriate to implement the Bidding Procedures.

7. Pursuant to Local Rule 6004-1(c)(ii):  (a) each bidder participating at an Auction (if any) shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale, as set forth in the Bidding Procedures; and (b) an Auction (if any) shall be transcribed or videotaped.

8. Cortland Capital Market Services LLC, as agent under each of the Debtors' prepetition first lien term loan facility and postpetition debtor-in-possession financing facility (in such capacity, the "DIP Agent"),[3] the Existing Term Loan Agent, and the SOA Secured Parties (as defined in the Interim DIP Order) (the foregoing parties, the "Agents") shall be deemed to be Qualified Bidders. Each Agent shall have the right to "credit bid" in accordance with the Interim DIP Order or section 363(k) of the Bankruptcy Code, as applicable (the "Credit Bid Right"). Upon exercise of the Credit Bid Right, the applicable Agent shall not be required to take title to or ownership of, or have any obligation in connection with (in each case, legal, equitable, or otherwise), or be deemed to have taken title to or ownership of, or have any obligation in

---

[3] The term "Agent" shall include the representatives and professionals of the Agent.

connection with (in each case, legal, equitable, or otherwise), any individual Asset, portion of the Interests or Assets, or all of the Interests or Assets, such Agent shall have the right to designate any person or entity in its sole and absolute discretion that shall take title to the individual Asset, portion of the Interests or Assets, or all of the Interests or Assets that are subject to the Credit Bid Right. In the event any Agent exercises the Credit Bid Right, and the amount of the credit bid of such Agent exceeds the total amount of the highest bids for the assets subject to the Credit Bid Right, such credit bid will be deemed the highest and best bid and will be accepted by the Debtors and presented to the Court for approval.

9. Subject to the terms of the Bidding Procedures and the prior paragraph of this Order, in the event of a competing Qualified Bid, the Stalking Horse Bidder (if any) will be entitled, but not obligated, to submit overbids and will be entitled in any such overbids to credit bid: (a) all or a portion of the value of the secured portion of its claims within the meaning of section 363(k) of the Bankruptcy Code; and (b) the value of the Breakup Fee.

10. The Debtors may (a) determine which Qualified Bid is the highest or otherwise best offer, (b) at any time prior to entry of an Order of the Bankruptcy Court approving the Successful Bid, reject any Bid (other than the Stalking Horse Bid) that the Debtors determine, in their sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) contrary to the best interests of the Debtors' estates and their creditors, and (c) prior to conclusion of an Auction (if any), may impose such other terms and conditions upon Qualified Bidders as the Debtors determines to be in the best interests of the Debtors' estates in these chapter 11 cases.

11. The Committee shall have the ability to object to the Sale. Any objection may include, but is not limited to, the selection of Qualified Bidder(s), any credit bid by the Agents,,

the results of any Auction (if any), and any actions taken by the Debtors that deviate from the Bidding Procedures. If the Debtors elect not to conduct an Auction, then the Debtors shall file a notice with the Bankruptcy Court of such election within two business days of the determination of such election by the Debtors. The deadline to object to the Sale shall be two business day following the completion of an Auction, or, if no Auction is held, two business days following the notification filed with the Bankruptcy Court of the Debtors' election not to conduct an Auction (the "Sale Objection Deadline").

12. No person or entity, other than the Stalking Horse Bidder (if any), shall be entitled to any expense reimbursement, break-up fees, "topping," termination, or other similar fee or payment, and by submitting a bid, such person or entity is deemed to have waived their right to request or to file with this court any request for expense reimbursement or any fee of any nature in connection with such bid, whether by virtue of section 503(b) of the Bankruptcy Code or otherwise.

13. Notwithstanding anything herein or in the Bidding Procedures, counsel to ICBC Standard Bank Plc, (Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Ray C. Schrock, P.C. (ray.schrock@weil.com) David N. Griffiths (david.griffiths@weil.com) and Bryan R. Podzius (bryan.podzius@weil.com)) shall be deemed a Consultation Party for purposes of this Order and the Bidding Procedures.

### III.  The Stalking Horse and Bid Protections

14. The Debtors are authorized, but not directed, to select one or more bidders to act as the Stalking Horse Bidder, and are further authorized, but not directed, to enter into a Stalking Horse Agreement with such Stalking Horse Bidder.

15. The Bid Protections are approved in their entirety and are payable in accordance with, and subject to the terms of, the Stalking Horse Agreement. Except as expressly provided for

herein or in the Stalking Horse Agreement, no other termination payments are authorized or permitted under this Order.

16. No later than one business day after the selection of a Stalking Horse Bidder (if such selection is made), the Debtors shall file with the Court, serve on the Objection Notice Parties (as defined below), and cause to be published on the Case Website a notice that contains information about the Stalking Horse Bidder, such Stalking Horse Bidder's bid (each such bid, a "Stalking Horse Bid"), and attaches the proposed Stalking Horse Agreement (the "Stalking Horse Selection Notice").

17. For purposes of the preceding paragraph, the Objection Notice Parties shall be (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent under the Debtors' prepetition first lien term loan facility; (d) counsel to the lenders under the Debtors' prepetition first lien term loan facility; (e) counsel to Merrill Lynch Commodities, Inc.; (f) counsel to NGL Energy Partners LP; (h) counsel to the lenders under the Debtors' prepetition promissory note; (g) counsel to ICBC Standard Bank Plc; (h) counsel to the administrative agent under the Debtors' debtor-in-possession financing facility; and (i) counsel to the lenders under the Debtors' debtor-in-possession financing facility.

18. Parties in interest may file Stalking Horse Objection by the Stalking Horse Objection Deadline. If a timely Stalking Horse Objection is filed and served in accordance with the Bidding Procedures, the proposed designation of a Stalking Horse Bidder and Stalking Horse Bid Protections provided for under such agreement shall not be deemed approved until either the Stalking Horse Objection is resolved by agreement of the objecting party and the Debtors or by order of the Court. If no timely Stalking Horse Objection is filed and served with respect to a Stalking Horse Bid in accordance with the Bidding Procedures, the Bid Protections contemplated

by such bid shall be deemed approved without further order of the Court upon the expiration of the Stalking Horse Objection Deadline.

### IV. Miscellaneous

19. Notwithstanding anything to the contrary herein or in the Bidding Procedures, the Debtors' determination regarding whether or not to pursue an Asset Sale Restructuring shall be subject to the consent of the Required Term Loan Lenders and the Required DIP Lenders.

20. All parties in interest shall receive or be deemed to have received good and sufficient notice of the Motion, and no further notice of the foregoing shall be required except as expressly set forth herein.

21. All persons or entities (whether or not Qualified Bidders) that participate in the bidding process shall be deemed to have knowingly and voluntarily (i) consented to the entry of a final order by this Court in connection with the Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (ii) waived any right to jury trial in connection with any disputes relating to the any of the foregoing matters.

22. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: NOV. 14, 2019
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE