# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-11626 (KG) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket No. 611** |

## ORDER TO APPROVE PROCEDURES FOR DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving expedited procedures for the sale, transfer, acquisition, or abandonment of De Minimis Assets, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

"Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use, sell, acquire, swap, or transfer De Minimis Assets outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

    a. With regard to the uses, sales, acquisitions, investments, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or seller or group of related buyers or sellers with a total transaction value as calculated within the Debtors' reasonable discretion, less than or equal to $2,500,000:

        i. the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

        ii. any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

        iii. the Debtors shall give written notice of such transaction substantially in the form attached to the Motion as **Exhibit B** (each notice, a "Transaction Notice") to (a) counsel to the DIP Lenders, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E. Falk, and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney and Andrew R. Remming; (b) counsel to the Committee, (i) Brown Rudnick LLP, 7 Times

Square, New York, New York 10036, Attn: Robert Stark, and (ii) Elliott Greenleaf, PC, 1105 Market Street, Suite 1700, Wilmington, Delaware 19801, Attn: Rafael Zahralddin-Aravena; (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder; (d) any known affected creditor(s), including counsel to any creditor asserting a Lien on or interest in the relevant De Minimis Assets, if known; and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Transaction Notice Party" and collectively, the "Transaction Notice Parties"), after which the Transaction Notice Parties shall have ten (10) calendar days to object to such sale or acquisition (the "**Initial Objection Period**");

iv. the content of the notice sent to the Transaction Notice Parties for the applicable sale or acquisition of De Minimis Assets shall consist of: (a) identification of the De Minimis Assets being used, sold, acquired, or transferred; (b) identification of the Debtor that directly owns or intends to acquire the De Minimis Assets; (c) identification of the purchaser or seller of the De Minimis Assets, as applicable; and (d) any other significant terms of the sale or transfer;

v. if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale or acquisition of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have (a) the number of days remaining in the Initial Objection Period plus (b) an additional five (5) calendar days, to object to such sale or acquisition (the "**Amended Objection Period**");

vi. any objections to any such transaction must (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court, and (e) be served on (i) counsel to the Debtors; (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini and Matthew C. Fagen; and (B) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones; (ii) counsel to the DIP Lenders, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E. Falk, and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North

Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney and Andrew R. Remming; (iii) counsel to the Committee, (A) Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: Robert Stark, and (B) Elliott Greenleaf, PC, 1105 Market Street, Suite 1700, Wilmington, Delaware 19801, Attn: Rafael Zahralddin-Aravena; and (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder, so as to be received on or before 4:00 p.m., prevailing Eastern Time on the tenth (10th) calendar day after receipt of such Transaction Notice;

    vii.    if no written objections are filed by the Transaction Notice Parties after the expiration of the Initial Objection Period or Amended Objection Period, as applicable (the "Transaction Notice Period"), the Debtors are authorized to consummate such transaction immediately;

    viii.    if a written objection is received from a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be sold upon withdrawal of such written objection or further order of the Court specifically approving the sale or transfer of the De Minimis Asset(s); and

    ix.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3. Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:

    a.    For Assets that the Debtors believe, as calculated within the Debtors' reasonable discretion, have a value of less than or equal to $1,500,000:

        i.    the Debtors shall give written notice of the abandonment substantially in the form attached to the Motion as **Exhibit C** (each notice, an "Abandonment Notice") to the Transaction Notice Parties;

        ii.    the Abandonment Notice shall contain (a) a description in reasonable detail of the De Minimis Assets to be abandoned,

4

including the projected book value of the assets being abandoned as reflected in the Debtors' books and records, if reasonably ascertainable; (b) the identities of holders known to the Debtors as holding Liens on the De Minimis Assets, if any; (c) the identification of the Debtor entity that directly owns the De Minimis Assets; and (d) the Debtors' reasons for such abandonment;

iii. any objections to the abandonment of any De Minimis Asset must (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served on (i) counsel to the Debtors; (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini and Matthew C. Fagen; and (B) co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones; (ii) counsel to the DIP Lenders, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Damian S. Schaible and Aryeh E. Falk, and (B) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, Delaware 19899-1347, Attn: Robert J. Dehney and Andrew R. Remming; (iii) counsel to the Committee, (A) Brown Rudnick LLP, 7 Times Square, New York, New York 10036, Attn: Robert Stark, and (B) Elliott Greenleaf, PC, 1105 Market Street, Suite 1700, Wilmington, Delaware 19801, Attn: Rafael Zahralddin-Aravena; and (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: David L. Buchbinder, so as to be received on or before 4:00 p.m., prevailing Eastern Time on the tenth (10th) calendar day after receipt of such Abandonment Notice;

iv. if no written objections from any of the Transaction Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

v. if a written objection from any Transaction Notice Party is filed with the Court within ten (10) calendar days after receipt of such Abandonment Notice, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be abandoned upon withdrawal of such written objection or further order of the Court specifically approving the abandonment of the De Minimis Asset(s).

5

4. Sales to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

5. The De Minimis Asset Sale Procedures shall not apply to any transaction that involves the assumption or the assumption and assignment of (i) executory contracts, (ii) unexpired leases of personal property, or (iii) unexpired leases of nonresidential real property for which a Debtor is not the landlord pursuant to section 365 of the Bankruptcy Code.

6. Notwithstanding anything to the contrary in this Order or the De Minimis Asset Transaction Procedures, none of the Debtors' insurance policies and/or any related agreements shall be sold, assigned, or otherwise transferred pursuant to any De Minimis Asset Transaction except in compliance with the terms of such insurance policies, any related agreements, and/or applicable non-bankruptcy law.

7. No objection to the relief requested in the Motion combined with no timely objection to the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

8. Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer. The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to

the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

9. Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

10. The Debtors shall provide a written report to the Court, the U.S. Trustee, counsel to the Creditors' Committee, the agent under the post-petition debtor in possession financing facility, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the calendar quarter ending on December 31, 2019, and each calendar quarter thereafter, no later than 30 days after the end of each such calendar quarter, and each calendar quarter thereafter, no later than 30 days after the end of each such calendar quarter, concerning any such transactions consummated during the preceding calendar quarter pursuant hereto, including the names of purchasing or selling parties, as applicable, and the types and amounts of the transactions.

11. The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached to the Motion as **Exhibit B**, is hereby authorized and approved.

12. Service of the Transaction Notice, as applicable, is sufficient notice of the use, sale, or transfer of such De Minimis Assets.

13. Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

14. With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their

office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

15. The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the use, sale, transfer, or acquisition of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators.[3]

16. Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, acquisition, or transfer of any asset under 11 U.S.C. § 363.

17. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. Notwithstanding anything to the contrary contained herein, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights granted or approved hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors (such order, the "DIP Order") and any budget in connection therewith. Notwithstanding anything to the contrary in

---

[3] The Debtors will not pay fees and expenses of estate-retained professionals in connection with such use, sale, transfer, or acquisition, however, other than in accordance with the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* filed contemporaneously herewith.

this Order, in the event of any inconsistency between the terms of this Order and the terms of any applicable DIP Order, the terms of the DIP Order shall govern.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: December 6th, 2019**
**Wilmington, Delaware**

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE