# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, et al.,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

## ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving (a) the *Disclosure Statement for the Joint Plan of Reorganization of PES Holdings, LLC and Its Debtor Affiliates* (the "Disclosure Statement"); (b) the Disclosure Statement Hearing Date and Disclosure Statement Hearing Notice; (c) the Disclosure Statement Objection Deadline and Disclosure Statement Objection Response Deadline; (d) the Voting Record Date, Solicitation Deadline, and Voting Deadline; (e) the manner and form of the Solicitation Packages and the materials contained therein; (f) the Plan Supplement Notice; (g) the Non-Voting Status Notices; (h) the form of notices to counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan; (i) the Solicitation and Voting Procedures; (j) the Plan Objection Deadline,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Confirmation Hearing Date, and Confirmation Hearing Notice; and (k) dates and deadlines related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**I.      Approval of the Disclosure Statement.**

2. The Disclosure Statement is hereby approved as providing Holders of Claims or Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## II. Approval of the Disclosure Statement Hearing Notice.

4. The Disclosure Statement Hearing Notice, the form of which is attached hereto as **Exhibit 2**, filed by the Debtors and served upon parties in interest in these chapter 11 cases beginning on October 10, 2019, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III. Approval of the Materials and Timeline for Soliciting Votes.

### A. Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.

5. The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

   a. **December 6, 2019** as the date for determining (i) which Holders of Claims or Interests in the Voting Classes are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith and (ii) whether Claims or Interests have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim or Interest (the "Voting Record Date");

   b. the Debtors shall distribute Solicitation Packages to Holders of Claims or Interests entitled to vote on the Plan **five (5) days after entry of this Order**, but in no event later than **December 19, 2019** (the "Solicitation Launch"); and

   c. all Holders of Claims or Interests entitled to vote on the Plan must complete, execute, and return their Ballots so that they are **actually received** by the Notice and Claims Agent pursuant to the Solicitation and Voting Procedures, no later than ~~January 27~~, **February 3** 2020 (the "Voting Deadline").

**B.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.    In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order (without exhibits, except the Solicitation and Voting Procedures), the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims or Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.    an appropriate form of Ballot attached hereto as **Exhibit 3A**, **Exhibit 3B**, **Exhibit 3C**, and **Exhibit 3D**, respectively;[3]

b.    the Cover Letter attached hereto as **Exhibit 7**;

c.    a letter from the Committee describing the further solicitation of the Plan Supplement documents and relevant procedures therewith; and

d.    the Confirmation Hearing Notice attached hereto as **Exhibit 8**.

7.    The Solicitation Packages provide the Holders of Claims or Interests entitled to vote on the Plan with adequate information (subject to additional solicitation of Plan Supplement documents set forth in paragraph 16) to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

8.    The Debtors shall distribute Solicitation Packages to all Holders of Claims or Interests entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

---

[3] The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

9. The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims or Interests entitled to vote on the Plan in electronic format. The Ballots as well as the Cover Letter and the Confirmation Hearing Notice will **only** be provided in paper form. On or before the Solicitation Deadline, the Debtors shall provide complete Solicitation Packages to the U.S. Trustee and to all parties on the 2002 List as of the Voting Record Date.

10. Any party that receives the materials in electronic format but would prefer to receive materials in paper format may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims or Interests against the Debtors, (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan as soon as practicable thereafter.

12. The Notice and Claims Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic

signature will be deemed to be immediately legally valid and effective. Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

13. All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight delivery; or (c) personal delivery, so that the Ballots are **actually received** by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot. Alternatively, Ballots may be submitted via an electronic Ballot through the Notice and Claims Agent's on-line electronic Ballot submission portal at https://cases.omniagentsolutions.com/pesholdings2019/ by no later than the Voting Deadline. The Debtors are authorized to extend the Voting Deadline in their discretion, in consultation with both the Term Lender Committee and the Consenting Noteholders, and without further order of the Court. Beneficial Holders must properly execute, complete, and deliver Beneficial Holder Ballots to their respective Nominee in sufficient time so that the Nominees may verify, tabulate, and include such Beneficial Holder Ballots in a Master Ballot and return the Master Ballots, so that they are *actually received* by the Notice and Claims Agent no later than the Voting Deadline.

C. **Approval of the Confirmation Hearing Notice.**

14. The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 8** filed by the Debtors and served upon parties in interest in these chapter 11 cases on or before the Solicitation Deadline, constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Debtors shall publish the

Confirmation Hearing Notice (in a format modified for publication) one time on or before the Publication Deadline in *The New York Times* (national edition) and *USA Today* (national edition).

    **D.**    **Approval of Notice of Filing of the Plan Supplement**.

15. The Debtors are authorized to send notice of the filing of the Plan Supplement, which will be filed and served fourteen days prior to the Confirmation Hearing, substantially in the form attached hereto as **Exhibit 9**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

16. The following Plan Supplement documents shall be delivered via overnight mail after the Debtors select a Successful Bidder at the Auction (if an Auction occurs), but under no circumstances later than six days prior to the Voting Deadline, to the parties receiving notice of the Disclosure Statement: (i) a notice of consummation of the Equitization Restructuring or Asset Sale Restructuring, as applicable, and in the event of an Asset Sale Restructuring, a notice of Successful Bidder; (ii) an updated Liquidation Analysis taking into account estimated recoveries based upon the Successful Bid, if any; (iii) a summary explanation of any Plan changes; (iv) a disclosure table listing creditor recovery estimates based upon the Successful Bid, if any; and (v) a letter from the Committee recommending how Holders of General Unsecured Claims should vote on the Plan. The Committee reserves its rights to (a) challenge and object to the adequacy of the Plan Supplement documents set forth in (i)–(v) of this paragraph, including requesting an emergency hearing as to whether the Plan Supplement documents are sufficient under section 1125 of the Bankruptcy Code and/or whether the Voting Deadline should be extended, and (b) challenge confirmation of the Plan due to insufficient disclosure.

    **E.**    **Approval of the Form of Notices to Non-Voting Classes**.

17. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such

Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall mail (first-class postage pre-paid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

    a. ***Unimpaired Claims—Conclusively Presumed to Accept.*** Holders of Claims in Class 1 (Other Secured Claims) and Class 2 (Other Priority Claims) are not Impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan. As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as **Exhibit 4**, in lieu of a Solicitation Package.

    b. ***Impaired Claims and Interests—Deemed to Reject.*** Holders of Claims in Class 10 (Section 510(b) Claims) and Interests in Class 9 (Interests in PES and PES Ultimate Interests) are conclusively deemed to have rejected the Plan pursuant to section 1126(f) or section 1126(g) of the Bankruptcy Code and will receive a notice, substantially in the form attached to the Order as **Exhibit 5**, in lieu of a Solicitation Package.

    c. ***Disputed Claims.*** Holders of Claims or Interests that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim or Interest. As such, any Holders of such Claims or Interests will receive a notice, substantially in the form attached to the order as **Exhibit 6**.

17. The Debtors will not provide the Holders of Claims in Class 7 (Intercompany Claims) or Holders of Interests in Class 8 (Intercompany Interests) with a Solicitation Package or any other type of notice in connection with this solicitation.

18. The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims or Interests that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

F.  **Approval of Notice to Contract and Lease Counterparties.**

19. The Debtors are authorized to mail a notice of assumption or rejection of any Executory Contracts or Unexpired Leases (and any corresponding cure claims), in the form attached hereto as **Exhibit 10** and **Exhibit 11** to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

IV. **Approval of the Solicitation and Voting Procedures.**

20. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**, which are hereby approved in their entirety.

21. Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest for purposes of voting to accept or reject the Plan shall have until ten (10) days from the later of (a) the mailing of the Confirmation Hearing Notice and (b) the filing of a claim objection to file such a motion. The Debtors and other parties in interest shall have until the date that is ten (10) days prior to the Voting Deadline as the deadline by which the Debtors or other parties in interest must file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

V. **Approval of Procedures for Confirming the Plan**

  A. **Approval of the Timeline for Filing Objections to the Plan and Confirming the Plan**

22. The following dates are hereby established with respect to filing objections to the Plan and confirming the Plan:

  a. ~~January 27~~, [February 3] **2020 at 4:00 p.m.** prevailing Eastern Time shall be date by which objections to the Plan must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (as identified in the Confirmation Hearing Notice) (the "Plan Objection Deadline");

b. ~~January 29~~ **February 5**, 2020, at 4:00 p.m. prevailing Eastern Time shall be the date by which responses to objections to the Plan must be filed with the Court (the "Plan Objection Reply Deadline"), and the Debtors (and any other parties in interest that support confirmation of the Plan) shall file their brief or other pleadings in support of Confirmation of the Plan (the "Confirmation Brief Deadline");

c. ~~January 29~~ **February 5**, 2020 shall be the date by which the voting certification must be filed with the Court; and

d. the Court shall consider Confirmation of the Plan at the hearing to be held on ~~January 30~~ **February 6**, 2020, at ~~9:30~~ **9:00** a.m. prevailing Eastern Time (the "Confirmation Hearing Date").

**B.     Approval of the Procedures for Filing Objections to the Plan.**

23.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before ~~January 22~~ **February 23**, 2020, at 4:00 p.m. prevailing Eastern Time by each of the notice parties identified in the Confirmation Hearing Notice.

24.     Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

25.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

26.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

27. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: Dec. 11, 2019
Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE