IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) D.I. 675, 365 |

## SECOND STIPULATION AND AGREED ORDER REGARDING ADVANCE OF JUNE 21 PD INSURANCE PROCEEDS

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), ICBC Standard Bank PLC ("ICBCS"), and the members of ad hoc group of lenders under the Existing Term Loan Credit Agreement and the DIP Credit Agreement that constitute, respectively the Required Lenders and the Required DIP Lenders under the DIP Credit Agreement (the "Ad Hoc Term Loan Lenders" and, together with the Debtors and ICBCS, the "Parties"), through their undersigned counsel, hereby enter into this stipulation and agreed order (this "Second Stipulation and Order").[2]

**WHEREAS**, on July 21, 2019 (the "Petition Date"), each of the Debtors filed a petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 23, 2019, the Court entered an

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined shall have the meaning ascribed to them in the DIP Motion or DIP Orders (each as defined herein), as applicable.

KE 65435794.3

order [Docket No. 72] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. No party has requested the appointment of a trustee or examiner in these chapter 11 cases. On August 5, 2019, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 152].

**WHEREAS**, on July 22, 2019, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(b), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363, (II) Granting Adequate Protection to Prepetition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363, 364 and 507(b) and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* [Docket No. 37] (the "DIP Motion").

**WHEREAS**, on July 23, 2019, the Court entered an order approving the DIP Motion on an interim basis [Docket No. 85] (the "Interim DIP Order").

**WHEREAS**, on November 14, 2019, the Court entered an order approving the DIP Motion on a final basis [Docket No. 580] (the "Final DIP Order" and, together with the Interim DIP Order, as applicable, the "DIP Orders").

**WHEREAS**, the Debtors are seeking recovery of proceeds of any claim under the Debtors' property damage and business interruption insurance policies relating directly or indirectly to the incident that occurred at the Debtors' refinery complex on June 21, 2019 (such proceeds, with respect to coverage for property damage, the "June 21 PD Insurance Proceeds" and, with respect to coverage for business interruption, the "June 21 BI Insurance Proceeds"), including, without

limitation, the 2018PESPROP policy form with effective dates of November 1, 2018 through November 1, 2019 (each a "Commercial Property Coverage Policy" and, collectively, the "Commercial Property Coverage Policies") to insure a portion of the Debtors' coverage for property damage and business interruption losses during such period.

**WHEREAS**, certain insurers, each of which subscribed to the Commercial Property Coverage Policies (the "Insurers"), had agreed to make an initial advance payment of $50 million against the June 21 PD Insurance Proceeds (the "First June 21 PD Insurance Proceeds Advance").

**WHEREAS**, the Parties entered into an agreed stipulation and order [Docket No. 365] (the "First Stipulation and Order") to facilitate the payment of such First June 21 PD Insurance Proceeds Advance.

**WHEREAS**, the Insurers have expressed willingness to make a further advance payment of $15 million against the June 21 PD Insurance Proceeds (the "Second June 21 PD Insurance Proceeds Advance").

**WHEREAS**, the Parties desire to facilitate the payment of such Second June 21 PD Insurance Proceeds Advance by entering into this Second Stipulation and Order.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Parties, which agreement, upon approval and entry by the Court, shall constitute an order of the Court, as follows:

1. Notwithstanding any provision to the contrary in any Commercial Property Coverage Policy, the DIP Orders, or any other agreement, document, or applicable law, any payment of the Second June 21 PD Insurance Proceeds Advance under the Commercial Property Coverage Policies, which for the avoidance of doubt may be disbursed to the Debtors in multiple installments, shall (a) be paid directly and solely to the Debtor(s) named as an insured under the

applicable Commercial Property Coverage Policy, and (b) be treated and used solely in accordance with the DIP Orders and the Approved Budget. All rights are expressly reserved in full by all Parties concerning any further advance against the Commercial Property Coverage Policies.

2. Any payment of the Second June 21 PD Insurance Proceeds Advance shall serve to erode the available coverage limits under the applicable Commercial Property Coverage Policies to the extent of such payment. The insurers under the applicable Commercial Property Coverage Policies shall not have duplicate liability to the Debtors or any other person or entity with respect to all or any portion of the Second June 21 PD Insurance Proceeds Advance actually made once it is made.

3. Nothing herein or in the DIP Orders shall be construed to require any advance, payment, or distribution under any of the Commercial Property Coverage Policies, and except as expressly set forth herein, nothing in the DIP Orders, the First Stipulation and Order, or this Second Stipulation and Order alters or modifies the terms and conditions of any Commercial Property Coverage Policies or related agreements. Notwithstanding any contrary provision of the DIP Orders, the First Stipulation and Order, or this Second Stipulation and Order, except as expressly set forth herein, the rights, claims, and defenses of the parties to the Commercial Property Coverage Policies are expressly preserved in full.

4. ICBCS and the Ad Hoc Term Loan Lenders expressly consent to the entry of this Second Stipulation and Order; *provided* that nothing in this Second Stipulation and Order shall constitute or be deemed to constitute a consent, waiver or other modification of any of the DIP Secured Parties', Existing Term Loan Secured Parties', or ICBCS's rights under the DIP Documents, the Existing Term Loan Documents, the DIP Orders, the SOA Transaction Documents, or under bankruptcy or applicable law, including without limitation, with respect to

diminution in value of any Collateral, Prepetition Term Loan Collateral, SOA Priority Collateral, or Prepetition SOA Collateral resulting from the use or other disposition of the First June 21 PD Insurance Proceeds Advance or Second June 21 PD Insurance Proceeds Advance and all of the DIP Secured Parties', Existing Term Loan Secured Parties', and ICBCS's rights in connection therewith are hereby expressly preserved; *provided, further*, that nothing in the First Stipulation and Order and this Second Stipulation and Order shall in any way impair the Debtors' rights as provided in the DIP Orders or under bankruptcy or applicable law.

5. This Second Stipulation and Order shall have no effect on the June 21 BI Insurance Proceeds or advance payments thereof, or on any advance, payment, or disbursement of the June 21 PD Insurance Proceeds, including the First June 21 PD Insurance Proceeds Advance, other than the Second June 21 PD Insurance Proceeds Advance, and all rights of the Parties with respect thereto are expressly preserved in full.

6. This Second Stipulation and Order shall be binding on and inure to the benefit of the Parties hereto and their respective successors and assigns.

7. The Parties are authorized to take all actions necessary to effectuate the relief provided by this Second Stipulation and Order.

8. The terms and conditions of this Second Stipulation and Order shall be immediately effective and enforceable upon its approval and entry by the Court.

9. This Second Stipulation and Order shall not be modified, altered, amended, or vacated without written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation, in whole or in part, shall be subject to the approval of the Court.

10. The undersigned counsel hereby represent and warrant that they have full authority to execute this Second Stipulation and Order on behalf of the respective Parties and that the

respective Parties have full knowledge of, and have consented to, this Second Stipulation and Order.

11. This Stipulation and Order may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

12. The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Second Stipulation and Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Second Stipulation and Order.

SO ORDERED this 12th day of December 2019

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

*[Remainder of page left intentionally blank]*

**AGREED AND SUBMITTED BY:**

Dated: December 11, 2019  
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
pkeane@pszjlaw.com
joneill@pszjlaw.com

- and -

Edward O. Sassower, P.C.
Steven N. Serajeddini (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    edward.sassower@kirkland.com
steven.serajeddini@kirkland.com
matthew.fagen@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**AGREED AND SUBMITTED BY:**

Dated: December 11, 2019  
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**
By */s/ William P. Bowden*
William P. Bowden (#2553)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
Telephone: (302) 654-1888

- and -

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
By */s/ Deborah Newman*
Richard I. Werder, Jr. (*pro hac vice*)
Jane M. Byrne (*pro hac vice*)
Deborah Newman (*pro hac vice*)
Eric Kay (*pro hac vice*)
Zachary Russell (*pro hac vice*)
51 Madison Avenue, 22nd Floor
New York, NY 10010

- and -

*/s/ David N. Griffiths*
Ray C. Schrock, P.C.
David N. Griffiths
Bryan R. Podzius
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:   ray.schrock@weil.com
             david.griffiths@weil.com
             bryan.podzius@weil.com

- and -

Mark D. Collins (No. 2981)
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square

KE 65435794.3

920 North King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:    collins@rlf.com
               defranceschi@rlf.com
               shapiro@rlf.com
               schlauch@rlf.com

*Co-Counsel to ICBC Standard Bank, Plc*

**AGREED AND SUBMITTED BY:**

Dated: 11, 2019  
New York, New York

/s/ *Aryeh Ethan Falk*
---
Damian S. Schaible  
James I. McClammy  
David B. Toscano  
Aryeh Ethan Falk  
Jonah A. Peppiatt  
**DAVIS POLK & WARDWELL LLP**  
450 Lexington Avenue  
New York, NY 10017  
Telephone:   (212) 450-4000  
Facsimile:   (212) 701-5800  
Email: damian.schaible@davispolk.com  
           james.mcclammy@davispolk.com  
           david.toscano@davispolk.com  
           aryeh.falk@davispolk.com  
           jonah.peppiatt@davispolk.com  

*Counsel to the Ad Hoc Term Loan Lenders*