**Release, Exculpation, Discharge, and Injunction Provisions.** Add: *provided, however*, that nothing in the exculpation related provisions of the Plan shall release Debtors from the provisions of the Plan governing satisfaction of Allowed Claims including Allowed Administrative Expense Claims or change the standard for liability on Allowed Claims or Allowed Administrative Expense Claims.

**Governmental Units**. Nothing in this Order or the Plan or related Plan documents discharges, releases, precludes, exculpates, or enjoins: (i) any liability to a governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; (iv) any liability to a Governmental Unit on the part of any non-Debtor; or (v) any liability of any debtor, non-debtor, or any other person or entity under criminal laws of any Governmental Unit. Nothing in this Order or the Plan or related Plan documents authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. The first sentence of Article VI.J.2 of the Plan shall not apply to Allowed Claims of Governmental Units.

Nor shall anything in this Order or the Plan or related Plan documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in

the preceding sentence; *provided* that (i) the Court retains jurisdiction to determine whether environmental liabilities asserted by any Governmental Unit or other Entity are discharged or otherwise barred by the Plan or related Plan documents, this Order, any other order relating to the Debtors or the Liquidating Trust, or the Bankruptcy Code and (ii) nothing in any of the orders or other documents identified in the preceding subclause (i) hereof divests any tribunal of any jurisdiction it may have under applicable environmental law or other police or regulatory laws to adjudicate any defense asserted under any of those orders or other documents; *provided, further*, that all Governmental Units and other Entities hereby reserve whatever rights they may have to argue that any tribunal of any jurisdiction has or does not have jurisdiction with respect to the matters described in the preceding subclauses (i) and (ii).

All Permitted Liens of Governmental Units under Schedule 1.01(d) of the Asset Purchase Agreement and the rights and remedies of any Governmental Unit under these Permitted Liens shall survive the bankruptcy case and may be enforced in any tribunal with jurisdiction, provided, however, that issues relating to the 2018 RINs Consent Decree shall be addressed in accordance with Articles _- and __ of the Plan.

The Acquired Company Debtor PESRM shall continue to be liable for all of PESRM's obligations under <u>In re Philadelphia Energy Solutions LLC and Philadelphia Energy Solutions Refining and Marketing LLC</u>, CERC/RCRA-03-2012-0224DC (the PPA Administrative Agreement") which shall continue to be in full force and effect notwithstanding the Bankruptcy Case.  Notwithstanding anything to the contrary in this Order, the Plan or related documents, nothing in the Plan or related documents shall impair the rights, claims or causes of action of governmental units against the PESRM under the PPA Administrative Agreement and such

rights, claims and causes of action shall not be discharged or otherwise adversely affected by the Plan, shall survive the Chapter 11 Case as if it had not been commenced, and may be determined or adjudicated before the respective administrative agency having jurisdiction or court of competent jurisdiction, provided that all prepetition claims for penalties under the PPA Administrative Agreement shall be treated as provided in the Plan.

The Acquired Company Debtor PESRM shall continue to be liable for all of PESRM's obligations under <u>United States v. Sunoco, Inc.</u>, No. 05-02866 (E.D.PA 2006) (the "2006 Consent Decree") which shall continue to be in full force and effect notwithstanding the Bankruptcy Case except with respect to existing claims for penalties.  Notwithstanding anything to the contrary in this Order, the Plan or related documents, nothing in the Plan or related documents shall impair the rights, claims or causes of action of governmental units against the PESRM under the 2006 Consent Decree and such rights, claims and causes of action shall not be discharged or otherwise adversely affected by the Plan, shall survive the Chapter 11 Case as if it had not been commenced, and may be determined or adjudicated before the respective administrative agency having jurisdiction or court of competent jurisdiction, provided, however, that all prepetition claims for penalties under the 2006 Consent Decree shall be treated as provided in Article __ of the Plan (subject to any right of setoff as provided in Paragraphs __ of this Order).

The PPA Administrative Agreement and 2006 CD shall be removed from the Exhibit of Assumed Executory Contracts and will be governed by the above language instead.

Notwithstanding anything set forth in this Order or the Plan or related Plan documents, confirmation of the Plan, and this Order are without prejudice to any right under 11 U.S.C. § 553 or otherwise to set off and/or recoup, against any claim, debts owed (if any) to the Debtors by the United States on account of any request or claim of Debtors asserted in Philadelphia Energy Solutions Refining and Marketing, LLC, No. 19-510T (Fed. Cl.) or related thereto. The United States has adequately preserved, and does not need to take any further action prior to Confirmation to exercise such right of setoff and/or recoupment and the Debtors waive any defenses related to the adequacy of preservation (including whether the United States needed to take further action prior to Confirmation) of any Claim of the United States for such setoff and/or recoupment.  Debtors reserve all defenses to any such Claim of setoff and/or recoupment under applicable law other than whether the United States has adequately preserved its rights or needed to take further action to exercise its rights prior to confirmation.

In the Vesting of Assets section of the Plan (page 23), in the free and clear reference add "other than the Transferring Liens (as defined in the Purchase Agreement) pursuant to the terms of the Purchase Agreement and Confirmation Order.

*Treatment of Debtors' RINs Obligations Under the Consent Decree and the Clean Air Act*

    The Court shall determine, after the submission of briefs in accordance with a schedule for briefing the issue following the Confirmation Hearing, whether the Debtors' obligations under the Consent Decree and Environmental Settlement Agreement entered by this Court in the Debtors' prior bankruptcy case, *see In re PES Holdings, LLC*, No. 18-10122 (KG), Docket Nos. 244, 347, 510 (the "Consent Decree") and  the Clean Air Act and implementing regulations, constitute injunctive compliance obligations or are a dischargeable "debt" and/or a "claim" under the Bankruptcy Code and if they are the responsibility of the Acquired Entities or the Liquidating Trust.  If it is determined by the Court (a) that the Debtors have obligations under the Consent Decree and/or Clean Air Act and implementing

4

regulations which are an injunctive compliance obligation, then (i) such obligations shall not be classified as "claims" within the meaning of section 101(5) of the Bankruptcy Code and (ii) the Acquired Entities or Liquidating Trust (as determined by the Court) shall comply with the Renewable Identification Numbers retirement obligations; *provided*, that if the Debtors and the Purchaser mutually agree, in exchange for fair consideration, that the Liquidating Trust shall assume responsibility for such obligations or the Court requires that the Liquidating Trust assume such responsibility, then the Debtors shall establish a RIN Retirement Obligations Reserve, and the Acquired Entities and Purchaser shall have no further responsibility for such obligations, or (b) that the Debtors have liabilities under the Consent Decree which constitute dischargeable "debt" and/or a "claim" pursuant to the Bankruptcy Code, in which case such obligations shall constitute Class 5 General Unsecured Claims (but shall be subject to any right of setoff or recoupment) and may be estimated in accordance with Article IX.C subject to applicable provisions of the Bankruptcy Code and the United States Environmental Protection Agency shall receive pro rata distributions (subject to any right of setoff or recoupment to the extent unimpaired under applicable law and/or the Confirmation Order), or (c) that an alternative treatment is warranted, then the treatment shall be as provided by order of the Court. The Plan and Confirmation Order and related documents are without prejudice to the all parties' positions on the issue of dischargeability and setoff and recoupment and all parties reserve their existing rights and contentions without prejudice as to the legal issues, provided, that the Plan and Confirmation Order are without prejudice to any right under 11 U.S.C. § 553 or otherwise to set off and/or recoup, against any claim, debts owed (if any) to the Debtors by the United States on account of any request or claim of Debtors asserted in Philadelphia Energy Solutions Refining and Marketing, LLC, No. 19-510T (Fed. Cl.) or related thereto. The United States has adequately preserved, and does not need to take any further action prior to Confirmation to exercise such right of setoff and/or recoupment and the Debtors waive any defenses related to the adequacy of preservation (including whether the United States needed to take further action prior to Confirmation) of any Claim of the United States for such setoff and/or recoupment. Debtors reserve all defenses to any such Claim of setoff and/or recoupment under applicable law other than whether the United States has adequately preserved its rights or needed to take further action to exercise its rights prior to confirmation.

*RINs Retirement Obligations Reserve*

On the Effective Date, if the Court determines that the Liquidating Trust shall assume responsibility for the RINs retirement obligations, the Liquidating Trust shall establish the RINs Retirement Obligations Reserve in accordance with Article IX.C by depositing Cash in the amount of $35 million into the RINs Retirement Obligations Reserve; *provided*, that the deposit shall not constitute a limit on the RINs required to be retired. Any deposit remaining in the RINs Retirement Obligations Reserve after satisfaction of injunctive compliance obligations shall constitute Distribution Proceeds and promptly be transferred to the General Account and shall be distributed in accordance with Article VIII without any further action or order of the Bankruptcy Court.

Notwithstanding anything to the contrary in the Plan or the Confirmation Order, in the event the Court determines that the Renewable Identification Numbers retirement obligations under the Consent Decree and/or Clean Air Act and regulations constitute dischargeable "debt" and/or a "claim" pursuant to the Bankruptcy Code, then (i) such liabilities shall constitute Class 5 General Unsecured Claims (but shall be subject to any right of setoff or recoupment to the extent unimpaired under applicable law and/or the Confirmation Order) and may be estimated in accordance with Article IX.C subject to applicable provisions of the Bankruptcy Code and the United States Environmental Protection Agency shall receive pro rata distributions (subject to any right of setoff or recoupment to the extent unimpaired under applicable law and/or the Confirmation Order); and (ii) the RINs Retirement Obligations Amount shall constitute Distribution Proceeds and promptly be transferred to the General Account and shall be distributed in accordance with Article VIII without any further action or order of the Bankruptcy Court.