## **EXHIBIT A**

## **Proposed Order**

DOCS_DE:228506.1 70753/001

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*,[1] | ) Case No. 19-11626 (LSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

## ORDER (A) APPROVING THE SETTLEMENT BY AND BETWEEN THE DEBTORS, FORMER EMPLOYEE CLAIMANTS, AND THE CREDITORS' COMMITTEE AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors (collectively, the "Debtors") for entry of this Order[2] (a) approving the *Settlement Agreement and Release Regarding Certain Claimants By and Among the Debtors, Former Employee Claimants, and the Creditors' Committee* (the "Settlement"), a copy of which is attached hereto as **Exhibit 1** and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Settlement is hereby authorized, and the Settlement Agreement is hereby approved.

3.      The Parties are hereby authorized to take any and all actions reasonably necessary to effectuate the terms of the Settlement.

4.      The Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Settlement or this Order.


Dated: _____, 2020        _____
Wilmington, Delaware                       THE HONORABLE LAURIE SELBER SILVERSTEIN
                                                        UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:228506.1 70753/001

## Exhibit 1

**Settlement Agreement and Release Regarding Certain Claimants**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC, *et al.*,[3] | ) | Case No. 19-11626 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## SETTLEMENT AGREEMENT AND RELEASE REGARDING CERTAIN CLAIMANTS

The Debtors, Former Employee Claimants, and Creditors' Committee agree to this settlement and release resolving in their entirety the Proofs of Claim and Adversary Proceedings.[4]  The Debtors, Former Employee Claimants, and Creditors' Committee are referred to collectively as the "<u>Parties</u>" and are sometimes referred to individually as a "<u>Party</u>."

### RECITALS

1.      On July 21, 2019 (the "<u>Petition Date</u>"), each of the above-captioned debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "<u>Debtors</u>") filed a petition with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

2.      The Debtors continue to operate their business and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[3]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).

[4]     Each of these capitalized terms (and others) are defined below in the body of this Settlement Agreement and Release (the "Agreement").

1

3.      On July 23, 2019, the Court entered an order [Docket No. 72] authorizing the joint administration and procedural consolidation of the chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

4.      On June 28, 2019, Nathan Rutkowski and Martin Harper filed a putative class action complaint in the United States District Court for the Eastern District of Pennsylvania seeking to represent the approximately 1,000 terminated employees and to "recover backpay and benefits pursuant to the Workers Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the 'WARN ACT') and Chapter 9-1500 of the Pennsylvania Code." *See* 19-CV-02849-MMB, Dkt. 1 (the "District Court Action").  On July 26, 2019, Messrs. Rutkowski and Harper filed Adversary Proceeding No. 19-50278 (LSS) (the "Adversary Proceeding") in the Bankruptcy Court, seeking substantially the same relief as in the District Court Action. Together, the District Court Action and Adversary Proceeding are referred to as the "Adversary Proceedings."  Messrs. Rutowski and Harper are referred to as the "Adversary Plaintiffs."

5.      On August 5, 2019, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 152] (the "Creditors' Committee").

6.      On August 20, 2019, the Bankruptcy Court entered an order (Docket No. 218, the "Bar Date Order") setting October 21, 2019, as the date by which any actual or potential creditors were required to file proofs of claim in the Debtors' chapter 11 cases (the "Bar Date").

7.      Prior to the Bar Date, certain former employees of the Debtors, along with individuals associated with such former employees, filed proofs of claim as stated below:

| Claim No. | Last Name | First Name |
|---|---|---|
| 5 | Cunningham | Matthew |
| 6 | Lawrence | Jeffrey L |
| 42 | Berger | Annamaria |
| 49 | O'Leary | Marissa |

2

| Claim No. | Last Name | First Name |
|---|---|---|
| 55 | Nathan Rutkowski and Martin Harper o/b/o a Class of WARN Act Claimants and similarly situated former PES employees | |
| 63 | Keenan | Joe |
| 66 | Riley | Eileen |
| 82 | Harper | Martin |
| 92 | Hendrickson Jr. | Wesley L. |
| 94, 98 | Hurst | Kyle |
| 94 | Jenkins | Darryl W |
| 95 | Efunnuga | Olukorede |
| 101 | Moran | Neal |
| 104 | Hovis | Jack |
| 105 | Frick | Tiffany |
| 106 | Markowski | David |
| 107 | Petroske | Alexander |
| 120 | Bertino | Ronald |
| 135 | Michener | Tyler Carr |
| 138 | Darrow | Wayne |
| 149 | Fleet | Mark G. |
| 150 | Lopes | Christopher |
| 152 | Bloemker | Daniel |
| 153 | Seiger | Scott A. |
| 178 | Finocchio | Thomas |
| 187 | Damanskis | Stephen |
| 194 | Staats | Kevin C. |
| 200 | Farhi | Pedram |
| 237 | Francis | Richard |
| 262 | Borovikov | Boris |
| 267 | Latham | Richard T. |
| 268 | Latham | Patricia A. |
| 272 | Rutkowski | Nathan J. |
| 275 | Rees | Brian |
| 276 | Flynn | David M. |
| 277, 312 | Jung | Sonia G. |
| 278 | Fuller | Amber |
| 301 | Grassi | Paul |

8.      Proofs of Claim No. 5, 6, 42, 49, 55, 63, 66, 82, 92, 94, 95, 98, 101, 104, 105,

106, 107, 120, 135, 138, 149, 150, 152, 153, 178, 187, 194, 200, 237, 262, 267, 268, 272, 275,

276, 277, 278, 301, and 312 are referred to as the "Proofs of Claim."

9.      The claimants in Proofs of Claim No. 5, 6, 42, 49, 55, 63, 66, 82, 92, 94, 95, 98,

101, 104, 105, 106, 107, 135, 138, 149, 150, 152, 153, 178, 187, 194, 200, 237, 262, 267, 268,

3

272, 275, 276, 277, 278, 301, and 312 are collectively referred to as the "Former Employee Claimants."

10.    On February 13, 2020, the Bankruptcy Court entered an order (the "Confirmation Order") [Docket No. 1004] confirming the *Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and its Debtor Affiliates* (the "Plan" which is Exhibit A to the Confirmation Order).

11.    The Debtors and the Creditors Committee deny that any of the Proofs of Claim or the Adversary Proceedings have any merit and aver that, if the Proofs of Claim and/or the Adversary Proceedings were litigated, the Former Employee Claimants and the Adversary Plaintiffs would be entitled to receive, and would receive, nothing.

12.    The Debtors, the Former Employee Claimants, and the Creditors Committee wish to resolve their respective rights and obligations as to the Proofs of Claim and the Adversary Proceedings, in their entirety, on the terms and conditions set forth in this Agreement.

## SETTLEMENT TERMS AND CONDITIONS

13.    The recitals set forth above are incorporated herein by reference and are made a part of this Agreement.

14.    The Parties agree that the Former Employee Claimants will, together, hold a single General Unsecured Claim against Debtor Philadelphia Energy Solutions Refining & Marketing LLC ("PESRM") in the amount of $500,000.  The Parties further agree that, by executing this Stipulation, each of the Former Employee Claimants are deemed to have made the Distribution Proceeds Election.  *See* Docket No. 1004-1 at Article III.B.5; *see also id.* at Definition of "Distribution Proceeds Election."  Any distributions on such General Unsecured Claim pursuant to the Distribution Proceeds Election shall be made to counsel for the Former Employee Claimants, who will allocate such proceeds among the Former Employee Claimants.

4

15.      Within 2 days of the approval of this Agreement by the Bankruptcy Court, the Adversary Plaintiffs will voluntarily dismiss both of the Adversary Proceedings, with prejudice, the parties to bear their own costs and attorneys' fees.

16.      Counsel to the Former Employee Claimants may recover attorneys' fees from the Former Employee Claimants (and not from the Debtors, the Debtors' estates, or the Creditors' Committee) only in accordance with their own separate agreements with the Former Employee Claimants.

17.      With the exception of the relief provided in Paragraph 14 above, the Former Employee Claimants and Adversary Plaintiffs agree that they will receive no further recovery, in any form, from the Debtors or the Debtors' estates, including, but not limited to, the proceeds of the GUC Settlement Proceeds as provided in Article VIII.I of the Plan, whether in their Proofs of Claim, the Adversary Proceedings, the Plan, the Confirmation Order, or otherwise.

18.      Each of the Former Employee Claimants releases and forever discharges the Debtors, their predecessors and successors, their estates, and each of their direct and indirect subsidiaries, divisions, officers, directors, employees, shareholders, members, managers, lenders, investors, and any of their legal representatives, from any and all manner of claims (including but not limited to all claims that were averred or could have been averred in any of the Proofs of Claim or the Adversary Proceedings), disputes, actions, liabilities, causes of actions, suits, set-offs, counterclaims, demands, or damages, whatsoever, based on any legal or equitable theory, right of action or otherwise, whether arising in tort or contract or otherwise under federal, state, local law or regulation or common law, foreseen or unforeseen, known or unknown, matured or unmatured, accrued or not accrued, that existed on the Effective Date, whether or not the Former

DOCS_DE:228506.1 70753/001

Employee Claimants raised or could have raised such claims, counterclaims, disputes, actions, causes of action, suits, set-offs, counterclaims, damages, or demands prior to the Effective Date.

19.     This Agreement is subject to the approval of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019, and entry of an order approving this Agreement substantially in the form attached as Exhibit A hereto (the "Approval Order").  Upon entry of the Approval Order, the provisions of this Agreement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Former Employee Claimants, the Adversary Plaintiffs, and the Creditors' Committee.

20.     Upon entry of the Approval Order, the Debtors' claims and noticing agent shall be authorized to take all actions necessary to effectuate the resolution of the Proofs of Claim on the terms and conditions provided herein from the claims register in the above-captioned cases.

21.     This Agreement constitutes the entire, complete and integrated statement of each and every term and provision agreed to by and among the Parties and is not subject to any condition not provided for herein.  This Agreement supersedes any prior negotiations by  any Party regarding the subject matter of this Agreement, and no Party shall be liable or bound to any other Party for any prior representation, promise or warranty (oral or otherwise) regarding the subject matter of this Agreement except for those expressly set forth in this Agreement.

22.     Each Party warrants and represents that in entering into this Agreement it is relying solely on its own judgment, belief and knowledge and, as applicable, on that of any attorney it has retained to represent it in this matter.  No Party is relying on any representation or statement made by any other Party or any person representing such other Party except for the representations and warranties expressly set forth in this Agreement.

23.    The Parties agree that this Agreement has been negotiated at arm's length by parties of equal bargaining power, each of whom was represented by competent counsel of his or its own choosing.   None of the Parties hereto shall be considered to be the drafter of this Agreement or any provision hereof for any rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

24.    This Agreement may be executed electronically and in counterparts, all of which taken together shall constitute one and the same instrument.   Scanned signatures shall be acceptable as original signatures in executing this Agreement.

25.    The Parties agree that this Agreement shall be governed by, and construed and enforced in accordance with, Delaware law.   The Parties also agree that any disputes or controversies arising from or related to this Agreement shall be brought in, and resolved by, the Bankruptcy Court.

IN WITNESS HEREOF, EACH PARTY AND COUNSEL AGREES TO THE TERMS OF THIS SETTLEMENT AGREEMENT AND RELEASE.

DOCS_DE:228506.1 70753/001

Dated: May 4, 2020

**AGREED AND STIPULATED TO:**

_____
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
PACHULSKI STANG ZIEHL & JONES
LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier
19801)
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400
Email: ljones@pszjlaw.com
pkeane@pszjlaw.com
joneill@pszjlaw.com

-and-

Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac
vice*)
Matthew C. Fagen (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: edward.sassower@kirkland.com
steven.serajeddini@kirkland.com
matthew.fagen@kirkland.com

Michael Slade
Whitney L. Becker
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
mslade@kirkland.com
whitney.becker@kirkland.com

*Counsel to the Debtors and Debtors in
Possession*

**AGREED AND STIPULATED TO:**

_____
Michael J. Joyce (DE Bar No. 4563)
O'KELLY ERNST & JOYCE, LLC
901 Market Street, Suite 1000
Wilmington, Delaware 19801
Tel: (302)-778-4003
mjoyce@oelegal.com

-and-

Benjamin F. Johns
Andrew W. Ferich
Alex M. Kashurba
CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Email: bfj@chimicles.com
awf@chimicles.com
amk@chimicles.com

*Counsel to the Former Employee Claimants*

**AGREED AND STIPULATED TO:**

Rafael X. Zahralddin-Aravena (No. 4166)
Jonathan M. Stemerman (No.  4510)
1105 North Market Street, Suite 1700
Wilmington, DE 19801
Tel: (302) 384-9400 / Fax: (302) 384-9399
Email:  rxza@elliottgreenleaf.com
jms@elliottgreenleaf.com

and

**BROWN RUDNICK LLP**
Robert J. Stark (admitted pro hac vice) Max
D. Schlan (admitted pro hac vice) Seven
Times Square
New York, NY 10036
Tel: (212) 209-4800 / Fax (212) 209-4801
Email:  rstark@brownrudnick.com
mschlan@brownrudnick.com

and

Steven B. Levine (admitted pro hac vice)
James W. Stoll (admitted pro hac vice)
Sharon I. Dwoskin (admitted pro hac vice)
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200 / Fax (617) 856-8201
Email:  slevine@brownrudnick.com
jstoll@brownrudnick.com
sdwoskin@brownrudnick.com

*Counsel to the Official Committee of*
*Unsecured Creditors of PES Holdings, LLC*

9

**AGREED AND STIPULATED TO:**

_____

Matthew Cunningham

10

**AGREED AND STIPULATED TO:**

_____

Jeffrey L. Lawrence

**AGREED AND STIPULATED TO:**

_____

Annamaria Berger

**AGREED AND STIPULATED TO:**

_____

Marissa O'Leary

13

**AGREED AND STIPULATED TO:**

_____

Joe Keenan

**AGREED AND STIPULATED TO:**

_____

Eileen Riley

DOCS_DE:228506.1 70753/001

**AGREED AND STIPULATED TO:**

_____

Martin Harper

16

**AGREED AND STIPULATED TO:**

_____

Wesley L. Hendrickson Jr.

DOCS_DE:228506.1 70753/001

**AGREED AND STIPULATED TO:**

_____

Kyle Hurst

**AGREED AND STIPULATED TO:**

_____

Darryl W. Jenkins

**AGREED AND STIPULATED TO:**

_____

Olukorede Effunnuga

**AGREED AND STIPULATED TO:**

_____

Neal Moran

**AGREED AND STIPULATED TO:**

_____

Jack Hovis

**AGREED AND STIPULATED TO:**

_____

Tiffany Frick

DOCS_DE:228506.1 70753/001

**AGREED AND STIPULATED TO:**

_____

David Markowski

**AGREED AND STIPULATED TO:**

_____

Alexander Petroske

**AGREED AND STIPULATED TO:**

_____

Ronald Bertino

**AGREED AND STIPULATED TO:**

_____

Tyler Carr Michener

**AGREED AND STIPULATED TO:**

_____
Wayne Darrow

28

**AGREED AND STIPULATED TO:**

_____

Mark G. Fleet

29

**AGREED AND STIPULATED TO:**

_____
Christopher Lopes

**AGREED AND STIPULATED TO:**

_____

Daniel Bloemker

**AGREED AND STIPULATED TO:**

_____

Scott A. Seiger

**AGREED AND STIPULATED TO:**

_____

Thomas Finocchio

33

**AGREED AND STIPULATED TO:**

_____

Stephen Damanskis

**AGREED AND STIPULATED TO:**

_____

Kevin C. Staats

DOCS_DE:228506.1 70753/001

**AGREED AND STIPULATED TO:**

_____

Pedram Farhi

**AGREED AND STIPULATED TO:**

_____

Richard Francis

**AGREED AND STIPULATED TO:**

_____

Boris Borovikov

**AGREED AND STIPULATED TO:**

_____

Richard T. Latham

**AGREED AND STIPULATED TO:**

_____

Patricia A. Latham

**AGREED AND STIPULATED TO:**

_____

Nathan J. Rutkowski

**AGREED AND STIPULATED TO:**

_____

Brian Rees

**AGREED AND STIPULATED TO:**

_____

David M. Flynn

43

**AGREED AND STIPULATED TO:**

_____

Sonia G. Jung

**AGREED AND STIPULATED TO:**

_____

Amber Fuller

**AGREED AND STIPULATED TO:**


_____

Paul Grassi

DOCS_DE:228506.1 70753/001