IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PES HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 19-11626 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: D.I. Nos. 1543 & 1565** |

**BAKER PETROLITE LLC'S REPLY TO THE PES LIQUIDATING TRUST'S OBJECTION TO MOTION TO ALLOW LATE FILED PROOF OF CLAIM, INCLUDING ITS 11 U.S.C. §503(B)(9) CLAIM TO BE TREATED AS TIMELY FILED**

Baker Petrolite, LLC ("Claimant"), by and through undersigned counsel, and pursuant to Bankr. D. LR 9006-1(d), respectfully files this *Reply to the PES Liquidating Trust's Objection to Baker Petrolite LLC's Motion to Allow Late Filed Proof of Claim, including its 11 U.S.C. §503(b)(9) Claim, to be Treated as Timely Filed* (the "Objection"), and in support hereof, respectfully states as follows:

**I.
Preliminary Statement**

1. Claimant asks the Court to deem two claims to be treated as timely filed: (i) Claimant's $3,279,397 general unsecured claim (the "Subject Unsecured Claim") and (ii)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

Claimant's $338,384 administrative claim for materials delivered to the Debtors within twenty (20) days of the Debtors' July 21, 2019 petition date under 11 U.S.C. § 503(b)(9) (the "Subject 503(b)(9) Claim").[2]

2.      Two parties filed responses to Claimant's motion. The GUC Claims Administrator filed a Reservation of Rights, which does not object to Claimant's motion with respect to the Subject Unsecured Claim, but does reserve the right to object to the Subject Unsecured Claim on other grounds. *See* Dkt. 1566. The PES Liquidating Trust (the "PES Trust") filed the Objection, which relates solely to the Subject 503(b)(9) Claim. *See* Dkt. 1565 at p. 1 (requesting denial of Claimant's motion "as it relates to the 503(b)(9) Claim"). Accordingly, only Claimant's request to allow timely filing of the Subject 503(b)(9) Claim remains at issue before the Court. For the reasons explained below, the Court should overrule the Objection.

## II.
## Response

A. The PES Trust Relies on Inapposite Case Law.

3.      The PES Trust relies on inapposite case law in support of its Objection, stating that the "*Pioneer* factors, though several, are not accorded equal weight" and "the third factor—the reason for the delay—[is] the predominant factor."[3] *In re Musicland Holding Corp.*, 356 B.R. 603,

---

[2] Baker does not seek allowance of the claims at this time, but rather, simply that the claims be deemed timely filed, subject to the right of the PES Trust and the GUC to review and take a position on allowance.

[3] The *Pioneer* factors are:
  (i)  the danger of prejudice to the debtor;
  (ii) the length of delay and its potential impact on judicial proceedings;
  (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and
  (iv) whether the movant acted in good faith.

607 (Bankr. S.D.N.Y. 2006) (citing Second, Seventh, and Tenth Circuit cases); *see also* Objection at p. 10.  Perhaps this is why the PES Trust spends the bulk of its Objection on the third factor, arguing that the Court should deny Claimant's request on the grounds that "the failure to timely file the Late Claim and failure to confirm its filing were entirely within" Claimant's control.  This is not the law in this circuit.  Under Third Circuit precedent, "[a]ll [*Pioneer*] factors must be considered and balanced; **no one factor trumps the others**."  *Hefta v. Off'l Comm. of Unsecured Creditors* (*In re American Classic Voyages Co.*), 405 F.3d 127, 133 (3d Cir. 2005) (emphasis added); *see also In re Draw Another Circle, LLC*, 595 B.R. 174, 180 (Bankr. Del. 2018) (quoting *In re American Classic Voyages Co.*).  Here, with respect to the fourth factor, the PES Trust does not establish that Claimant acted in the absence of good faith with respect to the Subject 503(b)(9) Claim, and provides only speculative conclusion that first and second *Pioneer* factors weigh in its favor.  *See* Objection at p. 12 ("the Liquidating Trust cannot conclude that Baker Petrolite acted in bad faith"); *see also* Objection at pp. 8-9 (arguing, without support, that allowing the Subject 503(b)(9) Claim as timely filed would prejudice the Debtors and delay distribution to other creditors).

    B.    <u>The PES Trust Relies on Conclusions to Refute the First and Second *Pioneer* Factors</u>.

        a.  *First Factor:  Prejudice to Debtors.*

4.      The PES Trust's conclusory allegation that "[a]llowing the Late Claim now … would prejudice the Liquidating Trust, the Reorganized Debtors, and their stakeholders" does not establish or prove prejudice under the *Pioneer* test.  Objection at p. 8.  As the Third Circuit Court of Appeals explained in *In re Obrien Environmental Energy, Inc.*:

> As the cases we reference demonstrate, prejudice is not an imagined or hypothetical

---

*In re Draw Another Circle, LLC*, 595 B.R. 174, 180 (Bankr. Del. 2018) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

harm; a finding of prejudice should be a conclusion based on facts.

The Obrien court continued:

> [S]everal factors to consider in a *Pioneer* prejudice analysis [could include]: the size of the claim with respect to the rest of the estate; whether allowing the late claim would have an adverse impact on the judicial administration of the estate; whether the plan was filed or confirmed with knowledge of the existence of the claim; the disruptive effect that the late filing would have on the plan or upon the economic model upon which the plan was based; and whether allowing the claim would open the floodgates to similar claims.

188 F.3d 116, 126-127 (3d Cir. 1999). Here, the *Pioneer* factors weigh in favor of allowing the Subject 503(b)(9) Claim as timely filed. For example, the PES Trust admits that "approximately 597 Proofs of Claim have been filed against the Debtors, totaling over $2 billion in the aggregate." The Subject 503(b)(9) Claim – in the amount of $338,384 – hardly registers in comparison. Objection at p. 4. And given the comparatively miniscule amount of the Subject 503(b)(9) Claim, it is difficult to understand how allowing it as timely filed, with full reservation to review and dispute the merits, could "have an adverse impact on the judicial administration of the estate" or disrupt the plan or "economic model upon which the plan was based." *In re Obrien Environmental Energy, Inc.*, 188 F.3d at 126. Further, under the confirmed Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and its Debtor Affiliates (the "<u>Plan</u>"), Administrative Claims[4], to include section 503(b) claims, **<u>are to be paid in full</u>**, without any qualification as to amount or cap. *See* Dkt 994 at p. 21.

5. Moreover, there is no evidence other creditors intend to file motions like Claimant's, and the PES Trust's contention on that point is entirely speculative. Even if other creditors filed motions, there circumstances would not be the same as Claimant's, and their relief would not be guaranteed.

---

[4] As defined in the Plan.

6. Finally, and importantly, Claimant attached to its motion evidence that Debtors were fully aware of the goods and services provided to Debtors, and the outstanding invoices, upon which the Subject 503(b)(9) Claim is based. *See* Claimant's motion at Exhibit A-1. The PES Trust can make no showing that it or the Debtors can be prejudiced by claims they were fully aware of, and goods and services delivered to the Debtors from which the Debtors benefitted. The admissible evidence related to the first *Pioneer* factor, therefore, weighs in favor of granting Claimant's motion.

       b. *Second Factor: Length of Delay and its Potential Impact on Judicial Proceedings.*

7. The PES Trust alleges the second *Pioneer* factor supports denial of Claimant's motion because "allowing the Late Claim at this stage would further delay distribution to similarly situated creditors." Objection at p. 8. The PES Trust, however, fails to support its conclusions. Claimant is aware of no reason why payment of a valid administrative expense claim would cause delay. Here, the PES Trust does not complain that it lacks funds to pay the Subject 503(b)(9) Claim, or that adjudication of the substantive issues regarding the claim's allowance would be complicated. In fact, the substantive issues would turn on a simple question—whether, as the Debtors must admit, Claimant provided the materials that are the subject of its claim to Debtors within the twenty-day (20) period prior to Debtors' petition date. Furthermore, the PES Trust only recently filed objections to other Administrative Claims in the case. Thus, granting Claimant's motion would not have a substantive impact on the bankruptcy case.

## III.
## Conclusion

8. A review of the evidence attached to Claimant's motion and properly weighing the *Pioneer* factors, Claimant has met its burden to show excusable neglect with respect to the late filing of its proof of claim.

Dated: November 24, 2020

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
Telephone: 302-777-4200
Facsimile: 302-777-4224
csimon@crosslaw.com

-and-

SNOW & GREEN LLP
Kenneth P. Green
Texas Bar No. 24036677
Holly C. Hamm
Texas Bar No. 24063713
P.O. Box 549
Hockley, TX 77447
Telephone: 713-335-4800
Facsimile: 713-335-4848
ken@snow-green.com
holly@snow-green.com

*Attorneys for Baker Petrolite, LLC*