## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-11626 (LSS) |
|                     Reorganized Debtors. | ) ) ) | (Jointly Administered) |
| PES HOLDINGS, LLC, NORTH YARD GP, LLC, NORTH YARD LOGISTICS, L.P., PES ADMINISTRATIVE SERVICES, LLC, PES ENERGY INC., PES INTERMEDIATE, LLC, PES ULTIMATE HOLDINGS, LLC, PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC, | ) ) ) ) ) ) ) ) ) ) | |
|                     *Plaintiffs*, | ) ) | Adversary Proceeding |
| -and- | ) ) | Case No. 20-50454 (MFW) |
| ICBC STANDARD BANK PLC, | ) ) | |
|                     *Intervener-Plaintiff*, | ) ) | |
| v. | ) ) ) | |
| ALLIANZ GLOBAL RISKS US INSURANCE CO., *et al.*, | ) ) ) | |
|                     *Defendants*. | ) | |

## ORDER APPROVING SETTLEMENT OF PES BI CLAIM

Upon the unopposed motion [Docket No. 242] (the "Motion") for entry of an order (the "Order"), pursuant to, among other things, section 105(a) of the Bankruptcy Code, Bankruptcy

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).

Rule 9019, and Rule 41(a)(2) of the Federal Rules of Civil Procedure, as made applicable to the above-captioned adversary proceeding by Bankruptcy Rule 7041, (i) approving the settlement of the PES BI Claim, on the terms and conditions set forth in the *Settlement Agreement*, dated November 5, 2021 (the "Settlement Agreement"),[2] attached hereto as **Exhibit 1**, by and among the PES Liquidating Trust, on behalf of PES Holdings, LLC, North Yard GP, LLC, North Yard Logistics, L.P., PES Administrative Services, LLC, PES Energy Inc., PES Intermediate, LLC, PES Ultimate Holdings, LLC, and Philadelphia Energy Solutions Refining and Marketing LLC (collectively, "PES"), ICBC Standard Bank Plc ("ICBCS"), and Insurers (as defined in the Settlement Agreement, and together with PES and ICBCS, each a "Party," and collectively, the "Settling Parties"), and (ii) granting related relief, all as more fully set forth in the Motion; and upon the declaration of Peter Kravitz in support of the Motion [Docket No. 242, Ex. B] (the "Kravitz Declaration"); and this Court having reviewed the Motion, the Kravitz Declaration, and the Settlement Agreement; and this Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, if any; and this Court having determined that the legal and factual bases set forth in the Motion and the Kravitz Declaration establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of PES and its estate and creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, the Court hereby finds and determines that:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. This Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and the *Amended Standing Order of Reference from*

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates* [Docket No. 1004-1] (the "Plan"), the Motion, or the Settlement Agreement, as applicable.

2

*the United States District Court for the District of Delaware*, dated February 29, 2012. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.   Due and adequate notice of the Motion, the Settlement Agreement, and the subject matter thereof, including the settlement of the PES BI Claim, has been provided to all parties in interest pursuant to Bankruptcy Rules 2002 and 9019(a). Notice was sufficient and proper and complied with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. No additional notice of the Motion, the Settlement Agreement or this Order is required. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties and entities. The sole objection to the Motion [Docket No. 260] has been withdrawn [Docket No. 310].

D.   The relief requested in the Motion is fair and equitable and in the best interests of PES and its estates and creditors. PES has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion. The consideration provided for the settlement of the PES BI Claim on the terms set forth in the Settlement Agreement is consistent with the reasonable range of litigation outcomes if the Settling Parties were to litigate the matters resolved pursuant to the Settlement Agreement and as approved by this Order.

E.   The settlement reflected in the Settlement Agreement is the product of arms'-length negotiations between and among the Settling Parties, including, without limitation, the mediation conducted under the supervision of the Honorable Layn R. Phillips, former United States District

3

Judge. The Settlement Agreement was negotiated and proposed, and entered into by the Settling Parties in good faith and without fraud or collusion. Each Settling Party to the Settlement Agreement was represented by counsel.

F.  The applicable factors set forth in *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) support approval of the settlement under Bankruptcy Rule 9019. There is uncertainty as to the outcome of the litigation concerning the PES BI Claim. The numerous disputed issues are complex and likely to invite further inconvenience, cost and delay, and even if PES were successful, it is reasonable to expect difficulties in collection under the circumstances. Finally, the paramount interests of creditors favors a prompt resolution that provides a meaningful recovery to creditors, without the risk of further litigation, and also resolves the ICBCS BI Claim. The consideration to be realized and to be provided pursuant to the Settlement Agreement, including the BI Settlement Payments, is fair and reasonable. That the settlement was the product of an extensive and hard-fought mediation that culminated in a mediator's proposal, which was subsequently approved unanimously by the BI Litigation Committee (including the Independent Designee), further demonstrates that the settlement is fair and equitable. *See In re ID Liquidation One, LLC*, 555 Fed. App'x. 202, 206 (3d Cir. 2014).

## ORDER

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT**:

1.  The Motion is granted and the settlement of the PES BI Claim, as reflected in the Settlement Agreement, including the releases therein, is approved in its entirety.

2.  The Settling Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Settlement Agreement, and the Settlement Agreement with respect to the Liquidating Trust is approved in its entirety.

3. No later than twenty-one (21) calendar days following entry of this Order, Insurers shall pay or cause to be paid the PES BI Settlement Payment (as defined in the Settlement Agreement) to the PES Liquidating Trust via wire transfer to the account identified in section 1.1 of the Settlement Agreement. The PES Liquidating Trust shall transfer to ICBCS its share of the PES BI Settlement Payment in accordance with the *Second Amended and Restated Liquidating Trust Agreement*, dated July 1, 2021, and the *Settlement Agreement*, dated July 1, 2021, by and among the PES Liquidating Trust, ICBCS, and Cortland Capital Market Services LLC.

4. No later than twenty-one (21) calendar days following entry of this Order, Insurers shall pay or cause to be paid the ICBCS BI Settlement Payment (as defined in the Settlement Agreement) to ICBCS via wire transfer to the account identified in section 1.2 of the Settlement Agreement.

5. Pursuant to section 6 of the Settlement Agreement, within five (5) business days following receipt by both ICBCS and the PES Liquidating Trust of all of the respective BI Settlement Payments: (i) the Settling Parties, through their counsel, shall execute and, upon execution, PES shall file, a stipulation of dismissal, attached to the Settlement Agreement as Exhibit C, voluntarily dismissing with prejudice all of PES' allegations and claims relating to the PES BI Claim in the PES Complaint, with attorneys' fees and costs to be paid by the Party incurring same; and (ii) the Settling Parties, through their counsel, shall execute and, upon execution, ICBCS shall file, a stipulation of dismissal, attached to the Settlement Agreement as Exhibit D, voluntarily dismissing the Intervenor-Complaint with prejudice and without costs, with attorneys' fees and costs to be paid by the Party incurring same.

6. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of the Settlement Agreement or Order.

*[signature]*

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated: January 17, 2022
Wilmington, Delaware