**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PES HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 19-11626 (LSS) |
|  | ) |  |
| Reorganized Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**LIQUIDATING TRUST'S MOTION
FOR ENTRY OF FINAL DECREE (I) CLOSING CERTAIN
OF THE CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The Liquidating Trust,[2] on behalf of the above-captioned reorganized debtors (before the Effective Date[3] of the Plan, collectively, the "<u>Debtors</u>," and after the Effective Date of the Plan, collectively, the "<u>Reorganized Debtors</u>") respectfully state as follows in support of this motion (the "<u>Motion</u>"):

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).

[2]    The Liquidating Trust is a trust established to administer the Debtors' Plan, as defined herein.  The Liquidating Trust is responsible for and has authority to administer certain post-confirmation responsibilities under the Plan on behalf of the Reorganized Debtors.

[3]    Capitalized terms used but not immediately defined herein shall have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 1004-1] (the "<u>Plan</u>"), as applicable.

**Preliminary Statement**

1.      On February 13, 2020, the Court entered an order [Docket No. 1004] (the "Confirmation Order") confirming the Plan.  The Plan was substantially consummated and the Reorganized Debtors emerged from chapter 11 on June 26, 2020.

2.      The Reorganized Debtors believe that their Chapter 11 Cases, other than the Remaining Case (as defined herein), are fully administered.  Leaving the Closing Cases (as defined herein) open any further past the Effective Date would impose unnecessary costs on the Reorganized Debtors.    Accordingly, the Liquidating Trust, on behalf of the Reorganized Debtors, requests entry of a final decree closing such Closing Cases.

**Relief Requested**

3.      By this Motion, the Liquidating Trust seeks entry of a final order, substantially in the form attached hereto as **Exhibit A**:  (a) closing the chapter 11 cases of (i) PES Holdings, LLC (Case No. 19-11626 (LSS)); (ii) North Yard GP, LLC (Case No. 19-11627 (LSS)); (iii) North Yard Logistics, L.P. (Case No. 19-11628 (LSS));  (iv) PES Energy Inc. (Case No. 19-11630 (LSS)); (v) PES Intermediate, LLC (Case No. 19-11631 (LSS)); (vi) PES Ultimate Holdings, LLC (Case No. 19-11632 (LSS)); and (vii) Philadelphia Energy Solutions Refining and Marketing LLC (Case No. 19-11633 (LSS)) (collectively, the "Closing Cases");[4] (b) waiving certain reporting requirements in each of the Closing Cases; (c) amending the caption of the Remaining Case; and (d) granting related relief.    The Remaining Case will remain open to provide the Reorganized Debtors the opportunity to finalize the process of resolving the Insurance

---

[4]    For the avoidance of doubt, through this Motion, the Liquidating Trust is not seeking to close the case of Reorganized Debtor PES Administrative Services, LLC (Case No. 19-11629 (LSS)) (the "Remaining Case").

Litigation (as defined below) and any other contested matters and reconciling, objecting to, and resolving claims.

4.      The Liquidating Trust, on behalf of the Reorganized Debtors, proposes that the new caption of the Remaining Case shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PES Administrative Services, LLC, | ) | Case No. 19-11629 (LSS) |
| | ) | |
| Reorganized Debtor. | ) | (Jointly Administered) |
| | ) | (Formerly Jointly Administered under |
| | ) | Lead Case: PES Holdings, LLC, Case |
| | ) | No. 19-11626) |

The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Energy Inc. (0661); PES Intermediate, LLC (0074); PES Ultimate Holdings, LLC (6061); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). On [●], 2022, the Court entered an order [Docket No. [●]] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 19-11629 (LSS), *PES Administrative Services, LLC.*

5.      Upon the filing of a further motion to close the Remaining Case, the Reorganized Debtors will file a final report with respect to all of the above-captioned chapter 11 cases pursuant to Local Rule 3022-1(c).  Accordingly, the Reorganized Debtors in the Closing Cases do not intend to file a final report at this time.

**Jurisdiction and Venue**

6.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article XIII of the Plan, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Reorganized Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The statutory bases for the relief requested herein are section 350(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 3022, and Local Rule 3022-1.

## **Background**

9.      On July 21, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  During the pendency of their Chapter 11 Cases, the Debtors operated their business and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party requested the appointment of a trustee or examiner in these Chapter 11 Cases.

10.     On July 23, 2019, the Court entered an order granting procedural consolidation and joint administration of the following cases under *In re PES Holdings, LLC* [Docket No. 72] (the "Joint Administration Order"):

| Debtor | Case No. | Closing Case or Remaining Case |
|---|---|---|
| 1.   PES Holdings, LLC | 19-11626 | Closing Case |
| 2.   North Yard GP, LLC | 19-11627 | Closing Case |
| 3.   North Yard Logistics, L.P. | 19-11628 | Closing Case |
| 4.   PES Administrative Services, LLC | 19-11629 | Remaining Case |
| 5.   PES Energy Inc. | 19-11630 | Closing Case |
| 6.   PES Intermediate, LLC | 19-11631 | Closing Case |
| 7.   PES Ultimate Holdings, LLC | 19-11632 | Closing Case |

| 8. | Philadelphia Energy Solutions Refining and Marketing LLC | 19-11633 | Closing Case |

11.     On February 12, 2020, the Debtors filed a complaint commencing an adversary proceeding styled *PES Holdings, LLC, et al. v. Allianz Global Risks US Insurance Co., et al.*, No. 19-11626, Adv. Proc. No. 20-50454 (MFW) against their insurers, seeking to recover insurance proceeds in connection with the catastrophic explosion at the Debtors' Girard Point refining facility on June 21, 2019 (the "Insurance Litigation").  On January 18, 2022, the Court entered an order [AP Docket No. 318] (the "Settlement Order") approving the settlement of the PES BI Claim (as defined in the Settlement Order).  Accordingly, the Insurance Litigation claims related to the PES BI Claim were subsequently dismissed [AP Docket No. 333].  The only claims that remain pending in the Insurance Litigation relate to property damage, which the parties are working toward resolving consensually.

12.     On February 13, 2020, the Court entered the Confirmation Order confirming the Plan [Docket No. 1004].

13.     All conditions precedent to consummation of the Plan—including the closing of the sale of Debtors PES Holdings, LLC, Philadelphia Energy Solutions Refining and Marketing, LLC, North Yard Logistics, L.P., and North Yard GP, LLC to the Plan Sponsor in accordance with the Sale Transactions contemplated by the Plan—were either satisfied or waived in accordance with Article XI of the Plan such that the Plan became effective on the Effective Date, and, as a result, the Plan has been substantially consummated, as that term is defined by section 1101(2) of the Bankruptcy Code.  *See Notice of (I) Entry of Order Confirming the Fourth Amended Joint Chapter 11 Plan of PES Holdings, LLC and Its Debtor Affiliates and (II) Occurrence of the Effective Date* [Docket No. 1376].  Pursuant to Article VII.G of the Plan, on the Effective Date, the Non-Acquired Reorganized Debtors were deemed to be dissolved, except that such

Non-Acquired Reorganized Debtors were deemed to continue in existence for the purpose of pursuing pending adversary proceedings and/or Retained Matters, including the Insurance Litigation.

14.     The only material remaining matter anticipated to require resolution in connection with these Chapter 11 Cases is the Insurance Litigation.[5]  PES Intermediate, LLC was dissolved as of the Effective Date and PES Holdings, LLC, North Yard GP, LLC, North Yard Logistics, L.P., and Philadelphia Energy Solutions Refining and Marketing LLC were each sold to the Plan Sponsor in accordance with the Sale Transactions.  As such, the Reorganized Debtors believe that their Chapter 11 Cases, other than the Remaining Case, are fully administered. Leaving the Closing Cases open any further past the Effective Date would impose unnecessary costs on the Reorganized Debtors' estates.  Accordingly, the Liquidating Trust, on behalf of the Reorganized Debtors, requests entry of a final decree closing such Closing Cases.

## Basis for Relief

**A.  The Court Should Close the Closing Cases Because They Are Fully Administered as of the Effective Date.**

15.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its

---

[5]     The Liquidating Trust and Debtor Philadelphia Energy Solutions Refining and Marketing, LLC are also party to two cases currently pending before the United States Court of Federal Claims and the Eastern District of Pennsylvania: (i) *Philadelphia Energy Solutions Refining and Marketing, LLC, et al. v. United State*s (Fed. Cl., Case No. 19-00510 (EHM)) and (ii) *Philadelphia Energy Solutions Refining and Marketing, LLC, et al. v. The Babcock & Wilcox Co. et al.* (E.D. Pa., Case No. 21-013673 (AB)) (together, the "Other Litigation"). The Liquidating Trust does not anticipate that the Court will need to resolve any issues related to these cases. However, in accordance with the relief requested herein, any such issues could be brought and administered through the Remaining Case.

own motion or on motion of a party in interest, shall enter a final decree closing the case." Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."

16.    The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

      a.    whether the order confirming the plan has become final;

      b.    whether deposits required by the plan have been distributed;

      c.    whether the property proposed by the plan to be transferred has been transferred;

      d.    whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

      e.    whether payouts under the plan have commenced; and

      f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note.

17.    All of these factors need not be present before a court will enter a final decree. *Walnut Assocs. v. Saidel*, 164 B.R 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").  Courts in this district and others adopt the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990)); *see also In re*

*Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

18.    In particular, pending adversary proceedings do not necessarily preclude a court from entering a final decree. *See In re Valence Tech.*, No. 12-11580-CAG, 2014 WL 5320632, at *4 (W.D. Tex. Oct. 17, 2014) ("[I]t is well-established that '[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'") (citation omitted); *In re JMPNewcor Int'l, Inc.*, 225 B.R. 462 (Bankr. N.D. Ill. 1998) (entering a final decree when an adversary proceeding was pending).  Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future."  Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).  In addition, the fact that certain distributions to be made pursuant to a plan remain to be distributed should not be an impediment to the issuance of a final decree. *See Jay Bee*, 207 B.R. at 538 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"); *JMP-Newcor Int'l*, 225 B.R. at 462 (entering a final decree although the debtors still needed to make certain distributions).  Further, courts may consider both the substantial consummation of a plan of reorganization and the prevention of further accrual of fees under 28 U.S.C. § 1930(a)(6) ("Section 1930 Fees") as relevant factors in determining whether to issue a final decree. *See, e.g.*, *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining

whether to close a case); *Walnut Assocs.*, 164 B.R at 493 (same);[6] *In re Junior Food Mart of Arkansas, Inc.*, 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [Section 1930] [F]ees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of Section 1930 Fees).

19.     Here, the foregoing factors weigh strongly in favor of closing each of the Closing Cases.  These Closing Cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, and the Plan has been substantially consummated.  Thus, it is appropriate for the Court to enter the Final Decree for the proposed Closing Cases, substantially in the form attached hereto as **Exhibit A**.  In particular:

a.     the Confirmation Order has become final and is non-appealable;

b.     the Reorganized Debtors have emerged from chapter 11;

c.     substantially all payments required to be made pursuant to the Plan have been paid or provided for as of the Effective Date;

d.     the Sale Transactions and all other material transactions contemplated by the Plan have been substantially consummated;

e.     the Reorganized Debtors have assumed the business and management of the assets of the Debtors as reorganized entities;

f.     substantially all distributions provided for under the Plan for classified claims have been made, except for certain distributions to holders of Class 3, Class 4, and Class 5 claims that may not be made pending final resolution of the Insurance Litigation or the Other Litigation, and any

---

[6]     Section 1101(2) of the Bankruptcy Code defines substantial consummation as the:  "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan."

remaining distributions will be made in accordance with the terms of the Plan; [7]

g.    the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code.

20.    Although the Insurance Litigation case remains pending, the Final Decree may provide for all motions, notices, and other pleadings relating to any of the Reorganized Debtors to be filed, administered, and adjudicated in the Remaining Case without the need to reopen the Closing Cases, and for the Court to retain jurisdiction over the Insurance Litigation, in accordance with the Plan.[8]    Furthermore, the entry of the Final Decree closing the Closing Cases is without prejudice to creditors' rights to petition the Court to reopen any of these Closing Cases pursuant to section 350(b) of the Bankruptcy Code.  *See* Bankruptcy Rule 5010.  Further, the Court shall retain jurisdiction over any issues relating to the Closing Cases, including the resolution of claims and any pending contested matters, including the Insurance Litigation, given that the Remaining Case will not be closed, and the Remaining Case will provide an avenue to resolving any issues that relate to the Closing Cases.  Therefore, no party in interest will be prejudiced if the Closing Cases are closed.

21.    Section 1930 Fees that are due and owing in these chapter 11 cases have been paid or will be paid in the ordinary course.  Any further Section 1930 Fees that may arise in these

---

[7]    The Reorganized Debtors submit that such claims will be paid in accordance with the Plan.  *In re Jay Bee Enters., Inc.*, 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid").

[8]    *See* Plan, Art. XIII (providing that the Court retains jurisdiction over the Reorganized Debtors' chapter 11 cases and all matters arising out of or related to the chapter 11 cases, including jurisdiction to "adjudicate, decide, and resolve any and all matters or litigation related to or arising out of the Business Interruption and and Property Damage Insurance Policies, including, for the avoidance of doubt, any actions by the Debtors, the Liquidating Trust, or the Non-Acquired Reorganized Debtors, as applicable [] to enforce the obligations of, and/or seek damages against, the Insurers under the Business Interruption and Property Damage Insurance Policies").

Chapter 11 Cases (including in the Closing Cases) will be paid as and when such fees come due. As such, closing the Closing Cases complies with Local Rule 3022-1.

22.     Further, closing the Closing Cases will relieve the Court, the Office of the United States Trustee, and the Reorganized Debtors from each of their administrative burdens with respect to the Closing Cases, including the Reorganized Debtors' obligation to prepare and file post-confirmation reports in the Closing Cases and to pay Section 1930 Fees for the Closing Cases. *See In re A.H. Robins Co., Inc.*, 219 B.R. 145, 149 (Bankr. E.D. Va. 1998) (finding that "the obligation to pay UST fees terminates upon closure, dismissal, or conversion of a Chapter 11 case, and will not be paid ad infinitum"). The Reorganized Debtors estimate that if the Closing Cases remain open they will incur substantial additional Section 1930 Fees. Closing the Closing Cases will save the Reorganized Debtors a substantial expense that they would otherwise continue to incur while the Closing Cases unnecessarily remain open—a fact that further supports the relief requested in this Motion.

23.     Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(c). The administration of assets and liabilities will occur in the Remaining Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Remaining Case. Consequently, filing a final report for each of the Closing Cases at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

24.     For the foregoing reasons, the Liquidating Trust, on behalf of the Reorganized Debtors, requests that the Court enter the Final Decree closing the Closing Cases. Additionally, the Liquidating Trust requests an amendment of the Joint Administration Order to reflect the closure of the Closing Cases and ongoing administration under the Remaining Case. The lead case

reflected on the current case caption is different from the Remaining Case.    Therefore, the Liquidating Trust requests that the Joint Administration Order be amended to reflect the case caption included *supra* paragraph 2 be used going forward.  Finally, the Liquidating Trust requests that the Court waive the requirement of filing a final report under Local Rule 3022-1(c) on account of the closing of the Closing Cases.

## **Reservation of Rights**

25.    The Reorganized Debtors and the Liquidating Trust reserve their rights to reopen the Closing Cases.

## **Notice**

26.    The Liquidating Trust, on behalf of the Reorganized Debtors, will provide notice of this Motion to:  (a) the U.S. Trustee; (b) the Committee; (c) the administrative agent under the Reorganized Debtors' prepetition first lien term loan facility and counsel thereto; (d) the lenders under the Reorganized Debtors' prepetition first lien term loan facility and counsel thereto; (e) Merrill Lynch Commodities, Inc. and counsel thereto; (f) NGL Energy Partners LP and counsel thereto; (g) the lenders under the Reorganized Debtors' prepetition promissory note and counsel thereto; (h) counsel to ICBC Standard Bank Plc; (i) the lenders under the Reorganized Debtors' debtor-in-possession financing facility and counsel thereto; (j) the United States Attorney's Office for the District of Delaware; (k) the Internal Revenue Service; (l) the state attorneys general for all states in which the Reorganized Debtors conduct business; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Liquidating Trust submits that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

27.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Liquidating Trust, on behalf of the Reorganized Debtors, respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:  March 9, 2022
Wilmington, Delaware

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Peter J. Keane (DE Bar No. 5503)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              pkeane@pszjlaw.com
              joneill@pszjlaw.com

- and -

Edward O. Sassower, P.C.
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              steven.serajeddini@kirkland.com
              matthew.fagen@kirkland.com

*Co-Counsel to the Liquidating Trust*